# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No.: 21-CR-00598-PLF |
| v. | : | |
| | : | Hon. Paul L. Friedman |
| TERENCE SUTTON and | : | |
| ANDREW ZABAVSKY, | : | |
| | : | Initial Status: October 4, 2021 |
| Defendants. | : | |

## GOVERNMENT'S MOTION FOR PROTECTIVE ORDER
## GOVERNING DISCOVERY MATERIALS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves this Court for the entry of a protective order governing the production of all materials provided by the United States in preparation for, or in connection with, any stage of this case (collectively, "the materials") by the parties in the above-captioned case. The granting of this motion will facilitate the prompt disclosure of information to the defense, while protecting the privacy rights and safety concerns of crime victims, witnesses, and other third parties. In support of its motion, the government submits the following points and authorities.

### PROCEDURAL BACKGROUND

On September 23, 2021, a federal grand jury returned a criminal Indictment against Metropolitan Police Department (MPD) police officer Terence Sutton and his lieutenant, Andrew Zabavksy, for participating in and attempting to cover up an unauthorized vehicular pursuit of Karon Hylton-Brown that caused his death. Specifically, defendant Sutton is charged with one count of Second-Degree Murder, in violation of D.C. Code § 22-2103, and along with co-defendant Andrew Zabavksy, also charged with one count of Conspiracy, in violation of 18 U.S.C.

§ 371, and one count of Obstruction of Justice, in violation of 18 U.S.C. §§ 1512(b)(3), 2. Both defendants appeared for presentment before Magistrate Judge Zia M. Faruqui on September 24, 2021. An initial status date is set before Senior Judge Paul L. Friedman on October 4, 2021.

On September 26, 2021, the government sent counsel for both defendants the proposed protective order for review. In addition, the government invited counsel to a meeting to confer and discuss any potential concerns regarding the proposed protective order. On September 28, 2021, counsel for both defendants notified the government of a blanket objection to the proposed order, declined to confer about any perceived issues, and demanded immediate receipt of discovery materials absent a Court order. (Attachments A and B).

**ARGUMENT**

The government now seeks a protective order limiting the viewing, use, dissemination, and post-litigation retention of discovery materials. As discussed below, the scope of the proposed protective order will narrow if materials are admitted at trial, and the parties may later seek a modification to this order.

A. **The Timing of the Government's Motion**

The government is filing this motion in advance of the initial status hearing to facilitate the prompt and secure disclosure of discovery materials so that a trial date may be set at the hearing. To be sure, discovery in this matter is straightforward. It generally entails the following types of materials: (a) officer reports and notes; (b) medical records; (c) body worn camera (BWC) videos; (d) crime scene and autopsy photographs; (e) surveillance videos; (f) grand jury transcripts and exhibits; (g) GPS data; (h) phone records; (i) employment personnel files; and (j) MPD policy and training materials.

The government is prepared to promptly provide the above-described materials once a protective order is issued by the Court. A protective order is necessary because many of the

referenced materials contain sensitive information, such as (a) personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure, as well as telephone numbers, email addresses, driver's license numbers, and similar unique identifying information; (b) information that may jeopardize witness security; (c) photographs of and private conversations with individuals on BWC that do not appear to be related to the criminal conduct in this case; (d) medical or mental health information, (e) grand jury materials protected under Rule 6(e) of the Federal Rules of Criminal Procedure; (f) personnel and employment information; and (g) materials that have been used, and will continue to be used, to train MPD members on internal sources and methods of operation and investigation. Where counsel for defendant Sutton has already publicly described Mr. Hylton-Brown's juvenile criminal record at his client's initial appearance, the government remains all the more concerned about the disclosure of sensitive information absent a protective order.

