UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 21-cr-598-PLF |
| | : | |
| v. | : | |
| | : | |
| TERENCE SUTTON and | : | |
| ANDREW ZABAVSKY | : | |
| | : | |
| Defendants. | : | |

## GOVERNMENT'S OPPOSITION TO MOTION TO COMPEL

The United States respectfully files this opposition to defendant Sutton's Second Motion to Compel Discovery. (ECF 40). Defendant Sutton seeks production of internal Department of Justice (DOJ) documents and grand jury materials that are not discoverable. For the reasons given below, his motion should be denied.

## ARGUMENT

Defendant Sutton's motion seeks to compel production of six sets of documents. These requests break down into two categories: (1) materials concerning internal DOJ procedures under the Justice Manual, in particular the authority of the U.S. Attorney to sign the Indictment and the government's compliance with Justice Manual Provisions 8-3.120, 8-3.130, and 8-3.140, and (2) grand jury information concerning charges under 18 U.S.C. § 242, which makes it a crime for public officials to willfully deprive individuals of their rights under the U.S. Constitution or federal law. Defendant Sutton seeks these internal DOJ documents because he believes that "[i]f the proper authorizations . . . have not taken place, then Officer Sutton should be able to present a motion to dismiss the indictment with a fulsome discussion of the prejudice to him." Mot. to Compel, at 5. The defendant's motion does not explain why he seeks additional grand jury information beyond the witness transcripts and exhibits that have already been disclosed to him.

1

None of the materials defendant Sutton seeks concerning internal DOJ procedures are discoverable, nor would they be the basis of any cognizable legal claim. This is because the Justice Manual, by its own terms, "is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any manner civil or criminal." Justice Manual 1-1.200. As the D.C. Circuit has recognized, this explicit disclaimer means that "violations of Manual policies by DOJ attorneys or other federal prosecutors afford a defendant no enforceable rights." *United States v. Blackley*, 167 F.3d 543, 548-49 (D.C. Cir. 1999). This, in turn, means that purported violations of the Justice Manual cannot provide a basis for dismissal of the Indictment. *See United States v. Manafort*, 312 F.Supp.3d 60, 75 (D.D.C. 2018) (denying motion to dismiss "based upon a claimed violation of the Department of Justice Special Counsel Regulations because those regulations are not substantive rules that create individual rights; they are merely statements of internal departmental policy"). Because the Justice Manual's terms do not give the defendant any "substantive or procedural" rights or any cause of action—including any ground for a motion to dismiss—there is no basis upon which the requested materials are discoverable.

The case defendant Sutton cites in support of his motion, *United States v. Perholtz*, 622 F.Supp 1253 (D.D.C. 1985), does not support disclosure of these materials. In that case, the indictment was properly signed by a government attorney, but was missing the grand jury foreperson's signature due to a clerical oversight. *Id*. at 1261. The grand jury expired before anyone noticed the error. *Id*. The government moved for permission to allow the foreperson to belatedly sign the indictment, while the defendants moved to dismiss the indictment due to the defect. The court examined the record of the grand jury proceedings to ensure that the indictment was properly returned, then granted the government's motion, noting that the requirement of the

foreperson's signature under Fed. R. Crim. P. 6(c) was "merely clerical and ministerial in nature" and that the indictment properly contained the signature of the government attorney as required by Fed. R. Crim. P. 7(c); taken together, this information satisfied the Court that the indictment complied with the terms of the Federal Rules of Criminal Procedure. *Id*. at 1261-62.

No similar inquiry is necessary or appropriate here. There is no factual question as to the validity of the Acting U.S. Attorney's signature on the Indictment: as the chief federal law enforcement officer for the District of Columbia, he has the statutory authority to sign the Indictment as "an attorney for the government" under Fed. R. Crim. P. 7(c). *See* 28 U.S.C. § 547 ("[E]ach United States attorney, within his district, shall . . . prosecute for all offenses against the United States"); D.C. Code § 11-502(3) (granting the Court jurisdiction over "[a]ny offense under any law applicable exclusively to the District of Columbia which offense is joined in the same information or indictment with any Federal offense"). Indeed, defendant Sutton advances no such argument (and cites no case law), other than his wholly unsupported assertion that the Justice Manual gives him procedural rights concerning internal DOJ approvals—which is directly contradicted by binding Circuit precedent. The internal DOJ materials defendant Sutton seeks are simply not discoverable.

With regard to the additional materials the defendant seeks concerning the grand jury's investigation, his motion advances no basis for these disclosures, and therefore should be denied. Under Fed. R. Crim. P. 6(e)(3)(E), the Court may permit disclosure of grand jury information if a defendant establishes "that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E). However, "[i]n this circuit, a defendant must show a 'particularized need' for disclosure" under this Rule. *United States v. Wright*, 234 F.Supp3d 45, 47 (D.D.C. 2017) (citing *United States v. Naegele*, 474 F.Supp. 2d 9,

10 (D.D.C. 2007)).  As the court in *Wright* explained,

> This particularized need requires a "factual basis"—"conclusory or speculative allegations of misconduct" do not suffice. *Naegele*, 474 F.Supp.2d at 10. The threshold for such a showing is very demanding, and the disclosure of grand jury information is "exceedingly rare." *Id*. at 11.

234 F.Supp.3d at 47-48 (denying defendant's motion to compel discovery); *see United States v. Tajideen*, 319 F.Supp3d 445, 473 (D.D.C. 2018) (same, noting "the exceedingly high burden" required for such a disclosure).

Here, the defendant articulates no need whatsoever for the production of these materials, let alone a particularized need for them.  Moreover, the government has already produced a large volume of grand jury material to the defense.  The government's initial production included all of the grand jury witness transcripts and associated exhibits in its possession.  Since that time, the government has received several additional transcripts from the final sessions of the grand jury's investigation, which are being prepared for a forthcoming production.  The defendant's motion articulates no ground at all that supports any additional disclosures of grand jury material, let alone any "particularized need."  Absent any such basis, the motion to compel should be denied.

**CONCLUSION**

For the reasons given above, the materials defendant Sutton seeks to obtain are not discoverable, and his motion to compel should be denied.

        Respectfully submitted,

        CHANNING D. PHILLIPS
        Acting United States Attorney
        DC Bar No. 415793


By: */s/ Risa Berkower*
    AHMED BASET
    IL Bar No. 6304552
    RISA BERKOWER
    NY Bar No. 4536538
    Assistant United States Attorneys
    U.S. Attorney's Office for the District of Columbia
    555 4th Street, N.W.
    Washington, D.C. 20530
    Phone: (202) 252-7097 (Baset)
           (202) 252-6782 (Berkower)
    Email: Ahmed.Baset@usdoj.gov
           risa.berkower@usdoj.gov