UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>TERENCE SUTTON, )<br>)<br>Defendant. )<br>) | Criminal No. 21-0598 (PLF) |

ORDER

On October 5, 2021, the United States filed under seal a motion to disqualify counsel. On December 13, 2021, the United States filed a redacted version of that motion on the public docket. See Government's Motion to Disqualify Counsel [Dkt. No. 76]. In the disqualification motion, the United States asked the Court to disqualify counsel for defendant Terence Sutton from representing any defendant or witness in this case, alleging that a conflict of interest arose under the D.C. Rules of Professional Conduct because, at the time the motion was filed, defense counsel also represented an anticipated trial witness. Id. at 1.

The Court carefully considered the briefing on the motion to disqualify, including surreplies filed by each side. The Court heard arguments on the legal issues raised in the motion at a sealed hearing on November 18, 2021. At that hearing, defense counsel informed the Court that they would withdraw from representing the anticipated witness but would seek to continue representing Mr. Sutton. The Court appointed independent conflicts counsel to advise the anticipated witness and the Court regarding conflicts issues with respect to the anticipated witness. Following a sealed status conference on December 3, 2021, the Court also appointed independent conflicts counsel to advise Mr. Sutton and the Court regarding conflicts issues with

respect to Mr. Sutton. The Court received and considered written reports submitted under seal by both conflicts counsel.

On December 15, 2021, the Court held a second sealed hearing. Conflicts counsel for Mr. Sutton appeared and explained his conclusion that no actual conflict was present, that Mr. Sutton wished to waive any potential conflict, and that he would do so knowingly and voluntarily. The Court next heard testimony under oath from Mr. Sutton. Consistent with the report of conflicts counsel, Mr. Sutton expressed his desire to waive any potential conflict that might arise from defense counsel's prior representation of the anticipated witness and to waive his Sixth Amendment right to conflict-free counsel in this case.

Conflicts counsel for the anticipated witness also appeared and explained his conclusion that no actual conflict was present, that the anticipated witness wished to waive any potential conflict and to provide informed consent to defense counsel's continued representation of Mr. Sutton, and that he would do so knowingly and voluntarily. The Court heard testimony under oath from the anticipated witness. Consistent with the report of conflicts counsel, the anticipated witness expressed his desire to waive his right to object to any potential conflict and to provide informed consent to defense counsel's continued representation of Mr. Sutton.

The Court concluded at the December 15 hearing that any conflict or potential conflict that might exist was waivable, that Mr. Sutton and the anticipated witness each had made knowing, intelligent, and voluntary waivers, and that the anticipated witness had provided informed consent to defense counsel's continued representation of Mr. Sutton. The Court further concluded that the evidence and arguments on the disqualification motion had not established that any conflict or potential conflict would jeopardize the integrity of the criminal proceeding to such a degree that the Court should disqualify defense counsel in spite of the waivers and

informed consent. The Court therefore accepted the waivers and decided to permit defense counsel to continue representing Mr. Sutton in this case. For the reasons stated above, and in much greater detail on the record at the sealed hearing, it is hereby

ORDERED that the Government's Motion to Disqualify Counsel [Dkt. No. 76] is DENIED.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 12/16/21