UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 21-0598 (PLF) |
| | ) | |
| TERENCE SUTTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

On October 3, 2021, the United States sought leave to file under seal its motion to disqualify counsel for defendant Terence Sutton, explaining that "its Motion to Disqualify Counsel substantially refers to and discusses ▆▆▆▆▆▆▆▆▆▆" subject to the protections of Rule 6(e) of the Federal Rules of Criminal Procedure. Motion for Leave to File Under Seal ("Gov't Mot. Seal") [Dkt. No. 23] at 1; see also Motion to Disqualify Counsel ("Gov't Mot. Disqualify") [Dkt. No. 34]. To ensure that the ▆▆▆▆▆▆▆▆▆▆ at issue would not be improperly disclosed, the Court granted the motion to seal on October 5, 2021 and ordered that both the motion to disqualify and the motion to seal remain sealed "until otherwise ordered by the Court." October 5, 2021 Order [Dkt. No. 32].

On October 13, 2021, Mr. Sutton filed a sealed Opposition to Government's Motion to File Under Seal ("Def. Opp.") [Dkt. No. 37], requesting that the motion to disqualify "be unsealed in its entirety." Id. at 1. Mr. Sutton further requested that "all subsequent pleadings" be placed "in the public record." Id. at 2. Later that same day, the Court entered a sealed minute order directing that "[u]ntil further order of the Court, all filings related to the government[']s Motion to Disqualify Counsel shall be filed under seal." On October 15, 2021,

the United States filed a sealed Reply in Support of Motion for Leave to File Under Seal ("Gov't Reply") [Dkt. No. 39], and on October 17, 2021, Mr. Sutton filed a sealed Surreply in Opposition to Government's Motion to File Under Seal ("Def. Surreply") [Dkt. No. 41].

## I. SEALING

After careful consideration of the arguments of both parties, the Court concludes that all filings related to the United States' motion to disqualify should remain under seal. "The Supreme Court 'consistently ha[s] recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings.'" In re Sealed Case No. 98-3077, 151 F.3d 1059, 1070 (D.C. Cir. 1998) (quoting Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 211, 218 (1979)). "The secrecy of grand jury proceedings is today preserved through [Federal Rule of Criminal Procedure] 6(e)," In re Motions of Dow Jones & Co., 142 F.3d 496, 499 (D.C. Cir. 1998), which "expressly prohibits the disclosure of 'matter[s] occurring before the grand jury' except in cases where '[the Federal Rules of Criminal Procedure] provide otherwise,'" In re Capitol Breach Grand Jury Investigations Within the Dist. of Columbia, Grand Jury Action No. 21-20, 2021 WL 3021465, at *5 (D.D.C. July 16, 2021) (quoting FED. R. CRIM. P. 6(e)(2)(B)). "[T]he necessary implication" of this framework is that unless an exception applies, "sharing grand jury information . . . would be a prohibited disclosure." In re Sealed Case, 250 F.3d 764, 768 (D.C. Cir. 2001).

Filings related to the United States' motion to disqualify will unavoidably include discussion of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The United States' argument for disqualification is that the attorneys representing Mr. Sutton in this case also represent ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Gov't Mot. Disqualify at 1. The United States lays

2

out this argument by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Id. at 3-5. The United States further describes ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Id. at 6. Mr. Sutton's response to the motion to disqualify will in turn need to address ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Mr. Sutton nonetheless asserts that Rule 6(e) does not restrict disclosure here because the United States' motion to disqualify "express[es the] opinions [of the United States] as to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." Def. Opp. at 2. The Court disagrees. First, the motion to disqualify does recount ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in some detail. See Gov't Mot. Disqualify at 6. Moreover, the secrecy provisions of Rule 6(e) are not limited to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. They extend generally to "matter[s] occurring before the grand jury." FED. R. CRIM. P. 6(e)(2)(B). "Encompassed within the rule of secrecy are the identities of witnesses or jurors, the substance of testimony, as well as actual transcripts, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." In re Motions of Dow Jones & Co., 142 F.3d at 499-500 (quotation marks omitted). Information about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ falls within this definition of "matters occurring before the grand jury." Furthermore, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

3

Mr. Sutton also argues that "[Rule] 6(e)(3)(E) clearly provides for disclosure of ▮▮▮▮▮▮▮▮▮▮ in connection with the motion to disqualify" because the rule states that a court may authorize disclosure "in connection with a judicial proceeding." Def. Surreply at 1 (quoting FED. R. CRIM. P. 6(e)(3)(E)(i)). Before ordering disclosure of grand jury materials pursuant to Rule 6(e)(3)(E)(i), however, a court must conclude that "[t]he person seeking disclosure" has shown "a 'particularized need' for the requested grand jury materials," which arises "preliminarily to or in connection with" a "judicial proceeding." In re Capitol Breach Grand Jury Investigations Within the Dist. of Columbia, 2021 WL 3021465, at *19 (quoting United States v. Sells Eng'g, 463 U.S. 418, 442-43 (1983)). "Rule [6(e)] contemplates only uses related fairly directly to some identifiable litigation," and therefore, "[i]f the primary purpose of disclosure is not to assist in preparation or conduct of a judicial proceeding, disclosure under [Rule 6(e)(3)(E)(i)] is not permitted." United States v. Baggot, 463 U.S. 476, 480 (1983). Indeed, Mr. Sutton and his counsel are already receiving grand jury information through the discovery process for the purpose of preparing Mr. Sutton's defense in this proceeding. See October 5, 2021 Order [Dkt. No. 30] (authorizing the United States "provide in discovery materials protected by Federal Rule of Criminal Procedure 6(e)").

