UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

UNITED STATES OF AMERICA )
)
)
v. )          Criminal No. 21-0598 (PLF)
)
TERENCE SUTTON, )
)
Defendant. )
_____)

MEMORANDUM OPINION AND ORDER

On October 5, 2021, the United States filed a Motion to Disqualify Counsel [Dkt.

No. 34], arguing that "an unwaivable conflict of interest is presented under D.C. Rule of

Professional Conduct 1.7(a) that requires [defense counsel's] disqualification from this case,"

because counsel for defendant Terence Sutton – attorneys affiliated with Hannon Law Group –

also represent ███████████████████ Id. at 1.  On November 18, 2021, the

parties appeared before the Court for a sealed hearing on the motion.  At that hearing, defense

counsel represented that they would withdraw from representing ████ but would continue to

represent Mr. Sutton.

In light of the representations made at the hearing and the relevant case law, the

Court will appoint independent conflicts counsel to advise both ████ and the Court concerning

the existence and nature of any conflict with respect to ████, and to advise ████ concerning

interests and rights.  See, e.g., United States v. Lorenzana-Cordon, 125 F. Supp. 3d 129, 133

(D.D.C. 2015); United States v. Carlyle, 964 F. Supp. 8, 12 (D.D.C. 1997); United States v.

Brown, Crim. No. 07-75, 2007 WL 1655873, at *3 (D.D.C. June 7, 2007).  Conflicts counsel

should specifically evaluate the existence or risk of any "adverse positions," "adversely affected"

representation, "adversely affected" professional judgment, or "materially adverse" interests as between ██████ and Mr. Sutton, as those terms are used in Rule 1.7 and Rule 1.9 of the District of Columbia Rules of Professional Conduct.  See D.C. RULES OF PROF'L CONDUCT R. 1.7(a), R. 1.7(b)(2)-(4); R. 1.9.  Counsel should also advise ██████ of the risks, if any, that ██████ may face regarding the revelation or use of ██████ confidences or secrets if defense counsel continue to represent Mr. Sutton in this case.  See id. R. 1.6(a).  If conflicts counsel believes that any conflict is waivable, he should advise ██████ concerning "the consequences of waiver."  United States v. Lopesierra-Gutierrez, 708 F.3d 193, 202 (D.C. Cir. 2013); see also D.C. RULES OF PROF'L CONDUCT R. 1.7(c).

To this end, the Court will direct counsel for the United States and defense counsel to provide conflicts counsel with copies of all papers in this case that are relevant to the issue of conflicts.  Because the motion to disqualify substantially ██████████████████ ██████████████, the Court finds that conflicts counsel has a particularized need to review certain materials protected from disclosure by Rule 6(e) of the Federal Rules of Criminal Procedure.  See FED. R. CRIM. P. 6(e)(3)(E) ("The Court may authorize disclosure . . . of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding . . . ."); United States v. Sells Eng'g, 463 U.S. 418, 443 (disclosure of grand jury materials "preliminarily to or in connection with a judicial proceeding" "require[s] a strong showing of particularized need").  The Court will authorize the United States to disclose such materials to conflicts counsel, but only to the extent necessary for conflicts counsel to understand, analyze, and advise ██████ and the Court on the issue of conflicts as set forth in this Order.

The Court will direct conflicts counsel to review the relevant papers in this case, meet with counsel for the United States, meet with defense counsel, and meet with ██████

Conflicts counsel is expected to attend and participate in any future hearing concerning the issue of conflicts and may file a memorandum with the Court in advance of any such hearing.

      Defense counsel represented in filings and at the November 18, 2021 hearing that Mr. Sutton has retained attorney Carmen Hernandez as conflicts counsel.  Ms. Hernandez is also acting as third-party custodian for Mr. Sutton, and the Court understands that Ms. Hernandez's daughter is in a romantic relationship with Mr. Sutton.  At the November 18 hearing, the Court directed counsel for the parties and Ms. Hernandez to consider whether it is appropriate for Ms. Hernandez to advise Mr. Sutton and the Court on conflicts issues given her other roles.  The Court will reserve decision on whether to appoint independent conflicts counsel for Mr. Sutton until it hears the views of the parties and Ms. Hernandez on Ms. Hernandez's role at a future status conference.

      In light of the foregoing, it is hereby

      ORDERED that the Court appoints John Marston, Esq., of the firm Foley Hoag, LLP, as independent counsel for the limited purpose of advising ███ and the Court concerning the existence and nature of any conflict with respect to ███, and to advise ███ concerning ███ interests and rights; it is

      FURTHER ORDERED that counsel for the United States and defense counsel shall provide Mr. Marston with copies of all papers relevant to the issue of conflicts; it is

      FURTHER ORDERED that the United States is authorized to provide items protected by Rule 6(e) of the Federal Rules of Criminal Procedure to Mr. Marston, but only to the extent necessary for Mr. Marston to understand, analyze, and advise ███ and the Court regarding the issue of conflicts; and it is

FURTHER ORDERED that Mr. Marston shall review the relevant papers in this case, meet with counsel for the United States, meet with defense counsel, meet with █████, and attend and participate in any future hearing with respect to the issue of conflicts.

SO ORDERED.

/s/

_____
PAUL L. FRIEDMAN
United States District Judge

DATE:   November 19, 2021