UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 21-0598 (PLF) |
| ) | |
| TERENCE SUTTON, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

On October 21, 2021, the Court directed that all filings related to the United States' Motion to Disqualify Counsel [Dkt. No. 34] be submitted under seal because resolving that motion "will necessarily require consideration and discussion of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" Oct. 21, 2021 Memorandum Opinion and Order ("Mem. Op.") [Dkt. No. 44] at 5. The Court concluded that some of the information in those filings could not be disclosed on the public docket because of the grand jury secrecy provisions of Rule 6(e) of the Federal Rules of Criminal Procedure. Id. The Court also directed the parties to submit agreed proposed redactions for public versions of those filings. Id. at 6.

Defendant Terence Sutton has moved for reconsideration of the Court's decision, arguing that now that the grand jury materials at issue have been made available to defense counsel and submitted to the Court in connection with the motion to disqualify counsel, the framework established in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980) and its progeny — rather than Rule 6(e) and associated case law — controls public disclosure of such materials. Officer Sutton's Motion for Reconsideration of the Court's Order of October 20, 2021, Regarding Government's Motion to Seal Records Related to the Motion to

Disqualify Counsel ("Def. Mot.") [Dkt. No. 51] at 4-9.[1] For the following reasons, the Court will deny Mr. Sutton's motion for reconsideration and will direct the parties to file on the public docket redacted versions of the filings related to the motion to disqualify.

## I. WHETHER MR. SUTTON'S ARGUMENT IS PROPERLY RAISED IN A MOTION FOR RECONSIDERATION

The United States contends that Mr. Sutton's argument is not appropriate for a motion for reconsideration. See Government's Opposition to Defendant's Motion to Reconsider the Court's Order to Seal Rule 6(e) Material [Dkt. No. 54-1] at 1-2. Although the Federal Rules of Criminal Procedure do not explicitly provide for motions for reconsideration, the Supreme Court has recognized that district courts appropriately may consider such motions in criminal cases. See United States v. Dieter, 429 U.S. 6, 8 (1976) (per curiam); United States v. Healy, 376 U.S. 75, 80 (1964). Judges in this district have considered motions for reconsideration in criminal cases "by importing the standards of review applicable in motions for reconsideration in civil cases." United States v. Hassanshahi, 145 F. Supp. 3d 75, 80 (D.D.C. 2015). "In particular, reconsideration of an interlocutory decision is available under the standard, 'as justice requires.'" United States v. Sunia, 643 F. Supp. 2d 51, 60 (D.D.C. 2009) (quoting Jud. Watch v. Dep't of the Army, 466 F. Supp. 2d 112, 1123 (D.D.C. 2006)).

In evaluating what "justice requires," the Court considers "whether it 'patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or [whether] a controlling

---

[1] While the title of Mr. Sutton's motion refers to "the Court's Order of October 20, 2021," the substance of that motion clearly refers to the Court's memorandum opinion and order issued on October 21, 2021. See Def. Mot. at 1, 3. The Court assumes that the reference to "October 20" rather than "October 21" is a typographical error.

2

or significant change in the law or facts [has occurred] since the submission of the issue to the Court.'" United States v. Hassanshahi, 145 F. Supp. 3d at 80 (quoting Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005)). "Arguments that could have been, but were not, raised previously and arguments that the [C]ourt has already rejected are not appropriately raised in a motion for reconsideration." United States v. Booker, 613 F. Supp. 2d 32, 34 (D.D.C. 2009).

Mr. Sutton's basis for seeking reconsideration is that upon "revisiting this issue," defense counsel developed "the view" that the question of sealing "is not entirely governed by the dictates of [Rule] 6(e)," and that the Court should instead apply the framework established in United States v. Hubbard, 650 F.2d 293. Def. Mot. at 4. Mr. Sutton himself acknowledges that the parties in their prior briefing treated the "request for public disclosure of the relevant grand jury materials as governed by Rule 6(e)." Def. Mot. at 6. Mr. Sutton could have raised arguments concerning the Hubbard framework – which predates this case and of which defense counsel presumably were aware – but he chose not to do so. Id. This therefore is not an instance where the Court "patently misunderstood a party, [or] made a decision beyond the adversarial issues presented." United States v. Hassanshahi, 145 F. Supp. 3d at 80. To the contrary, Mr. Sutton's contention that the Hubbard framework applies is the quintessential argument that "could have been, but w[as] not, raised previously." United States v. Booker, 613 F. Supp. 2d at 34.

