UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA  )<br>                            )<br>     v.                     )     Criminal No. 21-0598 (PLF)<br>                            )<br>TERENCE SUTTON,             )<br>                            )<br>          Defendant.        )<br>                            ) | |

MEMORANDUM OPINION AND ORDER

On October 5, 2021, the United States moved to disqualify counsel for defendant Terence Sutton, arguing that a conflict of interest requiring disqualification arose because, at the time the motion was filed, defense counsel also represented ███████████████████, ███.  Motion to Disqualify Counsel [Dkt. No. 34] at 1.  On November 18, 2021, the parties appeared before the Court for a sealed hearing on the motion, at which time defense counsel stated that they would withdraw from representing ███ but would continue to represent Mr. Sutton.  On November 19, 2021, the Court appointed John Marston, Esq., as independent conflicts counsel with respect to ███.

The Court reserved decision on whether to appoint independent conflicts counsel for Mr. Sutton because defense counsel represented that Mr. Sutton had retained attorney Carmen Hernandez as conflicts counsel.  At the November 18, 2021 hearing, the Court directed counsel for the parties and Ms. Hernandez to consider whether it is appropriate for Ms. Hernandez to play this role, given that she is also acting as third-party custodian for Mr. Sutton and that her daughter is in a romantic relationship with Mr. Sutton.

On December 3, 2021, the Court held a sealed status conference concerning the motion to disqualify counsel, at which both Mr. Marston and Ms. Hernandez were present. Ms. Hernandez stated that she was neither an expert on ethics nor a fully independent person, given her other role in this case and her personal ties to Mr. Sutton. She nonetheless expressed willingness to analyze the existence of conflicts or potential conflicts that might affect Mr. Sutton, based on her extensive experience as a criminal defense attorney. Counsel for the United States said that the United States defers to the Court's determination of whether Ms. Hernandez can advise Mr. Sutton concerning conflicts, or whether the Court should appoint a separate and independent conflicts counsel.

In light of the representations made at the December 3, 2021 status conference and the relevant case law, the Court concludes that it is appropriate to appoint independent conflicts counsel to advise both Mr. Sutton and the Court concerning the existence and nature of any conflict that Mr. Sutton's counsel might have as a result of their previous representation of ▮ and to advise Mr. Sutton concerning his interests and rights. See, e.g., United States v. Lorenzana-Cordon, 125 F. Supp. 3d 129, 133 (D.D.C. 2015); United States v. Carlyle, 964 F. Supp. 8, 12 (D.D.C. 1997); United States v. Brown, Crim. No. 07-75, 2007 WL 1655873, at *3 (D.D.C. June 7, 2007). While the Court appreciates Ms. Hernandez's willingness to advise Mr. Sutton concerning conflicts, the Court also believes that both Mr. Sutton and the Court have an interest in receiving the views of a fully independent attorney who has expertise in the area of conflicts and ethics.

The Court therefore will appoint Justin Shur, Esq., of the firm MoloLamken, LLP, as independent conflicts counsel with respect to Mr. Sutton. Mr. Shur should specifically evaluate the existence or risk of any "adverse positions," "adversely affected" representation,

"adversely affected" professional judgment, or "materially adverse" interests as between Mr. Sutton and ▮ as those terms are used in Rule 1.7 and Rule 1.9 of the District of Columbia Rules of Professional Conduct. See D.C. RULES OF PROF'L CONDUCT R. 1.7(a), R. 1.7(b)(2)-(4); R. 1.9. Mr. Shur also should advise Mr. Sutton of the risks, if any, that Mr. Sutton may face regarding the potential that defense counsel's "loyalties" may be "divided" based on their prior representation of ▮. Freeman v. United States, 971 A.2d 188, 196 (D.C. 2009) (quoting Pinkney v. United States, 851 A.2d 479, 487 (D.C. 2004)). If Mr. Shur believes that any conflict is waivable, he should advise Mr. Sutton concerning "the consequences of waiver." United States v. Lopesierra-Gutierrez, 708 F.3d 193, 202 (D.C. Cir. 2013); see also D.C. RULES OF PROF'L CONDUCT R. 1.7(c).

To this end, the Court will direct counsel for the United States and defense counsel to provide Mr. Shur with copies of all papers in this case that are relevant to the issue of conflicts, including the report prepared by Mr. Marston concerning conflicts with respect to ▮ Because the motion to disqualify substantially ▮, the Court finds that Mr. Shur has a particularized need to review certain materials protected from disclosure by Rule 6(e) of the Federal Rules of Criminal Procedure. See FED. R. CRIM. P. 6(e)(3)(E) ("The Court may authorize disclosure . . . of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding . . . ."); United States v. Sells Eng'g, 463 U.S. 418, 443 (disclosure of grand jury materials "preliminarily to or in connection with a judicial proceeding" "require[s] a strong showing of particularized need"). The Court will authorize the United States to disclose such materials to Mr. Shur, but only to the extent necessary for Mr. Shur to understand, analyze, and advise Mr. Sutton and the Court on the issue of conflicts as set forth in this Order.

3

The Court will direct Mr. Shur to review the relevant papers in this case, meet with counsel for the United States, meet with defense counsel, and meet with Mr. Sutton. Mr. Shur is expected to attend and participate in any future hearing concerning the issue of conflicts, including the sealed hearing currently scheduled for December 15, 2021 at 2:00 p.m., and may file a memorandum with the Court in advance of any such hearing.

In light of the foregoing, it is hereby

ORDERED that the Court appoints Justin Shur, Esq., of the firm MoloLamken, LLP, as independent counsel for the limited purpose of advising Mr. Sutton and the Court concerning the existence and nature of any conflict that Mr. Sutton's counsel might have as a result of their previous representation of ▆▆, and to advise Mr. Sutton concerning his interests and rights; it is

FURTHER ORDERED that counsel for the United States and defense counsel shall provide Mr. Shur with copies of all papers relevant to the issue of conflicts, including the report prepared by Mr. Marston concerning conflicts with respect to ▆▆; it is

FURTHER ORDERED that the United States is authorized to provide items protected by Rule 6(e) of the Federal Rules of Criminal Procedure to Mr. Shur, but only to the extent necessary for Mr. Shur to understand, analyze, and advise Mr. Sutton and the Court regarding the issue of conflicts; and it is

FURTHER ORDERED that Mr. Shur shall review the relevant papers in this case, meet with counsel for the United States, meet with defense counsel, meet with Mr. Sutton and

4


5

attend and participate in any future hearing with respect to the issue of conflicts, including the sealed hearing currently scheduled for December 15, 2021 at 2:00 p.m.

      SO ORDERED.

\_\_\_\_/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:   December 7, 2021