UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
UNITED STATES OF AMERICA                )
                                        )
        v.                              )        Criminal No. 21-0598 (PLF)
                                        )
TERENCE SUTTON,                         )
                                        )
        Defendant.                      )
_____)

<u>MEMORANDUM OPINION AND ORDER</u>

On December 6, 2021, in ordering the parties to file public versions of filings that were then under seal because they related to the Government's Motion to Disqualify Counsel [Dkt. No. 76], the Court identified three categories of information (collectively, "Sealed Information") to be redacted from the public versions of those filings:

> (1) any information that could reveal the nature of matters occurring before the grand jury, which is protected from public disclosure by Rule 6(e) of the Federal Rules of Criminal Procedure;
>
> (2) any information that could reveal the identity of a grand jury witness, as such a witness's identity is protected from public disclosure by Rule 6(e) of the Federal Rules of Criminal Procedure; and
>
> (3) any personally identifiable information of any individual, redaction of which is necessary to comply with Rule 49.1(a) of the Federal Rules of Criminal Procedure.

<u>See</u> Opinion and Order ("Unsealing Opinion") [Dkt. No. 105] at 7, 9-10.  The Court also ordered the parties to file any future filings that related to the government's motion to disqualify counsel under seal and, within five days of any such filings, to file public versions of those filings with all Sealed Information redacted.  <u>See</u> <u>id.</u> at 8, 10.

Previously, on October 4, 2021, the Court had ordered that the last category of information – personally identifiable information – was "entitled to be kept confidential" from unauthorized public disclosure.  Protective Order Governing Discovery ("Protective Order") [Dkt. No. 28] at 1, ¶¶ 7-11.  Defining this category of information as "sensitive materials," the Court cross-referenced Rule 49.1 of the Federal Rules of Criminal Procedure, which recognizes the following as personally identifiable information: "an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, a financial-account number, or the home address of an individual."  FED. R. CRIM. P. 49.1(a).  To protect such sensitive materials from public disclosure, the Court ordered that "[a]bsent prior permission from the Court, information marked as sensitive [by the government] shall not be included in any public filing with the Court, and instead shall be submitted under seal."  Id. at ¶ 8.

Since then, the parties have filed numerous motions and documents under seal because they seemingly relate to or reference, even in minor part, materials that have been designated as "sensitive."  See, e.g., Mr. Sutton's Motion for Brady Sanctions ("Mot. for Brady Sanctions") [Dkt. No. 67] at 1 ("This motion is filed under seal since it discusses several witness interview reports . . . which the Government has marked sensitive."); Mr. Sutton's Motion for a Bill of Particulars ("Mot. for Bill of Particulars") [Dkt. No. 118] at 1 ("This motion is filed under seal because it references material subject to the Court's protective order."); Mr. Sutton's Motion to Compel Disclosure of Requested Discovery ("3d Mot. to Compel Discovery") [Dkt. No. 122] (providing no justification for filing under seal).  In addition, it seems that the government may be applying the "sensitive" designation more broadly than the Protective Order definition would permit.  Compare Mot. for Brady Sanctions at 1 (noting the government had marked several

witness interview reports as sensitive), with Protective Order at ¶ 7 (defining "sensitive materials" as "personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure").

It must be remembered that courts favor open criminal proceedings whenever possible, given that "[t]he common-law right of public access to judicial records 'is a fundamental element of the rule of law, important to maintaining the integrity and legitimacy of an independent Judicial Branch.'" In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords., 964 F.3d 1121, 1127 (D.C. Cir. 2020) (quoting MetLife, Inc. v. Fin. Stability Oversight Council, 865 F.3d 661, 663 (D.C. Cir. 2017)). Indeed, "a presumption of openness inheres in the very nature of a criminal trial under our system of justice." Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 573 (1980) (plurality opinion); see also Press-Enterprise Co. v. Superior Ct. of California, 464 U.S. 501, 510 (1984) ("The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."). Consequently, although the Court "may order that a filing be made under seal without redaction," it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." FED. R. CRIM. P. 49.1(d).

In view of the history of this case, the Court thinks it is important to reemphasize to the parties that these proceedings should not be conducted primarily under seal. Rather, the parties should file documents under seal only according to the prescriptions set forth in the Court's Protective Order and Unsealing Opinion, or otherwise with the express authorization of the Court. See D.D.C. LCrR 49(f)(6)(i) ("Absent statutory authority, no case or document may be sealed without an order from the Court."). And documents should be marked and treated as

"sensitive," as that term is defined in the Protective Order, in a tailored way so as not to require the sealing or redaction of material that is not in fact personally identifiable information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure.

The Court nevertheless recognizes that there are various categories of "Confidential Information" that rightfully should be protected from public disclosure. As the Court has previously discussed, such Confidential Information includes: (1) any information that could reveal the nature of matters occurring before the grand jury; (2) any information that could reveal the identity of a grand jury witness; and (3) any sensitive materials, that is, personally identifiable information. See Unsealing Opinion at 7; Protective Order at ¶ 7; see also FED. R. CRIM. P. 6(e); FED. R. CRIM. P. 49.1(a). In addition, the identities or statements of prosecution witnesses likely qualify as Confidential Information that should not be publicly disclosed, to the extent the government produces such material to defendants before trial. See United States v. Celis, 608 F.3d 818, 831-32 (D.C. Cir. 2010) (per curiam) (noting that neither Rule 16 of the Federal Rules of Criminal Procedure nor Brady v. Maryland, 373 U.S. 83 (1963), require the disclosure of witness lists before trial in noncapital cases); United States v. Safavian, 233 F.R.D. 12, 15-16 (D.D.C. 2005) (noting that statements made by prospective government witnesses are not generally discoverable before trial, except where they are "exculpatory or favorable" and therefore "so-called Brady material" (citing FED. R. CRIM. P. 16(a)(2))).

For these reasons, the Court directs the parties to file redacted versions on the public docket of all filings that are currently under seal because they relate to or reference Confidential Information. See, e.g., Mot. for Brady Sanctions; Mot. for Bill of Particulars; 3d Mot. to Compel Discovery. The parties are also directed to meet and confer before filing public versions of those filings to attempt to agree upon the redactions necessary to ensure that

Confidential Information therein will not be publicly disclosed.  Finally, in light of the concerns raised by the Court herein, the parties are directed to meet and confer to attempt to agree upon a procedure to govern future filings relating to or referencing Confidential Information.

Accordingly, it is hereby

ORDERED that on or before February 15, 2022, the parties shall meet and confer in an effort to agree upon the redactions that would be made to all filings that are currently sealed and relate to Mr. Sutton's Motion for Brady Sanctions [Dkt. No. 67], his Motion for a Bill of Particulars [Dkt. No. 118], and his Motion to Compel Disclosure of Requested Discovery [Dkt. No. 122] to ensure that Confidential Information, as defined in this opinion, is not publicly disclosed; it is

FURTHER ORDERED that on or before February 18, 2022, the parties shall file public versions of all such filings, redacting all Confidential Information therein; it is

FURTHER ORDERED that the parties shall meet and confer to attempt to agree upon: (1) all categories of Confidential Information that shall be protected from public disclosure in future filings; (2) a procedure to govern future filings relating to or referencing such Confidential Information on the public docket; and (3) whether a status conference to discuss these issues would be helpful to the parties; and it is

FURTHER ORDERED that on or before February 25, 2022, counsel for the parties shall file a joint status report noting their respective positions on these three issues.

SO ORDERED.

/s/
_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  February 4, 2022

5