UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.          )<br>)<br>TERENCE SUTTON,   )<br>)<br>Defendant.   )<br>) | Criminal No. 21-0598-1 (PLF) |

## MEMORANDUM OPINION AND ORDER

The government has filed a motion to modify a portion of this Court's opinion granting in part and denying in part Mr. Sutton's third motion to compel discovery. See Government's Motion to Modify Production Order ("Mot.") [Dkt. No. 197]. In its April 22, 2022 opinion, the Court ordered the government to produce all MPD Form 163s (arrest reports) that were drafted by Mr. Sutton from the five years prior to October 23, 2020. United States v. Sutton, Crim. No. 21-0598, 2022 WL 1202741, at *12 (D.D.C. Apr. 22, 2022). The government now argues that it should not be required to produce these Form 163s because (1) doing so would be unduly burdensome, and (2) the government has identified a smaller set of MPD Form 10s (traffic crash reports) that are more relevant and were recently produced. See Mot. at 3. After careful consideration of the parties' arguments, the applicable case law, and the entire record in this case, the Court will grant in part and deny in part the government's motion to modify. The Court will order the government to produce Mr. Sutton's MPD Form 163s for the six-month period prior to October 23, 2020.[1]

---

[1]     The documents and the exhibits attached thereto that the Court has considered in connection with the pending motion include: Mr. Sutton's Motion to Compel Disclosure of

This opinion assumes familiarity with the case and therefore includes only the factual and procedural history that is relevant here. See generally United States v. Sutton, 2022 WL 1202741, at *1-3, *7-14 (resolving Mr. Sutton's third motion to compel discovery).

In its earlier opinion, the Court ordered the government to produce all MPD Form 163s (arrest reports) prepared by Mr. Sutton in the five years prior to October 23, 2020, when the events charged in the indictment occurred. See United States v. Sutton, 2022 WL 1202741, at *12. The Court reasoned that the arrest reports "might be relevant" to Mr. Sutton's charges of conspiracy and obstruction of justice to the extent that they may be used to demonstrate whether Mr. Sutton's allegedly deficient traffic crash report "was consistent in terms of quality with his prior work product or whether it uncharacteristically 'minimized' important details." Id.; see also id. (observing that Mr. Sutton's prior reports may "illustrate [his] standard for report drafting" (alteration in original)).

On July 15, 2022, the government filed its motion to modify, requesting that the Court require production of only MPD Form 10s (traffic crash reports) – distinct from MPD Form 163s (arrest reports) – that were drafted by Mr. Sutton during the same five-year time frame. See Mot. at 3. The government states that it has identified 3,458 MPD Form 163s that meet the Court's discovery mandate, but it represents that producing all these arrest reports would be excessively burdensome and time consuming, as doing so would require manually exporting each report individually from an MPD electronic database. See id. at 2. The

---

Requested Discovery [Dkt. No. 122]; the Government's Opposition to Defendant Sutton's Motion to Compel Disclosure of Requested Discovery [Dkt. No. 134]; Mr. Sutton's Reply in Support of Third Motion to Compel Disclosure of Requested Discovery [Dkt. No. 142]; the Government's Motion to Modify Production Order ("Mot.") [Dkt. No. 197]; Mr. Sutton's Opposition to Government's Motion to Modify Production Order [Dkt. No. 211]; and the Government's Reply In Support of Motion to Modify Production Order ("Reply") [Dkt. No. 218].

government also states that it has identified and now produced 18 MPD Form 10s that were drafted by Mr. Sutton in the five years prior to October 23, 2020. See Mot. at 2-3. In the government's view, these traffic crash reports are more relevant to the issues in this case than the arrest reports because Mr. Sutton is alleged to have "drafted a traffic crash report that minimized the extent of the observable injuries to Hylton-Brown." Indictment [Dkt. No. 1] ¶ 47 (emphasis added); see also Reply at 3 (arguing that the traffic crash reports are more useful comparators than the arrest reports). Mr. Sutton opposes the government's motion.

The Court finds that the burden of producing the 3,458 MPD Form 163s to Mr. Sutton would be substantial. It also agrees with the government that the arrest reports are much less relevant to the issues in this case than are Mr. Sutton's traffic crash reports. The Court credits the government's representation that the burden of producing the MPD Form 163s was discovered only after the government's software vendor began to compile the reports. See Mot. at 2. Although "burdensomeness and logistical difficulty . . . cannot drive the decision whether items are 'material' to preparation of the defense" under Rule 16 of the Federal Rules of Criminal Procedure, they are factors to be seriously considered in resolving discovery disputes. United States v. O'Keefe, Crim. No. 06-0249, 2007 WL 1239204, at *2 (D.D.C. Apr. 27, 2007). The government has established undue burden.

The Court is also persuaded by the government's argument that the 18 traffic crash reports drafted by Mr. Sutton are more demonstrative of Mr. Sutton's "standard for report drafting" than are his arrest reports. The indictment alleges that Mr. Sutton deficiently drafted a traffic crash report. See Indictment ¶ 47. Most of Mr. Sutton's arrest reports presumably were prepared in relation to incidents that did not involve traffic crashes and were quite different from Mr. Hylton-Brown's crash and death. Although the arrest reports might possibly illustrate Mr.

Sutton's general standard for drafting, his traffic crash reports are direct examples of his standard for drafting the exact type of report that is at issue in this case.

Considering the burden of producing 3,458 MPD Form 163s along with their limited relevance, the Court concludes that it is unnecessary for the government to produce all of the Form 163s to Mr. Sutton. Still, Mr. Sutton's arrest reports may have some limited value in demonstrating his general standard for report drafting, and Mr. Sutton should be able to explore that possibility. The Court therefore will order the government to produce to Mr. Sutton all MPD Form 163s prepared by Mr. Sutton in the six-month period prior to October 23, 2020.

Accordingly, it is hereby

ORDERED that the Government's Motion to Modify Production Order [Dkt. No. 197] is GRANTED IN PART and DENIED IN PART; and it is

FURTHER ORDERED that the government shall produce to Mr. Sutton all MPD Form 163s prepared by Mr. Sutton in the six-month period prior to October 23, 2020.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 8/17/22