UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | Case No: 1:21-cr-598-PLF |
| v. | : | |
| | : | Judge Paul L. Friedman |
| TERENCE SUTTON, et al. | : | |
| | : | |
| Defendants. | : | |

### TERENCE D. SUTTON, JR's, MOTION *IN LIMINE* TO PRECLUDE ADMISSION OF 404(b) EVIDENCE NOTICED BY GOVERNMENT

Comes now Officer Terence D. Sutton, Jr., through counsel HANNON LAW GROUP, LLP, and respectfully moves for an order *in limine* to preclude evidence the government seeks to admit under Fed. Evid. R. 404(b). In support of this motion, Ofc. Sutton presents the following points and authorities:

### BACKGROUND

On September 2, 2022, the government sent an email to defense counsel giving "Notice Pursuant to Fed. R. Evid. 404(b)." The email reads as follows:

> I write to provide notice, pursuant to Fed. R. Evid. 404(b), that the government may seek to introduce in its case in chief evidence concerning an interaction between Karon Hylton-Brown and Terence Sutton on the night of April 18-19, 2020. This interaction was captured on MPD BWC that was disclosed to you on October 5, 2021 and November 9, 2021. The government will seek to introduce evidence of this prior encounter between defendant Sutton and the decedent with regard to Count 1 in the indictment, as proof of the defendant's motive, intent, knowledge, and absence of mistake or accident.

No other information was provided about the prior "interaction" between Ofc. Sutton and Hylton-Brown on the date specified. The government has disclosed 19 body worn camera videos related to this incident. Undersigned counsel is unaware of any other evidence related to this incident that has been disclosed.

1

Attempting to ascertain whether this proposed evidence meets the standards of Fed. Evid. R. 404(b), we conducted a review of some of the body worn camera footage for this "interaction." The BWC depicts a traffic stop initiated by 4th District Officer Christopher Hyder to which Ofc. Sutton also responded. Karon Hylton-Brown was a passenger sitting behind the driver. Upon approaching the vehicle, officers had all four individuals step out of the car. Three of the four individuals, including Mr. Hylton-Brown, were placed in handcuffs.

A significant number of uninvolved individuals surrounded the car and yelled at the officers from the sidewalk. This caused the officers to call in additional units to support the routine traffic stop. During the traffic stop, Ofc. Sutton makes statements to Mr. Hylton-Brown, the other individuals in the vehicle, and some of the uninvolved individuals on the sidewalk. Some of these statements include Hylton-Brown accusing officers of "harassing" them, and Ofc. Sutton citing Supreme Court precedent related to the stop and search. A bystander is heard assuring the vehicle occupants that they can trust Ofc. Sutton's assurances that they would be released.

Ofc. Sutton is also seen removing a scale from the vehicle. Marijuana is also removed from the vehicle, but no arrests were made because of the quantity. Ultimately, Ofc. Hyder issued a traffic citation, and the vehicle was permitted to leave. Upon information and belief, at least some of the other individuals in the vehicle were known Kennedy Street crew members.

## LEGAL STANDARD

"Evidence of any other crime, wrong, or act" is inadmissible to "prove a person's character in order to prove that on a particular occasion the person acted in accordance with their character." Fed. Evid. R. 404(b)(1). This prohibition "codifies the common law tradition" of prohibiting the government from seeking convictions based on propensity evidence. *United*

*States v. Thomas*, 2020 WL 122985 *1, at *5 (D.D.C. Jan. 10, 2020) (citing *Michelson v. United States*, 335 U.S. 469, 475 (1948)). The assessment of 404(b) evidence by a Court involves a two-step process. *See United States v. Hsia*, 2000 WL 195028 *1, at *2 (D.D.C. Feb. 2, 2000) (citing *United States v. Clarke*, 24 F.3d 257, 264 (D.C. Cir. 1994)). The first step involves assessing whether such evidence is being admitted to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *See* Fed. Evid. R.404(b)(2); *Hsia*, 2000 WL 195028 at *2 (Rule 404(b) does not provide "an exclusive list of relevant purposes" and any such evidence is properly introduced so long as it is "not offered solely to prove character or criminal propensity.") (citations omitted).

The second step involves assessing whether evidence which has a proper purpose under Rule 404(b), should still be excluded under Rule 403 because the probative value is outweighed by unfair prejudice, confusing the issue, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. Evid. R. 403; *Hsia*, 2000 WL 195028 at *2 (citing *United States v. Clarke*, 24 F.3d at 264)). The "analytical method" under Rule 403 balancing asks the District Court "to take account of the full evidentiary context of the case". *Thomas*, 2020 WL 122985, at *6 (quoting *Old Chief v. United States*, 519 U.S. 172, 182 (1997)).

To seek admission of evidence under Rule 404(b), the government must provide reasonable notice in writing including an articulation of what purpose the government intends to offer the evidence and the reasoning which supports the purpose. *Id.* at 404(b)(2)-(3).

