UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>TERENCE SUTTON )<br>  and )<br>ANDREW ZABAVSKY, )<br>)<br>  Defendants. )<br>) | Criminal No. 21-0598 (PLF) |

MEMORANDUM OPINION AND ORDER

On December 2, 2021, defendant Terence Sutton filed a motion for Brady sanctions, arguing that he had been prejudiced by the government's failure to timely disclose exculpatory evidence stemming from an apparent eyewitness's statements. See Mr. Sutton's Motion for Brady Sanctions [Dkt. No. 67]. On July 1, 2022, after carefully considering the parties' written and oral arguments, the Court granted Mr. Sutton's motion in part and ordered the parties to appear for an evidentiary hearing to "further explore the potential prejudice created by the government's alleged violation of its broad duty of disclosure." United States v. Sutton, Crim. No. 21-0598, 2022 WL 2383974, at *10 & n.11 (D.D.C. July 1, 2022); see also id. at *5-9 (discussing the government's disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963), Local Criminal Rule 5.1(a), Rule 5(f) of the Federal Rules of Criminal Procedure, Rule 3.8(e) of the D.C. Rules of Professional Conduct, and Magistrate Judge Faruqui's statements at the September 24, 2021 arraignment in this case).

On August 16 and 17, 2022, the Court held an evidentiary hearing to determine "whether the witness was improperly influenced into changing his story or discouraged from

testifying" by government investigators and "to what extent the government's delayed disclosure may have prejudiced Mr. Sutton's preparation of his defense." United States v. Sutton, 2022 WL 2383974, at *9. Over two days, the Court heard live testimony from four witnesses – MPD Officer Michael Price, USAO Special Agent Sean Ricardi, USAO Special Agent Geoffrey Guska, and defense investigator Trevor Hewick – and admitted 31 exhibits into evidence. See August 16, 2022 Minute Entry; August 17, 2022 Minute Entry; Exhibit List [Dkt. No. 234]; Exhibit List [Dkt. No. 235].

On August 25, 2022, Mr. Sutton moved to compel the testimony of four Assistant United States Attorneys who have been involved in the investigation and prosecution of this case. See Mr. Sutton's Motion to Compel Testimony of Assistant United States Attorneys at Brady Hearing [Dkt. No. 227]; see also Mr. Zabavsky's Motion to Join Mr. Sutton's Motion to Compel Testimony of Assistant United States Attorneys at Brady Hearing [Dkt. No. 228]. Mr. Sutton also filed a supplemental motion proposing several sanctions in the alternative that he argued were appropriate based on the evidentiary record. Mr. Sutton's Motion for Pretrial Brady Sanctions [Dkt. No. 239] at 13-15. These sanctions included dismissal of the indictment, holding the Assistant United States Attorneys in contempt, and disqualifying those Assistant United States Attorneys from further participation in this case, including at trial. Id. Finally, on August 30 and September 1, 2022, the Court heard oral argument on Mr. Sutton's motions for Brady sanctions. See August 30, 2022 Minute Entry; September 1, 2022 Minute Entry.

After carefully considering the parties' written and oral arguments, the applicable authorities, the exhibits admitted into evidence, the testimony of the four witnesses, and the entire record in this case, the Court concludes that the government has not violated Brady v. Maryland, 373 U.S. 83 (1963), or its broad duty of disclosure under the relevant Federal or Local

Rules. Furthermore, neither the evidence offered by Mr. Sutton and admitted by the Court nor the testimony of the witnesses at the evidentiary hearing provides any support whatsoever for defendants' arguments that any prosecutor acted unethically or in contempt of this Court. No sanctions are warranted "to ensure that any further proceedings in this case are not infected by non-disclosure of discoverable evidence." United States v. Sutton, 2022 WL 2383974, at *10 (internal quotation omitted). Accordingly, it is hereby

ORDERED that Mr. Sutton's Motion for Brady Sanctions [Dkt. No. 67] is DENIED; it is

FURTHER ORDERED that Mr. Sutton's Motion to Compel Testimony of Assistant United States Attorneys at Brady Hearing [Dkt. No. 227] is DENIED; it is

FURTHER ORDERED that Mr. Zabavsky's Motion to Join Mr. Sutton's Motion to Compel Testimony of Assistant United States Attorneys at Brady Hearing [Dkt. No. 228] is GRANTED; and it is

FURTHER ORDERED that Mr. Sutton's Motion for Pretrial Brady Sanctions [Dkt. No. 239] is DENIED.

An opinion further explaining the Court's reasoning will follow in due course.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 9/27/22