UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 21-0598 (PLF) |
| TERENCE SUTTON and ANDREW ZABAVSKY, | ) ) ) ) ) | |
| Defendants. | ) ) | |

AMENDED ORDER REGARDING TRIAL SCHEDULE AND PROCEDURES

On October 4, 2022, the Court issued an order setting forth the schedule and procedures for trial. See Order Regarding Trial Schedule and Procedures ("Trial Order") [Dkt. No. 292]. Due to changes in the Court's schedule and its reconsideration of certain procedures, the Court hereby amends the Trial Order to provide an updated schedule and the procedures that counsel shall comply with for trial. Past deadlines that were complied with by the parties have been omitted from this amended order. Accordingly, it is hereby

ORDERED that the Court's [Dkt. No. 292] Order Regarding Trial Schedule and Procedures is VACATED; and it is

FURTHER ORDERED that counsel shall comply with each of the following procedures and requirements:

1. EVIDENTIARY HEARING. The Court will reserve **Monday, October 17, 2022**, beginning at 9:30 a.m. in Courtroom 29A, to continue the evidentiary hearing from October 14, 2022, and to hear argument on any remaining pretrial motions.

2. EXHIBITS AND WITNESS LISTS. A preliminary list of exhibits, including all video and audio tapes to be used at trial, are to be marked in advance of trial and listed in order on the exhibit form obtained from the Courtroom Deputy Clerk. A party offering a hard copy of an exhibit at trial shall have a copy available for the witness. The party presenting that witness shall move their requested exhibits into evidence at the close of each witness' testimony.[1] On or before **October 18, 2022**, the parties shall file all objections to trial exhibits and exchange preliminary trial witness lists and provide a copy to the Court.

3. BRADY AND GIGLIO. The government is under a continuing and ongoing obligation to provide favorable or exculpatory information (Brady), whether or not admissible in evidence, to the defense. The government must disclose information that may be useful for impeachment or otherwise affect the credibility of any government witness (Giglio) -- including Lewis material – on or before October 11, 2022. See United States v. Celis, 608 F.3d 818, 835-36 (D.C. Cir. 2010). Giglio obligations are also ongoing. Should the government request it, the Court will enter a protective order precluding counsel from sharing Giglio information with their clients.

4. VOIR DIRE. All prospective jurors who are not dismissed based on their questionnaire responses will be directed to appear on **Tuesday, October 18 or Wednesday, October 19, 2022** for individual voir dire. The Court will direct one-fourth of the jury panel to report to the courthouse on the morning of October 18, 2022; one-fourth to report on the afternoon of October 18, 2022; one-fourth to report on the morning of October 19, 2022; and one-fourth to report on the afternoon of October 19, 2022. Voir dire will commence promptly

---

[1] Originals of all exhibits must be provided to the Courtroom Deputy Clerk before the case goes to the jury.

at **9:30 a.m. on October 18 and October 19, 2022**.  The jury panel will be told to wait in **Courtroom 19** while each juror is called individually for questioning by the parties in **Courtroom 29A.**  Challenges for cause will be exercised at the conclusion of each prospective juror's questioning.  All potential jurors remaining after this process is completed will be asked to return to Courtroom 29A on **the morning of October 20, 2022**, when a jury will be selected.

      5.      PEREMPTORY CHALLENGES.  After all potential jurors have returned to **Courtroom 29A on the morning of October 20, 2022**, counsel for the parties will exercise their peremptory challenges.  Counsel shall exercise all peremptory challenges by submitting them in writing to the Courtroom Deputy Clerk.  The jurors remaining after this process is completed will be released until **Monday, October 24, 2022**, when they will be sworn.  All other members of the jury panel will be excused on **October 20, 2022**.

      6.      TRIAL.  Counsel should be prepared to deliver their opening statements on **the morning of October 24, 2022**.  Opening statements shall not exceed 60 minutes for the government and 60 minutes for the defendants, unless otherwise agreed by counsel.  Any exhibits, charts, or summaries to be used in opening statements must be cleared with counsel for the other side.  Any objections to exhibits to be used during openings must be presented to the Court for resolution on or before **October 20, 2022 at 12:00 p.m**.  After opening statements, the government must be prepared to call its first witness.

