UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 21-0598 (PLF) |
| ) | |
| TERENCE SUTTON ) | |
| and ) | |
| ANDREW ZABAVSKY, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Defendant Terence Sutton has filed a Motion to Reconsider the Court's August 3, 2022, Ruling Denying Motion to Dismiss the Indictment or, in the Alternative, to Sever Counts Two and Three ("Sutton Mot.") [Dkt. No. 240]. The motion requests that the Court reconsider its denial of Mr. Sutton's motion to dismiss for failure to state an offense, or in the alternative, sever the second degree murder charge from the conspiracy and obstruction charges for trial. See id.; see also Indictment [Dkt. No. 1].[1]

The United States opposes the motion, arguing that Mr. Sutton fails to meet the legal standard for a motion for reconsideration and that joinder of the counts in this case is appropriate because the "chase, crash, and obstruction are inextricably linked together, both temporally . . . and factually." Government's Opposition to Defendant Sutton's Motion to Reconsider Ruling Denying Motion to Dismiss the Indictment and Alternative Motion to Sever

---

[1] Defendant Andrew Zabavsky separately moved to join Mr. Sutton's motion. See Andrew Zabavsky's Motion to Join Sutton's Motion for Reconsideration of Sutton's Motion to Dismiss and Alternative Motion to Sever Counts Two and Three [Dkt. No. 264].

Counts Two and Three ("Gov't Opp.") [Dkt. No. 263] at 15.  For the following reasons, the Court declines to reconsider its prior ruling denying Mr. Sutton's motion to dismiss and also concludes that the charges in the indictment were properly joined and should not be severed. The Court therefore will deny Mr. Sutton's motion in full.[2]

## I. BACKGROUND

On September 23, 2021, a grand jury indicted Metropolitan Police Department ("MPD") officers Terence Sutton and Andrew Zabavsky, charging conspiracy, in violation of 18 U.S.C. § 371, and obstruction of justice, in violation of 18 U.S.C. § 1512(b)(3). Indictment at 1. Mr. Sutton was also charged with second degree murder in violation of D.C. Code § 22-2013. Id.

The thirteen-page, fifty-paragraph speaking indictment alleges that on the evening of October 23, 2020, Mr. Sutton engaged in a police vehicular pursuit of Karon Hylton-Brown. See Indictment at ¶¶ 1-2. The indictment states that Mr. Sutton caused Mr. Hylton-Brown's death by engaging in a reckless pursuit that ended in a fatal traffic collision. Id. It further alleges that between October 23, 2020, and October 24, 2020, in order to prevent an internal

---

[2] The Court has reviewed the following documents in connection with the pending motion: Indictment [Dkt. No. 1]; Terence D. Sutton Jr.'s Motion to Reconsider the Court's August 3, 2022, Ruling Denying Motion to Dismiss the Indictment or, in the Alternative, to Sever Counts Two and Three ("Sutton Mot.") [Dkt. No. 240]; Government's Opposition to Defendant Sutton's Motion to Reconsider Ruling Denying Motion to Dismiss the Indictment and Alternative Motion to Sever Counts Two and Three ("Gov't Opp.") [Dkt. No. 263]; Andrew Zabavsky's Motion to Join Sutton's Motion for Reconsideration of Sutton's Motion to Dismiss and Alternative Motion to Sever Counts Two and Three [Dkt. No. 264]; Reply of Terence D. Sutton, Jr. to Government's Opposition to his Motion to Reconsider the Court's August 3, 2022 Ruling Denying Motion to Dismiss the Indictment or, in the Alternative, to Sever Counts Two and Three ("Sutton Reply") [Dkt. No. 266]; and Defendant Andrew Zabavsky's Reply in Support of Motion to Sever Counts Two and Three of the Indictment ("Zabavsky Reply") [Dkt. No. 267].

