UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 21-0598 (PLF) |
| ) | |
| TERENCE SUTTON ) | |
| and ) | |
| ANDREW ZABAVSKY, ) | |
| ) | |
| Defendants. ) | |

ORDER

On October 23, 2022, the Court issued a written opinion setting forth its rulings on the admissibility of certain evidence subject to five motions in limine submitted by the parties. See United States v. Sutton, Criminal No. 21-0598, 2022 WL 13940371 (D.D.C. Oct. 23, 2022). And on October 24, 2022, defendants and counsel for all parties appeared in open court to hear the Court's oral ruling on a sixth motion in limine, which was the subject of an evidentiary hearing held on October 14 and 17, 2022. See Minute Entry (Oct. 24, 2022); see also Memorandum Opinion and Order [Dkt. No. 304] (summarizing the underlying issues and setting forth the parameters for the evidentiary hearing). For the reasons stated in the Court's October 23, 2022 Opinion and set forth orally on the record on October 24, 2022, it is hereby

ORDERED that Defendant Andrew Zabavksy's Motion to Suppress Tangible Evidence, Statements, and Identification Evidence [Dkt. No. 255] is DENIED; it is

FURTHER ORDERED that Government's Omnibus Motion in Limine [Dkt. No. 256] is GRANTED IN PART and DENIED IN PART; it is

FURTHER ORDERED that Terence D. Sutton, Jr.'s, Motion in Limine to Permit Evidence Regarding Decedent's Criminal Background, the Kennedy Street Crew, and Kennedy Street Drug Corridor [Dkt. No. 257] is GRANTED IN PART and DENIED IN PART; it is

FURTHER ORDERED that Terence D. Sutton, Jr.'s, Motion in Limine to Preclude Admission of Body Word Camera Videos and Sound [Dkt. No. 258] is GRANTED IN PART and DENIED IN PART; it is

FURTHER ORDERED that Terence D. Sutton, Jr.'s, Motion in Limine to Preclude Admission of 404(b) Evidence Noticed by Government [Dkt. No. 259] is GRANTED; it is

FURTHER ORDERED that Terence D. Sutton, Jr.'s, Motion in Limine to Exclude Evidence Regarding the Metropolitan Police Department's General Order on Vehicular Pursuits [Dkt. No. 260] is DENIED; it is

FURTHER ORDERED that Ofc. Sutton Motion to Preclude Late Noticed Rule 404(b) Evidence [Dkt. No. 302] is DENIED AS MOOT; it is

FURTHER ORDERED that Metropolitan Police Department ("MPD") General Order 301.03 may be offered into evidence at trial; it is

FURTHER ORDERED that the amended MPD General Orders, including the 2021 General Order on Vehicle Pursuits (GO-OPS-301.03) and the 2022 General Order on Use of Force (GO-RAR-901.07), may be offered into evidence at trial; it is

FUTHER ORDERED that MPD Form 163 arrest reports and MPD Form 10 traffic crash reports prepared by defendant Terence Sutton, as well as MPD internal affairs vehicular pursuit investigations prepared by other officers, may be offered into evidence at trial; it is

2

FURTHER ORDERED that Mr. Sutton's, Mr. Zabavsky's, and Officer Cory Novick's body worn camera ("BWC") videos may be offered into evidence at trial in full. The Court will decide at trial whether to admit portions of the BWCs from some or all of the six other officers listed in Mr. Sutton's motion; it is

FURTHER ORDERED that the government must identify the statements it wants to admit in the BWCs and provide specific reasons why the statements do not fall under the definition of hearsay set forth in Rule 801 of the Federal Rules of Evidence or are admissible as an exception to the rule against hearsay under Rule 803; it is

FURTHER ORDERED that the government is permitted to make inferences regarding the deactivation of BWCs at trial; it is

FURTHER ORDERED that evidence concerning an interaction between Karon Hylton-Brown and Mr. Sutton on the night of April 18-19, 2020 may not be offered into evidence at trial; it is

FURTHER ORDERED that evidence regarding Mr. Zabavsky's previous Driving While Intoxicated training may be offered into evidence at trial; it is

FURTHER ORDERED that the grand jury testimony of MPD Detective Victor DePeralta may not be offered into evidence as a statement of an opposing party under Rule 801(d)(2) of the Federal Rules of Evidence; it is

FURTHER ORDERED that the Court will decide at trial whether to admit Detective DePeralta's Major Crash Report; it is

FURTHER ORDERED that Mr. Sutton may offer evidence that he was authorized by Mr. Zabavsky to pursue Mr. Hylton-Brown. Mr. Sutton is not permitted to make a

legal argument that implies that authorization by Mr. Zabavsky to pursue Mr. Hylton-Brown is per se evidence of his innocence; it is

FURTHER ORDERED that defendants are permitted to offer good character evidence in the form of reputation and opinion testimony. Defendants' prior good acts in the form of commendations and awards may also be offered into evidence at trial; it is

FURTHER ORDERED that defendants may not introduce any evidence at trial related to (1) allegations of selective or unprecedented prosecution; (2) Brady violations by the government; and (3) potential consequences of prosecution; it is

FURTHER ORDERED that defendants may elicit testimony regarding community responses to Mr. Hylton-Brown's death only for the narrow purpose of impeachment; it is

FURTHER ORDERED that the parties may not introduce evidence or make any argument that involves a legal determination of a Terry stop, but evidence about Mr. Sutton's knowledge and training regarding Terry stops may be offered into evidence at trial; it is

FURTHER ORDERED that evidence about crime rates and criminal activity in the neighborhood where the events in this case took place may be offered into evidence at trial; it is

FURTHER ORDERED that evidence related to the Kennedy Street Crew or KDY, including "the beat book," law enforcement gang databases, music videos with Mr. Hylton-Brown, and any allegations of Mr. Hylton-Brown's connection to or membership in the Kennedy Street Crew or KDY, may not be offered into evidence at trial; it is

FURTHER ORDERED that any evidence related to Mr. Hylton-Brown's criminal arrest record may not be offered into evidence at trial; and it is

FURTHER ORDERED that the Court will decide at trial whether to admit evidence of Mr. Hylton-Brown's civil protective order and other legal action pending at the time of the events at issue in this case after reviewing a proffer from defendants. The Court will also decide at trial whether to admit evidence of information discovered about Mr. Hylton-Brown at the hospital or through his autopsy report.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: 11/2/22