UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | Case No. 1:21-cr-598-PLF |
| v. | : | |
| | : | |
| TERENCE SUTTON and | : | Hon. Paul L. Friedman |
| ANDREW ZABAVSKY | : | |
| | : | |
| Defendants | : | |

**ANDREW ZABAVSKY'S OBJECTIONS TO GOVERNMENT'S MOTION TO VINDICATE VICTIM RIGHTS MANDATED BY THE CRIME VICTIM'S RIGHTS ACT**

Comes Now Andrew Zabavsky and moves the Court to deny the Government's Motion to Vindicate Victim Rights Mandated by the Crime Victim's Rights Act. The CVRA does not mandate Ms. Hylton's presence in the courtroom for Zabavsky's charges and her continued presence jeopardizes his constitutional rights to a fair trial.

### Ms. Hylton's Presence Raises Due Process Concerns

The government's citation to the Crime Victim's Rights Act to argue that Hylton has a congressionally mandated right to be in the Courtroom throughout trial carries little weight. While a crime victim possesses rights, so does the defendant in a criminal case. Defendants in a criminal case possess a due process right to a fair trial. *See* U.S. Amend. V.

1

Through her actions, including but not limited to vocal comments, reactions, and interactions with witnesses, Ms. Hylton threatens to jeopardize the due process rights of the defendants.

These outbursts were first addressed by the court, who discussed that "if there are disruptions in the courtroom that affect [the jury's] ability to render a fair and impartial verdict and the defendants move for a mistrial… I am either going to grant the mistrial… or if I deny the motion for mistrial and there's a conviction, it's another issue for appeal." Transcript of PM Court Proceedings, 1:21-cr-598-PLF, October 26, 2022, at 87.  Since that initial warning, there have been a series of additional actions taken by Ms. Hylton, including staring repeatedly at defendants, emotional outbursts, and conversations with government witnesses as they leave the stand.

Furthermore, "no rule of federal criminal procedure allows intervention by third parties in a criminal proceeding." *New York Times Co., In Re*, 878 F.2d 67, 67 (2nd Cir. 1989).  While a defendant has no constitutional right to exclude witnesses from the courtroom (*Mathis v. Wainwright*, 351 F.2d 489, 489 (5th Cir. 1965), defendants are constitutionally entitled to a fair trial.

Ms. Hylton's presence in the courtroom, despite how it is portrayed in her writ of mandamus, has been a source of constant contention.  During the juror voir dire process, Ms. Hylton was observed "flipping the bird" to defendants and Zabavsky's counsel.  There were multiple reports of her speaking to a juror after they had been sworn in.  Even since the trial has started, the Court has had to

admonish Ms. Hylton on multiple occasions to not act up and prejudice the jury, including once for a hug with a witness in the presence of the jury. Still, Ms. Hylton continued acting up, determined to behave in a way such that she can prejudice the jury.

Ms. Hylton's rights under the Crime Victims Rights Act are not jeopardized by her removal from the Courtroom. From the alternative viewing room, she will still be able to observe all aspects of the trial, regardless of whether they present privileged information. The CVRA provides for these measures, stating that "the court shall make every effort to permit the fullest attendance possible by the victim and shall consider reasonable alternatives to the exclusion of the victim from the criminal proceeding." 18 U.S.C. § 3771(b). From the alternative room with video access of the trial, none of Ms. Hylton's rights are substantively altered.

Furthermore, throughout the COVID epidemic, the capacity for Courts to properly enable the viewing of hearings from alternative locations has vastly improved. With lower capacity in physical courtrooms, the Court established and improved the technology and techniques for attendance of hearings from outside the physical courtrooms. For that reason, Ms. Hylton's capacity for viewing remains minimally altered by the Court's order.

### The Crime Victim's Rights Act Does Not Apply to Zabavsky's Case

A crime victim is "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia," 18 U.S.C.

§ 3771(e)(2)(A). Ms. Hylton does not meet the definition of a victim of any crime allegedly committed by Lt. Zabavsky. The only potential victim of obstruction of justice or conspiracy to obstruct justice would be the government or specific government officials. Ms. Hylton does not meet those requirements. Therefore, Ms. Hylton has no rights to be present for Counts II and III, obstruction and conspiracy to obstruct justice.

## Conclusion

Ms. Hylton's continued presence in the courtroom during trial jeopardizes Zabavsky's constitutional right to due process. Ms. Hylton's presence goes against the Court's order on October 20, 2022, which found that no trial rights of either defendant were compromised by the joining of the murder charge (for which Ms. Hylton is a victim) and the obstruction and conspiracy charges (for which Ms. Hylton is not a victim). *See* Dkt. 318, at 8-9.

For these reasons, the Court must uphold its decision to exclude Ms. Hylton from being in the courtroom during trial proceedings and instead permit her to be present remotely.

Dated: November 3, 2022                    Respectfully submitted,

                                           */s/ Christopher Zampogna*
                                           Christopher A. Zampogna, #44985
                                           Abraham Bluestone, #1780408
                                           Zampogna, P.C.
                                           1776 K St NW, Ste 700
                                           Washington, DC 20006

        (202)223-6635
        caz@zampognalaw.com
        ab@zampognalaw.com
        Attorneys for Andrew Zabavsky