UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| | :    Case No: 1:21-cr-598-PLF |
| v. | : |
| | :    Judge Paul L. Friedman |
| TERENCE SUTTON, et al. | : |
| | : |
| Defendants. | : |

### TERENCE D. SUTTON, JR.'S OPPOSITION TO THE GOVERNMENT'S MOTION TO VINDICATE VICTIM RIGHTS MANDATED BY THE CRIME VICTIM'S RIGHTS ACT

Comes now, Officer Terence D. Sutton, Jr., through counsel, HANNON LAW GROUP, LLP, and submits this response in opposition to the government's Motion to Vindicate Victim Rights Mandated by the Crime Victim's Rights Act. [Dkt. 336]. The government asks this Court to allow the alleged victim of the charged offenses, Karen Hylton, to remain in the courtroom for the public proceedings in this matter. The government contends that Ms. Hylton has a statutory right to watch the trial in person which trumps Ofc. Sutton's constitutional right to a fair trial and due process.

Ms. Hylton's right to attend Ofc. Sutton's criminal trial is not unequivocal. Her right is a qualified right, and she is subject to exclusion from the trial if her attendance interferes with Ofc. Sutton's constitutional rights. In this instance, Ms. Hylton's exclusion from the proceedings is necessary to protect Ofc. Sutton's constitutional right to a fair trial. As the Supreme Court noted in *Turner v. Louisiana*, a basic requirement of due process is a fair trial in a fair tribunal. 379 U.S. 466, 472 (1965). Accordingly, any failure to afford the accused a fair trial violates even the minimal standards of due process. *In re Oliver*, 333 U.S. 257, 265 (1948). In criminal jury trials, like the one here, due process requires the court to protect against any "intrusion of factors

into the trial process that tend to subvert its purpose." *Estes v. Texas*, 381 U.S. 532, 552 (1965) (C.J. Warren, concurring). The verdict that the jury reaches is to be based on evidence presented at trial, which has been subject to the adversarial process, because that verdict may "deprive a man of his liberty or his life." *Turner*, 379 U.S. at 472. If the Court allows Ms. Hylton to remain in the courtroom for the remainder of this trial, there is a high likelihood that the basic guarantees of a fair jury trial will be compromised.

Ofc. Sutton's position is not that he has a constitutional right to exclude Ms. Hylton. Rather, it is that he is entitled to a fair trial under the Constitution, and his trial should be one in which he and the Court can be confident in the outcome. At this juncture, the only way to ensure that Ofc. Sutton's trial is constitutionally fair is by excluding Ms. Hylton from the courtroom and accommodating her rights under the CVRA by placing her in an adjacent courtroom to watch the trial live, via video stream. Only through these means will Ofc. Sutton be assured that any of Ms. Hylton's reactions or emotional responses already noted in the record will not be viewed by the jury or influence their ultimate verdict.

Additionally, Ofc. Sutton contends that Ms. Hylton's rights under the CVRA have not been hindered or violated whatsoever. The CVRA provides that "the court shall make every effort to permit the fullest attendance possible by the victim and shall consider reasonable alternatives to the exclusion of the victim from the criminal proceeding. The reasons for any decision denying relief under this chapter shall be clearly stated on the record." 18 U.S.C. § 3771(b)(1); see also Fed. R. Crim. P. 60(a)(2). Here, the Court has employed a reasonable alternative in lieu of excluding Ms. Hylton from the criminal proceedings entirely. The Court has taken into consideration both Ms. Hylton's right to attend the trial and Ofc. Sutton's constitutional right to a fair trial, and has afforded Ms. Hylton the opportunity to watch the

proceedings in real time in an adjacent courtroom.  Ofc. Sutton believes this is an adequate accommodation that ensures neither Ms. Hylton's nor Ofc. Sutton's rights are violated or compromised throughout the remainder of these proceedings.  By placing Ms. Hylton in an adjacent courtroom, she is still able to watch the trial in real time, and there is no longer a concern as to how her reaction to certain evidence or testimony will impact members of the jury and, thus, compromise the fairness of this trial.

The government also bears responsibility for this problem.  The prosecutors have represented that Ms. Hylton is in the company of a member of the U.S. Attorney's Office Victim Assistance Unit.  Yet, Ms. Hylton has been found in witness rooms, has embraced a witness departing from the courtroom and subject to recall, and was seen by several people speaking to a juror or jurors on the first day of trial.  Moreover, the record is replete with report of her staring at the defendants, mouthing epithets to them, and challenging Ofc. Sutton to "come outside."  The government is aware that Ms. Hylton has a criminal record, has given press conferences condemning Ofc. Sutton, and participated in the violent protest at the 4th District.  The government's failure to ensure a fair trial for Ofc. Sutton belies its request to "vindicate" Ms. Hylton's rights.

WHEREFORE, this Court should deny the government's motion and continue to accommodate the victim's mother by allowing her to view the trial in another courtroom via video.

Dated: November 3, 2022

Respectfully submitted,

HANNON LAW GROUP, LLP

*s/J. Michael Hannon*
J. Michael Hannon, #352526
Rachel E. Amster, #1618887
Harrison E. Richards, #1723607
1800 M Street, N.W., Suite 850 S
Washington, DC 20036
Tel: (202) 232-1907
Fax: (202) 232-3704
jhannon@hannonlawgroup.com
ramster@hannonlawgroup.com
hrichards@hannonlawgroup.com

*Attorneys for Defendant Terence D. Sutton, Jr.*