**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **Criminal No. 21-cr-598-PLF** |
| **TERENCE SUTTON and** | : | |
| **ANDREW ZABAVSKY,** | : | |
| | : | |
| **Defendants.** | : | |

**GOVERNMENT'S BENCH BRIEF CONCERNING**
**LESSER INCLUDED OFFENSE INSTRUCTIONS**

In its proposed jury instructions, the government noted that it reserved the right to request a jury instruction on involuntary manslaughter, as a lesser included offense of second-degree murder, at the close of the trial.  ECF 299, at 5.  The Court has now asked for legal authority on three questions related to instructing the jury on lesser-included offenses:  (1) whether involuntary manslaughter is a lesser included offense for second degree murder under the D.C. Code, and the effect on this analysis, if any, of *United States v. Williams*, 836 F.3d 1, (D.C. Cir. 2016); (2) the evidence required for the Court to grant such a request, should the government make the request; and (3) what happens if the government makes such a request and the defense opposes it.

As explained below, under applicable authority in both this Circuit, and the District of Columbia Court of Appeals, involuntary manslaughter is a lesser included offense of second degree murder, and the request must be granted if the evidence presented at trial would (1) support the jury's finding of the lesser included offense, and (2) the statutory element that distinguishes the charged crime from the lesser included offense is not beyond any factual dispute.

I.      **Involuntary Manslaughter Is a Lesser Included Offense of Second Degree Murder under D.C. Code § 22-2103**

It is well-settled that involuntary manslaughter is a lesser included offense of second-degree murder under the D.C. Code and in the D.C. Circuit when the murder is charged under a conscious-disregard theory.   *Donaldson v. United States*, 856 A.2d 1068, 1073 (D.C. 2004) ("Involuntary manslaughter is a lesser-included offense of second-degree murder."); *see also United States v. Comer*, 421 F.2d 1149, (D.C. Cir. 1970) ("Manslaughter has long been recognized as a lesser included offense within second degree murder."); *Belton v. United States*, 382 F.2d 150, 155 (D.C. Cir. 1967) ("manslaughter is a lesser included offense in murder").   As the D.C. Court of Appeals explained in *Donaldson*,

> "[A] homicide constitutes voluntary manslaughter where the perpetrator kills with a state of mind which, but for the presence of legally recognized mitigating circumstances, would render the killing murder" whereas, involuntary manslaughter occurs when a killing is committed without "a specific intent to kill or do serious bodily injury, or ... conscious disregard of an extreme risk of death or serious bodily injury." Comber [v. United States], supra, 584 A.2d at 42, 47 [(D.C. 1990)]. Specifically, "[t]he intent necessary to prove criminal negligence involuntary manslaughter is a 'lack of awareness or failure to perceive the risk of injury from a course of conduct under circumstances in which the actor should have been aware of the risk.' Thus, where the accused was aware of the risk of harm, but acted in conscious disregard of it, the killing is murder or voluntary manslaughter, and where the accused is not aware of the risk of harm, but should have been, the killing will be involuntary manslaughter." *1074 Boykins [v. United States], supra, 702 A.2d at 1250–51 [(D.C. 1997)] (quoting United States v. Bradford, 344 A.2d 208, 214 (D.C.1975)) (other citations omitted). The offense of involuntary manslaughter is not limited to those killings in which the perpetrator did not intend the conduct which caused the death, but encompasses those where the conduct was intentionally committed by an actor who should have been, but was not, aware of the risk of death or serious bodily injury. Comber, supra, 584 A.2d at 53.

856 A.2d at 1074-75.

These principles are reflected in Redbook instruction 4.213, which identifies involuntary manslaughter as "the lesser included offense" of a second degree murder charged under a conscious disregard theory, and explains that

> [t]he difference between second degree murder and involuntary manslaughter is in whether the defendant is aware of the risk.  To show guilt of second degree murder, the government must prove that [defendant] was aware of the extreme risk of death or serious bodily injury.

> For involuntary manslaughter, the government must prove, not that s/he was aware of the risk, but that s/he should have been aware of it.

Redbook Instr. 4.213, at 1 (2021 ed.).  The comment to the instruction then explains that "[t]he court should use this instruction when the charge is second degree murder based on a conscious disregard of an extreme risk of serious bodily injury, such as where driving is so reckless that it manifests a disregard for human life. . . .," *id.* at 2,  which is exactly analogous to the charged conduct in this case.    The comment also distinguishes the circumstances under which this instruction, should be used from cases where the theory of the second degree murder "shows an intent to kill or seriously injure, and in which voluntary manslaughter arising out of adequate provocation typically is the lesser included offense."  *Id.*

The D.C. Circuit's decision in *United States v. Williams*, 836 F.3d 1 (D.C. Cir. 2016), is in accord with this authority.  In that case, the defendant was charged with second degree murder under federal law, 18 U.S.C. § 1111(a), for his role in a death that occurred during a hazing ritual near a U.S. Air Force base in Germany.   He challenged his conviction at trial on the ground that the district court did not give the jury an instruction for manslaughter, under 18 U.S.C. § 1112(a), which he asserted was a lesser included offense.  In addressing this claim on appeal, the Court evaluated the two statutes, and observed that "[w]hether a defendant is convicted of second-degree murder, as opposed to involuntary manslaughter, depends on the presence of malice aforethought." *Williams*, 836 F.3d at 10.  For these purposes, "malice can be proven by a showing that . . . [the defendant] consciously disregarded an extreme risk of death or serious bodily injury."  *Id*.  The Court then explained the difference between these two statutes:

> While second-degree murder requires at least a conscious disregard of an extreme risk of death or serious injury, involuntary manslaughter requires that a defendant engage in reckless conduct that created an extreme risk of death or serious injury of which he should have been aware, but was not. See Proposed Jury Instructions 40–42, No. 1:09–cr–00026 (D.D.C. Oct. 19, 2010). In other words, the difference between second-degree murder and

> manslaughter "lies in the quality of awareness of the risk." United States v. Dixon, 419 F.2d 288, 293 (D.C. Cir. 1969) (Leventhal, J., concurring). The jury may infer that the defendant was aware of the risk from the surrounding circumstances. United States v. Cox, 509 F.2d 390, 392 (D.C. Cir. 1974).