B. **Legal Standard**

Under the Federal Rules of Criminal Procedure, a court "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief" relating to discovery by entering a protective order. Fed. R. Crim. P. 16(d)(1). "The burden of showing 'good cause' is on the party seeking the order[.]" *United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015) (citations and alterations omitted). Once a showing of good cause has been made, the court has relatively unconstrained discretion to fashion an appropriate protective order. *See United States v. O'Keefe*, No. 06-CR-0249, 2007 WL 1239204, at *2 (D.D.C. Apr. 27, 2007) (describing the court's discretion as "vast"); *Cordova*, 806 F.3d at 1090 ("[A] 'trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.'" (quoting *Alderman v. United States*, 394 U.S. 165, 185 (1969)).

In the context of a criminal case, courts have established a balancing test to evaluate whether the court should exercise its discretion to grant a protective order. When examining a request for a protective order under Rule 16(d)(1), the court should consider: (1) whether dissemination of the discovery materials without a protective order would pose a hazard to others; (2) whether the defendant would be prejudiced by the protective order; and (3) whether the public's interest outweighs the harm the disclosure would cause. *United States v. Smith*, 985 F. Supp. 2d 506, 523-24 (S.D.N.Y. 2013); *United States v. Carriles*, 654 F. Supp. 2d 557, 566 (W.D. Tex. 2009).

"Protective orders vary in range and type 'from true blanket orders (everything is tentatively protected until otherwise ordered) to very narrow ones limiting access only to specific information after a specific finding of need.'" *United States v. Bulger*, 283 F.R.D. 46, 52 (D. Mass. 2012). "Courts use protective orders . . . to expedite the flow of discovery in cases involving a large amount of sensitive information." *United States v. Johnson*, 314 F. Supp. 3d 248, 252 (D.D.C. 2018) (internal quotations and citations omitted).

In determining whether to issue a protective order, courts also take into account "the safety of witnesses and others, a particular danger of perjury or witness intimidation, and the protection of information vital to national security.'" *Cordova*, 806 F.3d at 1090 (citations and alterations omitted). "Considering the type of crime charged helps assess the possible threats to the safety and privacy of the victim. Defendants accused of securities fraud or shoplifting, for instance, may not pose as great a danger to victims as those charged with crimes of violence." *United States v. Dixon*, 355 F. Supp. 3d 1, 4 (D.D.C. 2019).

**C.   Analysis**

First, there is good cause to enter the attached proposed protective order. The proposed protective order will limit the viewing, use, dissemination and retention of materials that contain

personal identifying information and other sensitive information. However, the proposed protective order also provides the legal defense team[1] with early access to these materials, and the flexibility to use those materials to prepare for trial. Granting such an order will facilitate the prompt disclosure of materials to the defense while protecting the privacy rights and safety concerns of witnesses and third parties whose information appears in the materials. Dissemination of such information without any court mandated protections would impede privacy rights and raise potential safety concerns for individuals who should incur no such burden. The balance of these interests that the proposed protective order will achieve provides good cause for the Court to issue the proposed order.

Second, the defendant suffers no prejudice by the entry of proposed protective order. The proposed protective order allows the defendant and the legal defense team to use materials for any and all case-related purposes, including trial and appeal. Indeed, the proposed order expressly permits the legal defense team to disclose non-sensitive materials to the defendant and any other court-authorized persons in connection with the defense of this case. By contrast, the limitations on the further dissemination, use, viewing, and retention of materials fall outside of the proper use of these materials for litigation. There is no prejudice to the defendant for a restriction on disclosing materials to persons beyond the defense team, the defendant, and court-authorized persons. The defense also suffers no prejudice when permitted to copy or electronically reproduce materials in connection with the litigation of this case, but not for any other purpose, and by having to maintain such physical or electronic copies in a secured environment that is only accessible to

---

[1] The legal defense team includes defense counsel (defined as counsel of record in this case, including any subsequent post-trial or appellate counsel), the defense counsel's direct supervisor, and investigators, paralegals, or support staff members, who are working under the direction of the defense counsel. The legal defense team does not include the defendant, the defendant's family members, or friends or known associates of the defendant.