Mr. Sutton now asks the Court for more than Rule 6(e) allows: he seeks to disclose on the public docket information about grand jury proceedings, which he and his counsel have received pursuant to a limited exception to the general principle of grand jury secrecy embodied in Rule 6(e). Such disclosure would not serve any purpose related to the "preparation or conduct of a judicial proceeding" that is not already served by disclosure to Mr. Sutton and his counsel in discovery. United States v. Baggot, 463 U.S. at 480. In addition, even if it did serve a permissible purpose under Rule 6(e)(3)(E)(i), Mr. Sutton has not established any

4

particularized need for such disclosure.  Mr. Sutton cites no authority for his assertion that

███████████ can and should be on the public record pursuant to Fed. R. Crim.

P. 6(e)(3)(E)(i)," Def. Surreply at 2, appearing to incorrectly suggest a general right of public

access to these materials.  See In re Motions of Dow Jones & Co., 142 F.3d at 499 ("[T]here is

no First Amendment right of access to grand jury proceedings.").

Mr. Sutton also suggests that the United States improperly designated ███████

███████ as "sensitive" under the protective order governing discovery, citing Rule 49.1 of

the Federal Rules of Criminal Procedure.  See Def. Surreply at 1-2.  This argument is beside the

point, as neither the protective order nor Rule 49.1 are at issue.  The basis for sealing these

filings – as stated clearly by the United States in its motion and reply brief – is that they contain

███████████ protected by Rule 6(e).  See Gov't Mot. at 1 ("The government seeks this

Order because its Motion to Disqualify Counsel substantially refers to and discusses ███████

███████ that is subject to [Rule] 6(e)."); Gov't Reply at 2 ("Given the[] limits on the public

dissemination o[f] 6(e) material, as well as the centrality of ███████████████ to [the]

government's motion to disqualify, the instant litigation is appropriately sealed.").

Because resolution of the motion to disqualify will necessarily require

consideration and discussion of ███████████████████, all filings related to that

motion shall remain under seal until further order of the Court.

II.  JOINT STATUS REPORT

The United States suggests in its motion to seal that "this motion likely will be

publicly docketed in the future" and requests "the opportunity to propose redactions to its Motion

to Disqualify Counsel prior to its unsealing."  Gov't Mot. Seal at 1.  The Court will not direct the

parties to file public redacted versions of any of the briefing related to the motion to disqualify

5

until that motion has been fully briefed.  After the United States files its reply in support of the motion to disqualify, which is currently due on or before October 26, 2021, the parties are directed to meet and confer in an effort to agree on proposed redactions for public versions of the briefing.  On or before November 2, 2021, the parties are directed to file under seal a joint status report setting forth their agreement concerning redactions, or if they cannot agree, explaining with particularity their areas of disagreement.

In that sealed joint status report, the parties should also address whether the hearing on the motion to disqualify, which is currently scheduled to take place on November 18, 2021, should be held in open court, or whether the hearing should be partially open with certain portions taking place under seal.  See FED. R. CRIM. P. 6(e)(5) ("[T]he court must close any hearing to the extent necessary to prevent disclosure of a matter occurring before a grand jury.").

In light of the foregoing, it is hereby

ORDERED that consistent with the Court's October 5, 2021 Order [Dkt. No. 32] and the Court's October 13, 2021 Minute Order, all filings related to the United States' Motion to Disqualify Counsel [Dkt. No. 34], including the briefing on the United States' Motion for Leave to File Under Seal [Dkt. No. 23], shall be filed under seal and shall remain under seal until further order of this Court; it is

FURTHER ORDERED that after briefing on the Motion to Disqualify Counsel [Dkt. No. 34] is completed, the parties are directed to meet and confer in an effort to agree upon redactions for public versions of the briefing associated with that motion; and it is

FURTHER ORDERED that on or before November 2, 2021, the parties shall file under seal a joint status report setting forth their agreement concerning redactions for public

versions of filings related to the motion to disqualify, or if they cannot agree, explaining with particularity their areas of disagreement and addressing whether and to what extent the motions hearing currently scheduled for November 18, 2021 should take place in open court or under seal.

      SO ORDERED.

                                      _____/s/_____  
                                      PAUL L. FRIEDMAN  
                                      United States District Judge

DATE:   October 21, 2021