The United States therefore is correct that this argument is not properly advanced in a motion for reconsideration. At the same time, the issue that Mr. Sutton raises implicates a potential conflict between two particularly important interests: the public's interest in accessing judicial records and the public's interest in grand jury secrecy, the purpose of which is to

facilitate "the proper functioning of our grand jury system" by encouraging prospective witnesses to testify "fully and frankly," without fear of retaliation, and by "assur[ing] that persons who are accused but exonerated by the grand jury will not be held up to public ridicule." Douglas Oil Co. of. Cal. v. Petrol Stops Nw., 441 U.S. 211, 218-19 (1979); see also United States v. Procter & Gamble Co., 356 U.S. 677, 681-82, 681 n.6 (1958). Given the importance of these interests and of resolving any conflict between them in this case, the Court will address the merits of Mr. Sutton's motion.

## II. FRAMEWORK FOR SEALING FILINGS THAT DISCUSS MATTERS OCCURRING BEFORE THE GRAND JURY

Even if Mr. Sutton had properly raised his argument concerning the Hubbard framework in his initial brief in opposition to sealing, this argument would fail because it misconstrues the applicable law. Rule 6(e) of the Federal Rules of Criminal Procedure establishes a detailed framework that "preserve[s]" "[t]he secrecy of grand jury proceedings," In re Motions of Dow Jones & Co., 142 F.3d 496, 499 (D.C. Cir. 1998), while enumerating limited exceptions to the general presumption of secrecy, see In re Sealed Case, 250 F.3d 764, 768 (D.C. Cir. 2001). The Hubbard framework, by contrast, is a six-factor test "for evaluating motions to seal or unseal judicial records" pursuant to the common law right of public access to judicial records. In re Leopold to Unseal Certain Elec. Surveillance Applications and Ords. ("In re Leopold"), 964 F.3d 1121, 1127 (D.C. Cir. 2020); see also id. at 1129.

The D.C. Circuit recently explained that "the common-law inquiry [under Hubbard] must yield 'when Congress has spoken directly to the issue at hand.'" In re Leopold, 964 F.3d at 1129 (quoting MetLife, Inc. v. Fin. Stability Oversight Council, 865 F.3d 661, 669 (D.C. Cir. 2017)). The court of appeals illustrated this principle by invoking

Rule 6(e), which "displaces the common-law right of access" to judicial records because it "expressly directs secrecy as the default position." Id. at 1130. In addition, because Rule 6(e)(6) "specifies a standard for sealing" that "is different from the interests balanced in the Hubbard test," it "displaces that test as well." Id.; see also In re Motions of Dow Jones & Co., 142 F.3d at 504 ("[E]ven if there were once a common law right of access to [materials relating to grand jury proceedings], the common law has been supplanted by Rule 6(e)(5) and Rule 6(e)(6) of the Federal Rules of Criminal Procedure."); McKeever v. Barr, 920 F.3d 842, 847 (D.C. Cir. 2019) ("Rule 6(e)(2) 'provides that disclosure of matters occurring before the grand jury is prohibited unless specifically permitted by one of the exceptions set forth in Rule 6(e)(3).'" (quoting In re Sealed Case, 801 F.2d 1379, 1381 (D.C. Cir. 1986))). Because Congress has created a tailored framework to govern closure of matters occurring before the grand jury, the general right of public access to judicial records and the Hubbard framework do not apply to materials covered by Rule 6(e).

The fact that these materials have been submitted to the Court in connection with a pending motion does not transport them outside the realm of Rule 6(e) and into the realm of Hubbard. "'[A]ny disclosure of grand jury [materials] is covered' by Rule 6(e)." McKeever v. Barr, 920 F.3d at 846 (emphasis added) (quoting Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 398 (1959)). The D.C. Circuit has clearly held that district courts must "hew strictly to the list of exceptions to grand jury secrecy" articulated in Rule 6(e), id., and Rule 6(e) does not exempt from its coverage "'records' related to litigation of [a] motion," Def. Mot. at 4.