> The prosecution must not only identify the evidence that it intends to offer pursuant to the rule but also articulate a non-propensity purpose for which the evidence is offered and the basis for concluding that the evidence is relevant in light of this purpose. The earlier requirement that the prosecution provide notice of only the "general nature" of the evidence was understood by some courts to permit the government to satisfy the notice obligation without describing the specific act that the evidence would tend to prove, and without explaining the

relevance of the evidence for a non-propensity purpose.  This amendment makes clear what notice is required.

Committee Notes on Rules – 2020 Amendment, https://www.law.cornell.edu/rules/fre/rule_404

## ARGUMENT

### A.    The Incident Identified by the Government Is Not Relevant to Count 1

The government's notice falls woefully short of the re-drafted Rule 404(b) notice requirement.  *See* Committee Notes on Rules – 2020 Amendment, *supra* ("The earlier requirement that the prosecution provide notice of only the 'general nature' of the evidence was understood by some courts to permit the government to satisfy the notice obligation without describing the specific act that the evidence would tend to prove, and without explaining the relevance of the evidence for a non-propensity purpose.").  The government has pointed to the April 18-29, 2020 incident disclosed in body worn camera video and states that it will broadly be used to prove "motive, intent, knowledge, and absence of mistake or accident."

However, this incident has no apparent bearing on motive, intent, knowledge, absence of mistake, or lack of accident, all of which are proposed bases in Rule 404(b).  The prior incident involves a traffic stop which Ofc. Sutton did not initiate.  The prior incident does not involve a pursuit.  The prior incident involves Ofc. Sutton and Hylton-Brown, but otherwise does not share any traits with the present incident.  Absent an explanation from the government about the relevance and non-propensity purpose of this evidence, Ofc. Sutton is left guessing how to address the government's position.  Absent the government articulating its position on relevance, the Court should exclude it for that reason.

Evidence of the incident itself – presumably body worn camera footage – would be prejudicial.  If the Court ultimately finds any portion of the video relevant, it is also appropriately excluded as more prejudicial than probative.  Without more information from the government,

Ofc. Sutton cannot articulate an opposition to the government's position on probative information. However, many aspects of the video would have prejudicial effect or would confuse the jury. The video itself picks up statements from the occupants of the vehicle and witnesses standing on the sidewalk.[1] Many of the individuals on the sidewalk are yelling. It is nearly impossible to catch all of the statements made watching it only once. The occupants of the vehicle are asked to exit the vehicle, which they protest verbally. Officers use a flashlight to observe what is in plain view in the vehicle. A substantial quantity of marijuana is removed as is a scale. The officers' conduct is lawful and constitutional, but the interaction is confrontational and heated because the stop is conducted in the middle of the drug corridor. The video would require significant additional testimony to explain the nature of the interaction.

B.      **"Intrinsic Evidence" Identified by the Government**

On September 2, 2022, counsel for Ofc. Sutton asked the government whether it intended to introduce any additional Fed. Evid. R. 404(b) evidence other than that addressed above. The government responded as follows:

> We do not have other 404(b) information to notice, but we do intend to use intrinsic evidence of the charged offenses from the night of the crash, starting before the incident until after it concluded, as well as relevant MPD training and policy evidence.
>
> We may seek to introduce evidence pertaining to the day of 10/23/20 through the following day, as well as subsequent consciousness of guilt evidence, including any relevant statements about the events charged in the Indictment.

While we agree with the government that this description does not provide notice of evidence covered by Fed. Evid. R. 404(b), Ofc. Sutton would like to exercise the opportunity to object to evidence outside the events identified in the Indictment.

---

[1]     The admissibility of statements in video is addressed in a separate motion.

WHEREFORE, Ofc. Sutton respectfully requests that this motion be granted.

Dated: September 7, 2022　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　HANNON LAW GROUP, LLP

　　　　　　　　　　　　　　　　　　　　*s/J. Michael Hannon*
　　　　　　　　　　　　　　　　　　　　J. Michael Hannon, #352526
　　　　　　　　　　　　　　　　　　　　Rachel E. Amster, #1618887
　　　　　　　　　　　　　　　　　　　　Harrison E. Richards, #1723607
　　　　　　　　　　　　　　　　　　　　1800 M Street NW
　　　　　　　　　　　　　　　　　　　　Suite 850 S
　　　　　　　　　　　　　　　　　　　　Washington, DC 20036
　　　　　　　　　　　　　　　　　　　　Tel: (202) 232-1907
　　　　　　　　　　　　　　　　　　　　Fax: (202) 232-3704
　　　　　　　　　　　　　　　　　　　　jhannon@hannonlawgroup.com
　　　　　　　　　　　　　　　　　　　　ramster@hannonlawgroup.com
　　　　　　　　　　　　　　　　　　　　hrichards@hannonlawgroup.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Terence D. Sutton, Jr.*