Unless counsel are notified otherwise, the jury portion of the trial will be conducted each weekday from **10:00 a.m. to 12:30 p.m. and from 1:45 p.m. to 5:00 p.m.** in Courtroom 29A.  And unless otherwise instructed by the Court, counsel shall be present in the courtroom each morning **promptly at 9:30 a.m.** to address preliminary matters.  Trial will convene promptly at 10:00 a.m. on each trial day and the jury will not be kept waiting.  Counsel

shall be available in the courtroom and seated at their respective counsel tables at least five minutes before Court is scheduled to begin or resume after a recess.  Trial will not be held on **October 27, 2022.**  On the following dates, trial will proceed according to the modified schedule listed below:

- **October 25, 2022**:  Trial will conclude no later than **3:00 p.m.**

- **October 26, 2022**:  Trial will begin no later than **11:00 a.m.**  Counsel shall be present in the courtroom **at 10:30 a.m.** to address preliminary matters.

- **October 27, 2022**:  Trial date vacated.

- **November 3, 2022**:  Trial will conclude no later than **3:00 p.m.**

- **November 4, 2022**:  Trial will conclude no later than **1:00 p.m.**

7.      ELECTRONIC COURTROOM.  Representatives of any party who intend to use electronic equipment during the course of this trial shall promptly meet with John Cramer, Courtroom Technology Administrator, of the Clerk's Office (202-354-3019), to arrange for the necessary equipment.  Representatives for all parties shall meet with Mr. Cramer to become fully conversant with the procedures for use of the equipment in the courtroom.

8.      TAPES AND TRANSCRIPTS.  The parties shall email to one another draft transcripts of all video or audio tapes to be used in this case on or before October 11, 2022.  Counsel shall resolve any disputes, alleged inaccuracies in the transcripts, and/or discrepancies between the transcripts and the tapes.  If it proves impossible for counsel to resolve the dispute, they shall so advise the Court **at least three (3) days before the tape is to be offered** so that the Court may resolve the dispute efficiently and avoid any delay to the parties, the jury, and the Court.

9. GENERAL COURTROOM RULES.  The Court expects counsel to exercise civility at all times towards each other and towards everyone involved in the case or working with the Court.

  A. Unless leave is otherwise given, counsel shall examine witnesses and make opening statements and closing arguments from the lectern and shall speak into the microphone.

  B. Counsel shall obtain permission from the Court before approaching a witness.

  C. One counsel for the government and one counsel for each defendant shall be designated as lead counsel for each and every witness, for purposes of direct examination, cross-examination, redirect examination, and raising objections.

  D. The Court will strictly apply the rules on rebuttal evidence.  See BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "rebuttal evidence" as "[e]vidence offered to disprove or contradict the evidence presented by an opposing party").

  E. Counsel are reminded that the traditional rules regarding opening statements and closing arguments will be enforced by the Court.

  F. When addressing the Court, counsel shall stand.  All objections or other statements by counsel, no matter how brief, shall be made while standing.

  G. All statements by counsel should be directed to the Court and not to opposing counsel.

      H.      Counsel are reminded that their own opinions regarding facts or issues in a case are irrelevant and should not be communicated to the jury (e.g., "I think . . . , we believe . . . .").

      I.      Counsel are reminded to secure clearance from the Court before posing questions or engaging in procedures in the presence of the jury that carry a risk of undue prejudice, or that by law or customary procedures require judicial pre-approval.

      J.      Unless otherwise permitted by the Court, counsel shall refer to all witnesses over the age of 18, including their clients, as "Mr." or "Ms." With respect to defendants, counsel are free to refer to them either as "Officer" or as "Mr." The use of first names or nicknames is prohibited. All witnesses are to be addressed in a respectful and polite manner.