2

investigation and referral to federal authorities for a criminal civil rights investigation, Mr. Sutton and Mr. Zabavsky conspired to conceal from MPD officials the circumstances of the pursuit and collision. Id. at ¶¶ 3, 31

On June 29, 2022, Mr. Sutton filed a motion to dismiss all counts pursuant to Rule 12 of the Federal Rules of Criminal Procedure. See Terence D. Sutton Jr.'s Motion to Dismiss the Indictment Pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v) [Dkt. No. 188]. The Court heard extensive oral argument on the Rule 12 motion on Tuesday, July 26, 2022. On August 3, 2022, after careful considerations of the parties' written submissions, oral argument, and the relevant legal authorities, the Court issued an oral ruling in open court denying in its entirety Mr. Sutton's motion to dismiss for failure to state a claim. See Transcript of Oral Ruling on Motion Hearing, August 3, 2022 ("Oral Ruling Tr.") [Dkt. No. 217]; see also Memorandum Opinion and Order ("Mem. Op.") [Dkt. No. 215] at 3. On August 28, 2022, Mr. Sutton filed a motion asking the Court to reconsider its ruling denying Mr. Sutton's motion to dismiss for failure to state a claim, or in the alternative, to sever Count One from Counts Two and Three in the indictment. See Sutton Mot.

## II. MOTION FOR RECONSIDERATION

Although the Federal Rules of Criminal Procedure do not explicitly provide for motions for reconsideration, the Supreme Court has recognized that district courts may consider such motions in criminal cases. See United States v. Dieter, 429 U.S. 6, 8 (1976) (per curiam); United States v. Healy, 376 U.S. 75, 80 (1964). When considering motions for reconsideration in a criminal case, judges in this district "import[] the standards of review applicable in motions for reconsideration in civil cases." United States v. Hassanshahi, 145 F. Supp. 3d 75, 80 (D.D.C.

Nov. 19, 2015); see also United States v. Sutton, Crim. No. 21-0598, 2021 WL 5999407, at *1 (D.D.C. Dec. 20, 2021).

In motions related to an interlocutory decision, the court applies an "as justice requires" standard. United States v. Sunia, 643 F. Supp. 2d 51, 60 (D.D.C. 2009). Corrections are limited and are not meant to provide parties with a chance to reargue a previously decided issue. See United States v. Lieu, Crim. No. 17-0050, 2018 WL 5045335 at *2-3 (D.D.C. Oct. 17, 2018). In evaluating what "justice requires," the Court considers "whether it 'patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or [whether] a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court.'" United States v. Hassanshahi, 145 F. Supp. 3d at 80 (citing Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005)).

A motion for reconsideration should not be used or seen as an opportunity to relitigate previously ruled upon issues, including "arguments that could have been, but were not, raised previously and arguments that the court has already rejected." United States v. Booker, 613 F. Supp. 2d 32, 34 (D.D.C. 2009). Motions for reconsideration are subject to the "'sound discretion of the trial court.'" United States v. Haassanshahi, 145 F. Supp 3d at 80 (quoting United States v. Trabelsi, Crim. No. 60-89, 2015 WL 5175882, at *2 (D.D.C. Sept. 3, 2015)). The moving party bears the burden of demonstrating that reconsideration is appropriate. See id.

Mr. Sutton advances three arguments in support of his motion for reconsideration: First, that "the oral ruling misapprehended Ofc. Sutton's constitutional argument on the murder count." Sutton Mot. at 2. Second, that "the Court's finding that the vehicle . . . was an 'intervening cause' is 'outside the adversarial issues presented to the Court.'" Id. And third,

4

with respect to the obstruction count, that counsel did not "adequately assist the Court in apprehending" the argument related to an asserted "essential element of the obstruction offense," the appropriate federal nexus. Id. He argues that "as a matter of law – a decision uniquely entrusted to this Court – no actual federal offense can be proven by the government." Id. at 8.