*Williams*, 836 F.3d at 14.  Because these distinguishing features between second degree murder and involuntary manslaughter are the same under federal law and D.C. Code 22-2103, *Williams* supports the conclusion that involuntary manslaughter is a lesser included offense of D.C. second degree murder.

### II.    The Government is Entitled to a Lesser Included Instruction If Supported by the Trial Evidence

The necessary evidentiary threshold for a lesser included instruction is met "'where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense,'" *United States v. Comer*, 421 F.2d 1149, 1153 (D.C. Cir. 1970) (quoting *Sansone v. United States*, 380 U.S. 343, 350 (1965)), and "'there is evidence in the record to support a finding of guilt on [the lesser-included] offense.'" *Id.* (quoting *Belton v. United States*, 382 F.2d 150, 155 (D.C. Cir. 1967)).

Where the parties dispute the additional factual element required to prove the greater charged offense, there is a sufficient predicate to instruct the jury on the lesser included offense unless the evidence on the disputed element is so strong that a contrary jury finding "would be irrational."  *Comer*, 421 F.2d at 1154 (holding that in a second degree murder case where a manslaughter instruction is requested, "the inquiry is whether the evidence bearing on malice was so compelling and unequivocal on the issue that a jury finding of no malice would be irrational" as well as "whether there is any evidence fairly tending to bear upon the issue of manslaughter, however weak" including inferences on factual disputes that are drawn in part from the defense and in part from government witnesses); *see also United States v. Sinclair*, 444 F.2d 888, 889

(D.C. Cir. 1971) (factual basis for lesser included instruction satisfied where there is no conflict in testimony but the conclusion as to lesser offense is fairly inferable from the evidence).

In addressing this point, the D.C. Circuit has "repeatedly emphasized our conviction that the jury's role as fact-finder is so central to our jurisprudence that, in close cases, the trial court should generally opt in favor of giving an instruction on a lesser included offense, if it is requested." *Comer*, 421 F.2d at 1154. Accordingly, the bar for denying a lesser included offense instruction is high, and requires "[t]wo prerequisites," including "that there be no factual dispute" over the key element separating the lesser included offense from the charged offense, and "that a finding contrary to the only evidence on the issue would be irrational." *Id.* (quoting *Driscoll v. United States*, 356 F.2d 324, 327 (1st Cir. 1966)). The instant case before the Court, where the defense has presented evidence to challenge the government's proof of malice aforethought—the element that separates second degree murder from manslaughter--does not fall into the category of cases for which a lesser included instruction would not be warranted under this standard. *Compare Comer,* 421 F.2d at 1155 (reversing second degree murder conviction for denial of manslaughter instruction because "even if an inference of malice was permissible on the basis of the evidence . . . it was certainly not compelled"), *with Belton v. United States*, 382 F.2d 150, 156 (D.C. Cir. 1967) (affirming denial of manslaughter instruction in first degree murder case where the jury was instructed only on first and second degree murder because "the [manslaughter] charge requested was objectionable as based on speculation without foundation in the evidence").

### III. Where the Evidentiary Predicate is Met, the Court Must Instruct the Jury on the Lesser Included Offense if Requested by Either Party, Even if the Other Objects

Federal Rule of Criminal Procedure 31(c) provides that "a defendant may be found guilty of . . . an offense necessarily included in the offense charged." This Rule "may be availed of, *as*

*of right*" by either the prosecution or a criminal defendant so long as there is an adequate evidentiary predicate established at trial. *Comer,* 421 F.2d at 1153 (emphasis added). As the D.C. Circuit explained,

> [i]n general the trial judge should withhold charging on lesser included offense unless one of the parties requests it, since that charge is not inevitably required in our trials, but it is an issue best resolved, in our adversary system, by permitting counsel to decide on tactics. If counsel ask for a lesser-included-offense instruction, it should be freely given.

*Walker v. United States*, 418 F.2d 1116, 1119 (D.C. Cir. 1969); *see id.* ("The Rule, and its legislative forbear, proceed on the premise that the overall interest of justice lies in permitting an instruction of a lesser offense 'necessarily included in the offense charged,' and permitting the prosecution to seek a verdict on that offense even though it has failed to convince the jury of some element of the greater offense named in the indictment."). Here, where an adequate evidentiary predicate exists for the lesser included offense of involuntary manslaughter, there would no ground for denying a request for that instruction.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:     */s/ Risa Berkower*
AHMED BASET
IL Bar No. 6304552
RISA BERKOWER
NY Bar No. 4536538
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
601 D St., N.W.
Washington, D.C. 20532
Phone: (202) 252-7097 (Baset)
          (202) 252-6782 (Berkower)
Email: Ahmed.Baset@usdoj.gov
          risa.berkower@usdoj.gov