members of the legal defense team. Similarly, there is no prejudice to the defense in requiring defense counsel to ensure that neither the defendant, nor other court-authorized persons, views materials that include personal identity or highly sensitive information regarding a witness as set forth in the proposed order; to ensure that the defendant and other court-authorized viewers do not photograph, take screen shots, or otherwise duplicate the materials; to provide members of the legal defense team, the defendant, and any other court-authorized person with a copy of the protective order before providing them with access to, or permitting them to view, materials; and to require that defense counsel maintain the materials in a secure manner following a conviction in this case. Taken together, these terms merely seek to allow for the prompt and complete production of discovery in this case, while also ensuring that the discovery materials are used only for their proper purpose—the litigation of this case—and are stored under conditions commensurate with the sensitivity of their content.

Moreover, the Order is reasonable. Either party can seek a modification of the protective order after they have had an opportunity to review and analyze the materials. And, prior to seeking formal modification from the Court, the government remains open to conferring with counsel and, where appropriate, consenting to proposed modifications.

Finally, the proposed protective order automatically excludes materials that are received as evidence at trial in this or any other case, or to materials that otherwise become part of the public record, such as materials that are publicly released by this Office, or the government of the District of Columbia, including the Metropolitan Police Department. Thus, the government's proposed protective order does not limit the public's access to information that has been determined by the parties and this Court to be accurate and admissible.

## CONCLUSION

WHEREFORE, to expedite the government's provision of discoverable materials, and to adequately protect the United States' legitimate interests, the government requests that pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1), the Court enter the attached proposed order.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney

By: *[signature]*

AHMED BASET
IL Bar No. 6304552
RISA BERKOWER
NY Bar No. 4536538
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
Public Corruption & Civil Rights Section
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 252-7097 (Baset)
(202) 252-6782 (Berkower)
Ahmed.Baset@usdoj.gov
Risa.Berkower@usdoj.gov

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing was served via electronic mail on counsel for Defendant Sutton, Michael J. Hannon, at jhannon@hannonlawgroup.com, and counsel for Defendant Zabavsky, Christopher A. Zampogna, at caz@zampognalaw.com, on September 29, 2021.

_/s/ Ahmed Baset_
_____
AHMED BASET
Assistant United States Attorney

**Attachment A**

J. MICHAEL HANNON *
DANIEL S. CROWLEY *†‡
ANN-KATHRYN SO §†
PARTNERS

———————

HARRISON E. RICHARDS ||
KIERAN L. REILLY*
ASSOCIATES

HANNON LAW GROUP, LLP
COUNSELORS AND ATTORNEYS AT LAW
333 8TH STREET NE
WASHINGTON, DC 20002
EST. MARCH 17, 2006

———————

T (202) 232-1907 | F (202) 232-3704
www.hannonlawgroup.com

WILLIAM CLAYTON BATCHELOR *†
OF COUNSEL

———————

* ALSO ADMITTED IN MARYLAND
† ALSO ADMITTED IN VIRGINIA
‡ ALSO ADMITTED IN MASSACHUSETTS
§ ALSO ADMITTED IN NEW JERSEY
|| ADMITTED IN VIRGINIA ONLY; UNDER SUPERVISION OF J. MICHAEL HANNON

September 28, 2021

**VIA ELECTRONIC TRANSMISSION ONLY**

Risa Berkower
Ahmed Baset
Assistant United States Attorneys
Public Corruption and Civil Rights Section
U.S. Attorney's Office,
555 4th Street, NW
Washington, D.C. 20001

     Re:  Officer Terrence D. Sutton, Jr.

Dear Ms. Berkower and Mr. Baset:

  We have your proposed protective order dated September 26, 2021. You invite us to confer with you on this proposed order.

  The proposed order amounts to a total gag order, prohibiting defense counsel from disclosure of information provided by you in discovery on a blanket basis notwithstanding the nature of the information. We will not agree to such a proposal.

  In addition, your conditions placed on the use and retention of personal information go well beyond legal bounds.

  Please provide the discovery immediately, notwithstanding your intention to seek a protective order. I will maintain the confidentiality of the information you provide within the defense team until an order from the Court.