Nothing in Mr. Sutton's motion for reconsideration supports a contrary conclusion. Mr. Sutton cites Dennis v. United States, 384 U.S. 855 (1966), for the general principle that "disclosure, rather than suppression, of relevant materials ordinarily promotes the

5

proper administration of criminal justice." Def. Mot. at 7 (quoting Dennis v. United States, 384 U.S. at 870). Dennis is distinguishable because it involved the defendants' access to grand jury testimony of government witnesses who had testified on direct examination at trial, and whose grand jury testimony defendants sought for the purpose of cross-examination. Id. at 871-73, 875. Here, Mr. Sutton ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ his motion for reconsideration seeks the disclosure of those grand jury materials to the public. There is no such right.

Mr. Sutton suggests that the potential harms that flow from disclosure of grand jury materials are not present here because the indictment has already returned and the person seeking disclosure is the defendant. Def. Mot. at 9. Yet even "after the grand jury has ended its activities . . . . disclosure is still granted reluctantly if at all, and courts evaluating a request will balance the need for disclosure against the public interest in secrecy." CHARLES ALAN WRIGHT & ANDREW D. LEIPOLD, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL § 106 (4th ed. 2008). In particular, "[t]he primary reason for secrecy after the investigation is over is the need to encourage future grand jury witnesses to come forward and provide information about crimes." Id. For this reason, "there is no time limit on the secrecy of grand jury proceedings." Murphy v. Exec. Office for U.S. Att'ys, 789 F.3d 204, 211 (D.C. Cir. 2015).

Mr. Sutton also invokes In re Unseal Dockets Related to the Indep. Counsel's 1998 Investigation of President Clinton, 308 F. Supp. 3d 314 (D.D.C. 2018), for the proposition that the Court has "inherent authority" to unseal and authorize the public disclosure of grand jury materials even outside the scope of the exceptions enumerated in Rule 6(e). Officer Sutton's Reply in Support of his Motion for Reconsideration ("Def. Reply") [Dkt. No. 59] at 6. As Mr. Sutton acknowledges, however, the D.C. Circuit explicitly rejected that proposition in McKeever

v. Barr, 910 F.3d 842. Regardless of any "strong dissent" in McKeever, Def. Reply at 6, this Court is bound by the court of appeals' conclusion that "the district court has no authority outside Rule 6(e) to disclose grand jury matter." McKeever v. Barr, 910 F.3d at 850.

Mr. Sutton's argument that the Court should consider public disclosure of the grand jury material under the Hubbard framework, rather than under the strictures of Rule 6(e), is without merit. The Court therefore will deny his motion for reconsideration.

## III. PUBLIC REDACTED VERSIONS OF FILINGS

While there is no general right of public access to grand jury material such as the information discussed in the motion to disqualify, there is a right of public access to judicial proceedings generally, "including judicial records." In re Leopold, 964 F.3d at 1127. The Court therefore will direct the parties to file public versions of the filings that are currently sealed because they relate to the motion to disqualify, with the following categories of information redacted: (1) any information that could reveal the nature of matters occurring before the grand jury, which is protected from public disclosure by Rule 6(e); (2) any information that could reveal ███████████████████████████████████████████████████████████████████████████████████████████████████████████████ protected from public disclosure by Rule 6(e); and (3) any personally identifying information of any individual, redaction of which is necessary to comply with Rule 49.1(a) of the Federal Rules of Criminal Procedure (collectively, "Sealed Information").

On November 2, 2021, the United States filed a Status Report [Dkt. No. 50] setting forth agreed proposed redactions for public versions of the motion to disqualify counsel

7

and the opposition and reply thereto.[2] The United States also proposed certain additional redactions to which Mr. Sutton does not agree. Id. Upon reviewing the proposed redactions, the Court concludes that the agreed redactions that both sides jointly proposed in the November 2, 2021 Status Report and those proposed only by the United States are all appropriate. It also concludes that certain other redactions are necessary to ensure that the Sealed Information identified above is not publicly disclosed.

The Court therefore will direct each side to file on the public docket redacted versions of their respective briefs submitted in connection with the motion to disqualify counsel. Each brief should reflect the redactions jointly proposed by both sides, the redactions proposed only by the United States, and any additional redactions that are necessary to remove any Sealed Information not covered by the parties' proposed redactions.

The Court will also direct the parties to file public versions of all other filings that are currently sealed because they relate to the motion to disqualify counsel with all Sealed Information redacted. The Court will issue public versions of its opinions and orders that have previously been sealed because they relate to the motion to disqualify counsel with all Sealed Information redacted. Finally, the Court will direct the parties to file under seal any future filings that relate to the motion to disqualify and, within five days of any such filing, to file public versions of such filings with all Sealed Information redacted.

The Court will direct the parties to meet and confer at least three days prior to the deadline for filing any of the public versions of filings identified in the foregoing paragraphs, in

---

[2] According to the United States, while Mr. Sutton took the position in his motion to reconsider that the filings should be unsealed in their entirety, defense counsel also "proposed redactions to the sealed pleadings 'should the Court believe redactions are necessary.'" Nov. 2, 2021 Status Report [Dkt. No. 50] at 4.

an effort to agree upon the redactions that are necessary to ensure that Sealed Information in those filings is not publicly disclosed. If, after conferring, the parties cannot agree on the necessary redactions, in lieu of filing public versions of those filings, the parties shall file under seal a joint status report setting forth with particularity their areas of disagreement concerning redactions.

## IV. CONCLUSION

In light of the foregoing, it is hereby

ORDERED that Officer Sutton's Motion for Reconsideration of the Court's Order of October 20, 2021, Regarding Government's Motion to Seal Records Related to the Motion to Disqualify Counsel [Dkt. No. 51] is DENIED; it is

FURTHER ORDERED that on or before December 13, 2021, the United States shall file on the public docket redacted versions of the Government's Motion to Disqualify Counsel [Dkt. No. 34] and the Government's Reply in Support of Motion to Disqualify Counsel [Dkt. No. 45] that reflect the redactions jointly proposed by both sides and the redactions proposed only by the United States, as set forth in Exhibit 2 [Dkt. No. 50-2] and Exhibit 4 [Dkt. No. 50-4] to the November 2, 2021 Status Report [Dkt. No. 50], and any additional redactions that are necessary to remove any Sealed Information not covered by the parties' proposed redactions; it is

FURTHER ORDERED that on or before December 13, 2021, Mr. Sutton is directed to file on the public docket a redacted version of his Opposition to Government's Motion to Disqualify Counsel [Dkt. No. 43] that reflects the redactions jointly proposed by both sides and the redactions proposed only by the United States, as set forth in Exhibit 3 [Dkt. No. 50-3] to the November 2, 2021 Status Report [Dkt. No. 50], and any additional redactions

that are necessary to remove any Sealed Information not covered by the parties' proposed redactions; it is

FURTHER ORDERED that on or before December 13, 2021, the parties shall file public versions of all other filings that are currently sealed because they relate to the motion to disqualify counsel, from which the parties shall redact all Sealed Information; it is

FURTHER ORDERED that the parties shall file under seal any future filings that relate to the motion to disqualify counsel, and within five days of any such filing, the parties shall file public versions of such filings with all Sealed Information redacted; it is

FURTHER ORDERED that at least three days prior to the deadline for filing any of the public versions of filings identified in the foregoing paragraphs, the parties shall meet and confer in an effort to agree upon the redactions that are necessary to ensure that Sealed Information in those filings is not publicly disclosed; and it is

FURTHER ORDERED that if, after conferring, the parties cannot agree on the necessary redactions, on or before the deadline for filing public versions of the filings, and in lieu of filing public versions, the parties shall file under seal a joint status report setting forth with particularity their areas of disagreement concerning redactions.

SO ORDERED.

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

DATE: 12/6/21