10.      COVID-19 PROCEDURES. The Court hereby notifies the parties that the following additional procedures restrictions will govern trial, consistent with the practices outlined in Appendices 7 and 8 of the Continuity of Operations Plan During the COVID-19 Pandemic. See Continuity of Operations Plan During the COVID-19 Pandemic (July 15, 2020), https://www.dcd.uscourts.gov/coronavirus-covid-19-response-information-and-announcements; id., Appendix 7 (updated Oct. 27, 2020); id., Appendix 8 (updated Mar. 2, 2022).

      A.      All persons who attend trial must wear face masks covering the mouth and nose throughout the entire proceeding, except as directed by the Court. The Court may provide participants with a clear protective facial mask. See Appendix 7 ¶ 4; Appendix 8 ¶ 2(c)(iii). Attendees are reminded that, pursuant to Standing Order No. 21-45, "[a]ll individuals, regardless of

      vaccination status, are required to wear a face mask, which must completely cover the nose and mouth, at all times while in the public and non-public areas" of the courthouse. <u>In Re: Reinstatement of Mask Requirement for All Individuals in Public and Non-Public Areas of Courthouse</u>, Standing Order No. 21-45 (BAH) (July 30, 2021), at 1-2, available at: https://www.dcd.uscourts.gov/coronavirus-covid-19-response-information-and-announcements; <u>see also</u> Mask Requirements in the Public Areas of the Courthouse and Courtrooms (Apr. 4, 2022), https://www.dcd.uscourts.gov/coronavirus-covid-19-response-information-and-announcements.

B.     All participants and observers must remain at or near their assigned places throughout the proceeding, except as directed by the Court. <u>See</u> Appendix 8 ¶ 2(c)(iv). Attorneys and witnesses may remove their masks while speaking. If the Court recesses for a break, all participants must return to their assigned places from before the break.

C.     Any individual who has tested positive for COVID-19, is experiencing symptoms consistent with COVID-19, or learns of exposure to an individual who has tested positive for COVID-19, should not come to the courthouse and should contact the Courtroom Deputy Clerk for further instructions. If during trial any participant experiences symptoms consistent with COVID-19 or learns of exposure to an individual who has tested positive for COVID-19, that person should notify the Courtroom Deputy Clerk immediately. <u>See</u> Appendix 7 ¶ 6; Appendix 8 ¶ 2(c)(i)-(ii).

      D.      Any testifying witness, who is not fully vaccinated must show a negative rapid test to counsel calling that witness on the day the testimony is presented to the jury.

11.      <u>DIRECT AND CROSS-EXAMINATION</u>.  On direct and cross-examination of a witness, counsel shall not:

      A.      Testify by improperly incorporating facts into their questions so as to put before the jury information that has not been received in evidence;

      B.      Use an objection as an opportunity to argue or make a speech in the presence of the jury; or

      C.      Show the jury a document or anything else that has not yet been received in evidence without leave of the Court.  If counsel is using electronic equipment to display documents to the jury and the Court, counsel shall make sure that the document has been admitted in evidence before it is shown to the jury.

12.      <u>OBJECTIONS AND EVIDENTIARY MATTERS</u>.  Any legal matters or evidentiary issues that arise during the course of the trial and have not been the subject of a motion <u>in limine</u> or pretrial motion should be discussed among counsel no later than the night before the witness or exhibit is to be offered.  If there is no resolution, the proponent of the objection or evidence shall fax (202-354-3498) or e-mail to Chambers and to opposing counsel that evening or, in any case, **no later than 7:00 a.m. the next morning**, in succinct terms, a statement of the evidentiary issue or objection and their position, with legal authority.  The opposing party shall fax or e-mail by **no later than 8:00 a.m.** the contrary position with legal

8

authority. The Court will discuss and rule during the time for preliminary matters each morning. In this way, the jury will not be kept waiting while legal issues are discussed and resolved.

13. OBJECTIONS AT TRIAL. Bench conferences are discouraged.[2] Counsel who make objections during trial must state the legal basis for their objections without elaboration or argument (unless invited) — e.g., "objection, hearsay," "objection, lack of foundation." The Court generally will rule on the objection without additional discussion except in the most critical areas. For purposes of "protecting the record" and assisting appellate review, counsel may explain or amplify their objections on the record after the jury has been excused for a break, for lunch, or for the day.

14. WAIVER OF BENCH CONFERENCES. Defense counsel shall secure a written waiver from each defendant of his right to be present at bench conferences during trial and file the same with the Court by **9:00 a.m. on the first morning of trial**. Alternatively, counsel may arrange with the Courtroom Deputy Clerk to permit each defendant to listen to bench conferences through a headset. The defendants will not be permitted at the bench.

15. RULE ON WITNESSES. All witnesses shall remain outside the courtroom except while actually testifying. Unless permission for a witness to remain in the courtroom is expressly sought and granted, the rule on witnesses is always in effect, even during voir dire and opening statements. Counsel shall instruct witnesses not to discuss their testimony with others after they leave the stand. Except for a defendant-witness (because of Sixth Amendment implications), counsel calling a witness to testify and counsel's agents should have no further discussions with that witness concerning any aspect of the testimony already given or

---

[2] Counsel may seek to convene a bench conference if counsel is about to engage in a line of inquiry on direct or cross-examination that reasonably necessitates pre-clearance, e.g., potentially inflammatory areas of interrogation.

9

anticipated until such time as the witness has completed his or her testimony. As to a defendant-witness, counsel and their agents are directed to the D.C. Circuit's opinion in United States v. McLaughlin, 164 F.3d 1, 4-7 (D.C. Cir. 1998), cert. denied, 526 U.S. 1079 (1999). At all other times, within the bounds of governing ethics rules and the law, counsel may pursue their discussions with witnesses during the trial.

16. WITNESSES ON CALL. Once the trial begins, witnesses shall be put on call at the peril of the calling party. The trial will not be recessed because a witness on call is unavailable, except in extraordinary circumstances. The Court will endeavor to accommodate out-of-town and non-party witnesses if counsel alerts the Court. The party calling a witness shall arrange for that witness' presence until cross-examination is completed, including the following trial day if need be. The failure to have a witness present for cross-examination following direct examination is grounds to strike the witness' testimony.

17. PRESENCE OF COUNSEL. Once court is in session, counsel shall not leave the courtroom without the Court's express permission. Failure of counsel to be present and on time may result in sanctions.

18. SUA SPONTE JURY INSTRUCTIONS. Any necessary sua sponte jury instructions shall be written out by counsel requesting them and shall be given to the Court in a form in which the Court might read the instructions to the jury. Failure to do so shall be deemed a waiver of any such request. In the event that the instructions are given, it shall be counsel's responsibility to remind the Court of the necessity for inclusion of any sua sponte instructions in its final charge **by 4:00 p.m. on the date prior to the date on which the final charge is to be given by the Court to the jury**.

19. <u>VERBAL OR FACIAL CONTACT WITH THE JURY</u>.  Counsel, defendants, and law enforcement personnel shall not make any verbal comments, facial expression, laughter, or other contact with the jury which could be interpreted as conveying a comment one way or the other with respect to any testimony, argument, or event that may occur during trial.  Nor shall any such persons offer gratuitous comments or asides about witnesses' testimony or opposing counsel.

20. <u>CLOSING ARGUMENTS AND INSTRUCTIONS</u>.  The courtroom will be locked during jury instructions and no one will be permitted to enter or leave.  In making closing arguments, counsel shall be limited by the evidence presented during trial and are reminded of the prohibition against appealing to the jurors' prejudices.  Moreover, during closing argument and throughout the trial, counsel shall not:

    A. Comment adversely on the failure of a defendant to testify in his own behalf;

    B. Make statements of personal belief to the jury;

    C. Make personal attacks on other counsel in the case;

    D. Appeal to the self-interest of the jurors; or

    E. Make potentially inflammatory racial, ethnic, political, or religious comments.

With regard to both opening statements and closing arguments, counsel are admonished not to make statements or arguments that will engender objections. The Court will intervene <u>sua</u> <u>sponte</u> and not wait for objections if it observes the failure to adhere to basic legal principles and standards of civility. Failure to abide by these rules may result in sanctions.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: October 14, 2022