The Court agrees with the government that none of these arguments meets the high standard for reconsideration, and that Mr. Sutton merely "seeks a second chance to re-litigate his motion to dismiss." Gov't Opp. at 1. Arguments that could have been made at the time of the initial briefing, but were not, are not grounds for reconsideration. See United States v. Booker, 613 F. Supp. 2d at 34. Furthermore, attempting to relitigate issues with new case analysis is only permissible if the cases are newly decided and substantially change the law. See United States v. Hassanshahi, 145 F. Supp. 3d at 80 (requiring "controlling or significant change in the law or facts [to occur] since the submission of the issue to the Court") (internal quotation omitted). Here, Mr. Sutton's motion for reconsideration does not rely on any newly decided case law, and his arguments could have been raised in his initial briefing on the motion to dismiss. Moreover, the Court did not "patently misunderst[and] a party" in issuing its prior decision. Id. The Court therefore will not reconsider its prior ruling.

### III. MOTION TO SEVER

In cases with multiple defendants, Rule 8(b) of the Federal Rules of Criminal Procedure governs both joinder of offenses and joinder of counts. See United States v. Lewis, Crim. No. 19-307, 2021 WL 2809819, at *3 (D.D.C. July 6, 2021) ("Though subsection (a) is titled 'Joinder of Offenses,' the D.C. Circuit has held that Rule 8(b) governs the joinder of offenses in a multidefendant case."); see also United States v. Jackson, 562 F.2d 789, 793 (D.C. Cir. 1977). Rule 8(b) provides that "[t]he indictment . . . may charge 2 or more defendants if

they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b).

"A 'series of acts or transactions' is 'two or more acts or transactions connected together or constituting parts of a common scheme or plan.'" United States v. Bostick, 791 F.3d 127, 145 (D.C. Cir. 2015) (quoting United States v. Moore, 651 F.3d 30, 69 (D.C. Cir. 2011)). "The Government . . . 'need merely allege, not prove, the facts necessary to sustain joinder.'" Id. (quoting United States v. Gooch, 665 F.3d 1318, 1334 (D.C. Cir. 2012)). The court of appeals has noted that when determining the commonality of acts or transactions, "the predominate consideration is whether joinder would serve the goals of trial economy and convenience." United States v. Richardson, 161 F.3d 728, 734 (D.C. Cir. 1998). Joinder promotes trial economy and convenience when there is a "substantial overlap in evidence" that "eliminates the need to prove substantially the same evidence twice over." Id. (internal quotations omitted).

The D.C. Circuit has routinely held that Rule 8 is construed liberally and favors joinder. See United States v. Gooch, 665 F.3d at 1326; see also United States v. Richardson, 161 F.3d at 733. Courts favor joinder because "'[j]oint trials play a vital role in the criminal justice system,' promoting efficiency and avoiding the 'scandal and inequity of inconsistent verdicts.'" United States v. Straker, 800 F.3d 570, 626 (D.C. Cir. 2015) (quoting Zafiro v. United States, 506 U.S. 534, 537 (1993)). In addition, "joinder is preferred in conspiracy cases because the conspiracy charge provides a common thread that ties all of the defendants and charges together." United States v. Suggs, 531 F. Supp. 2d 13, 25 (D.D.C. 2008) (internal quotation marks omitted), aff'd sub nom. United States v. Glover, 681 F.3d 411 (D.C. Cir. 2012).

Rule 14(a) governs severance of counts and parties when they are properly joined under Rule 8, but nonetheless should be severed because of potential prejudicial treatment at

trial. See FED. R. CRIM. P. 14(a). Rule 14(a) provides that "if the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Id. The court of appeals has emphasized, however, that "[d]istrict courts should grant severance sparingly because of the strong interests favoring joint trials, particularly the desire to conserve the time of courts, prosecutors, witnesses, and jurors." United States v. Celis, 608 F.3d 818, 844 (D.C. Cir. 2010) (internal quotation omitted).

Rule 14 severance is warranted when there is "serious risk that a joint trial would" either (1) "compromise a specific trial right of one of the defendants," or (2) "prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. at 539. "Adding further detail to Zafiro's standard, the D.C. Circuit has identified three specific types of prejudice that might occur when a defendant is tried for more than one crime by the same jury: (1) the jury may cumulate evidence of the separate crimes, (2) the jury may improperly infer a criminal disposition and treat the inference as evidence of guilt, or (3) the defendant may become embarrassed or confounded in presenting different defenses to the different charges." United States v. Lewis, Crim. No. 19-307, 2021 WL 2809819, at *4 (D.D.C. July 6, 2021) (internal quotations omitted). "Absent this showing of substantial prejudice to the defendant, 'offenses properly joined under Rule 8 should be jointly tried to conserve judicial resources, [alleviate] the burdens on citizens serving as jurors, and [avoid] the necessity of having witnesses reiterate testimony in a series of trials.'" United States v. Wilkins, 538 F. Supp. 3d 49, 87-88 (D.D.C. 2021). Defendants bear the burden of showing prejudice in order to prevail on a motion to sever, and the court retains wide discretion to determine if the extreme remedy of severance is necessary. See United States v. Gooch, 665 F.3d at 1326.

Mr. Sutton requests that the Court sever Count One from Counts Two and Three of the indictment for trial, arguing that "Ofc. Sutton and Andrew Zabavsky are charged with 'conspiracy to conceal a crime' that neither of them is charged with committing: a federal civil rights violation." Sutton Mot. at 9. He states that "[e]vidence of one uncharged crime is inadmissible to prove disposition to commit another crime, from which the jury may infer that the defendant committed the crime charged." Id. at 10. He maintains that "[a]s a matter of law, the Court must sever the counts," and if the Court disagrees, "severance is still required due the prejudice which will befall Ofc. Sutton." Id. at 9.

The Court rejects this argument. As an initial matter, defendants are not charged with committing a civil rights violation. They are charged with engaging in misleading conduct with the intent to hinder communication to authorities who might investigate the matter as a civil rights violation. See Indictment at ¶ 32. And as the Court has already stated, the obstruction of justice statute "does not require that any civil rights investigation or offense actually have occurred let alone that one be pled in the indictment. The government need only charge and prove possible existence of a federal crime and a defendant's intention to thwart an inquiry in to that crime." Oral Ruling Tr. at 26:21-27:1; see also 18 U.S.C. § 1512(b)(3) ("Whoever knowingly . . . engages in misleading conduct toward another person, with intent to . . . hinder, delay, or prevent the communication to a law enforcement officer . . . of information relating to the commission or possible commission of a Federal offense . . . shall be fined under this title or imprisoned not more than 20 years, or both." (emphasis added)). This issue has been squarely decided and therefore does not serve as a cognizable basis to sever the counts.

Furthermore, the Court agrees with the government that the counts are properly joined in this case because the "chase, crash, and obstruction are inextricably linked together,

both temporally . . . and factually," and that the evidence required for Counts Two and Three "fully overlap[s]" with the evidence for Count One. Gov't Opp. at 15. The overt acts charged for the conspiracy and obstruction charges directly relate to events underlying the crash and second degree murder allegations. See Indictment at ¶¶ 34-48. There is no "serious risk that a joint trial would . . . compromise a specific trial right of [either defendant] . . .[or] prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. at 539. In fact, even if the charges were severed, much of the evidence related to the crash and second degree murder charge necessarily would be presented to the jury for the obstruction and conspiracy charges. See United States v. Wilkins, 538 F. Supp. 3d at 88 (concluding that "even if the charges were severed as [defendant] requests, the separate juries would still be presented with the same evidence in each trial through the operation of Federal Rule of Evidence 404(b)"). Accordingly, it is hereby

ORDERED that Mr. Zabavsky's [Dkt. No. 264] Motion to Join Sutton's Motion for Reconsideration of Sutton's Motion to Dismiss and Alternative Motion to Sever Counts Two and Three is GRANTED; and it is

FURTHER ORDERED that Mr. Sutton's [Dkt. No. 240] Motion to Reconsider the Court's August 3, 2022, Ruling Denying Motion to Dismiss the Indictment or, in the Alternative, to Sever Counts Two and Three is DENIED.

SO ORDERED.

*Paul L. Friedman*
PAUL L. FRIEDMAN
United States District Judge

DATE: 10/20/22