  Thank you for your courtesy.

              Sincerely,

              *s/ J. Michael Hannon*

              J. Mchael Hannon

# Attachment B

# Zampogna, P.C.
**Attorneys at Law**

1776 K St, N.W. Suite 700 Washington, DC 20006
Tel.: 202.223.6635 * www.zampognalaw.com

September 28, 2021

**VIA ELECTRONIC TRANSMISSION ONLY**

Risa Berkower
Ahmed Baset
Assistant United States Attorneys
Public Corruption and Civil Rights Section
U.S. Attorney's Office,
555 4th Street, NW
Washington, D.C. 20001

Re: Proposed Confidentiality Order for Andrew Zabavsky

Dear Ms. Berkower and Mr. Baset:

We have your proposed protective order dated September 26, 2021 and do not agree with it or the necessity of it. You invite us to confer with you on this proposed order.

This order prohibits defense counsel from disclosure of information provided by you in discovery on a blanket basis notwithstanding the nature of the information. It also assumes that the Judge will not be able to conduct a fair trial despite leaks about its details to the media (see *In Re Mruphy-Brown, LLC*, 907 F.3d 788, 798 (4th Cir. 2018)).

We do not agree to your proposal.

Provide your discovery immediately, notwithstanding your intention to seek a protective order. My office will maintain the confidentiality of the information you provide until an order from the Court.

Thank you.

Sincerely,
s/ Christopher A. Zampogna
Christopher A. Zampogna

SC:cz
cc. J.Michael Hannon

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | CRIMINAL NO. 21-CR-00598-PLF |
| v. | : | |
| | : | |
| TERENCE SUTTON and | : | |
| ANDREW ZABAVSKY, | : | |
| | : | |
| Defendants. | : | |

## PROTECTIVE ORDER GOVERNING DISCOVERY

To expedite the flow of discovery material between the parties and adequately protect personal identity information entitled to be kept confidential, it is, pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1) and with the consent of the parties, ORDERED:

### All Materials

1. All materials provided by the United States in preparation for, or in connection with, any stage of this case (collectively, "the materials") are subject to this protective order ("the Order") and may be used by the defendant and defense counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. The defendant and defense counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but they may not retain copies without prior permission of the Court.

3. The defendant, defense counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendant, defense counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials. The defendant, defense counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to

1

authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

4. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

5. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the Court. The Court may require a certification as to the disposition of any such materials.

6. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of the materials in judicial proceedings in this case, except as described below.

## Sensitive Materials

7. The United States may produce materials containing personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure ("sensitive materials") to defense counsel, pursuant to the defendants' discovery requests. Sensitive materials shall be plainly marked as "sensitive" by the United States prior to disclosure.

8. No sensitive materials, or the information contained therein, may be disclosed to any persons other than the defendant, defense counsel, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains, without prior notice to the United States and authorization from the Court. Absent prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant).

9. Sensitive materials must be maintained in the custody and control of defense counsel. Defense counsel may show sensitive materials to the defendant as necessary to assist in preparation of the defense, however, defense counsel may not provide a copy of sensitive materials to the defendant. Moreover, if defense counsel does show sensitive materials to the defendant, defense counsel may not allow the defendant to write down any personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure that is contained in the sensitive materials. If the defendant takes notes regarding sensitive materials, defense counsel must inspect those notes to ensure that the defendant has not copied down personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure.

10. The procedures for use of designated sensitive materials during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. No party shall disclose designated sensitive materials in open court without prior consideration by the Court.

11. The Clerk shall accept for filing under seal any filings so marked by the parties pursuant to this Order.

### Scope of this Order

12. **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

13. **No Waiver**. The failure by the United States to designate any materials as "sensitive" upon disclosure shall not constitute a waiver of the United States' ability to later designate the materials as sensitive.

14. **No Ruling on Discoverability or Admissibility**. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

SO ORDERED this \_\_\_\_\_ day of September, 2021.

_____
THE HONORABLE PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE