UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>TERENCE SUTTON   )<br>and   )<br>ANDREW ZABAVSKY,   )<br>)<br>Defendants.   )<br>) | Criminal No. 21-0598 (PLF) |

MEMORANDUM OPINION AND ORDER

In an email to the Court and all counsel on December 7, 2022, counsel for defendant Terence Sutton stated that Mr. Sutton plans to call Maureen O'Connell to testify at trial on December 8, 2022. See Email from J. M. Hannon (Dec. 7, 2022). The email states that "Ms. O'Connell is the Director [of] The Policy and Standards Branch (PSB) of the Strategic Change Division, [which] develops and publishes Department policy and directives. The mission of the Policy and Standards Branch is to provide members of the Department with clear and timely direction on the Department's policy and procedures. She will testify that MPD General Orders are policy statements and not law." Id.

The government raised an objection to Ms. O'Connell's testimony in open court on December 7, 2022, arguing that testimony that "MPD General Orders are policy statements and not law" should be excluded. See Transcript of Jury Trial, December 7, 2022 (Afternoon Session) ("Dec. 7 Tr.") at 63:19-64:8, 65:18-66:3. Counsel for the government stated that "[i]n our view, that is something that the Court is available to instruct the jury on, and I think we've expected the Court would instruct the jury on from the outset. So if that's her anticipated

testimony, it is unclear to us why we need her at all." Id. at 64:4-8. The government further stated that "we all are in agreement that it's not the law. We will not be opposing an instruction to that effect which, in turn, obviates the need to have Ms. O'Connell testify at all." Id. at 65:25-66:3.

The Court agreed with the government and orally ruled that Ms. O'Connell's testimony will be excluded in full. See Dec. 7 Tr. at 67:10. In explaining its reasoning, the Court stated the following:

> [W]e have had lots of witnesses already who have testified about what the MPD General Orders are, that they're guidance, that they're standards they apply, that they're things they're taught on, that they're supposed to follow them, that the two General Orders that were most prominently discussed can work side by side and are both supposed to be followed.
>
> It's been said by fact witnesses, by expert witnesses, by officials high up who are, some of whom are also fact witnesses. And I think there's also a fair amount of testimony that the defense may find helpful from some of the witnesses who testified who said, yeah, you're supposed to follow them but sometimes there is, stuff happens. And there are some number of witnesses in the last week or so who -- I'm paraphrasing obviously -- who have said things like that.

Id. at 64:11-65:1. The Court further questioned what Ms. O'Connell "is [] adding to the mix that hasn't already been said by people who have testified as experts and people who have actually been fact witnesses who had something to say." Id. at 65:3-6. Before making its final ruling, however, the Court gave counsel for Mr. Sutton the opportunity to file a brief on this issue, which he declined. See id. at 67:1-6.

The Court now reiterates its oral ruling that testimony that "MPD General Orders are policy statements and not law" will be excluded at trial. To start, despite Mr. Sutton's argument that this is "not a matter of whether it's cumulative. It's a matter of qualitativeness

[because] [s]he's the head of the food chain," Dec. 7 Tr. at 66:5-7, the Court concludes that this testimony risks "needlessly presenting cumulative evidence" under Rule 403 of the Federal Rules of Evidence, which substantially outweighs its probative value. FED. R. EVID. 403. More importantly, it gets close to the line between standards and law, and the Court has ruled that no witness – lay or expert – can opine on the law. See United States v. Sutton, Crim. No. 21-0598, 2022 WL 13940371, at *19 (D.D.C. Oct. 23, 2022) ("The Court will instruct the jury on the law, as relevant."); United States v. Sutton, Crim. No. 21-0598, 2022 WL 16960338, at *9-11 (D.D.C. Nov. 16, 2022) (excluding all expert testimony on "legal conclusions").

Furthermore, the Court has already twice instructed the jury on the proper use of the MPD General Orders, and it will do so again before jury deliberations. The Court gave the following jury instruction before the testimony of experts Robert Drago and Carolyn Totaro:

> I'm going to give you an instruction right now. There will be more instructions at the end of the case, obviously.
>
> The government previously has introduced evidence regarding certain MPD general orders. And one in particular is the MPD general order on vehicular pursuits. The next witness is an expert witness called by the government. The MPD general orders set internal policy for the Metropolitan Police Department. The general orders are not laws. They're provisions that are administered exclusively by the Metropolitan Police Department.
>
> It is up to you whether to accept or reject this evidence that you're about to hear, and any testimony from any witnesses about the Metropolitan Police Department general order on vehicular pursuits. If you find, at the end of the case, when you deliberate, that one or more of the officers on trial violated this general order, you may consider the general order. And the relevant training is only one factor in deciding whether the defendants had the necessary mental state, state of mind underlying the crimes charged.
>
> And I gave you preliminary instructions on the crimes charged before we started. I will give you more detailed instructions on the crimes and on the law generally at the close of the case.

> You may not find either defendant guilty of anything merely because they violated the general order, if you conclude that they did violate the general order.

Transcript of Jury Trial, November 3, 2022 (Afternoon Session) at 51:23-52:24 (Drago instruction); see also Transcript of Jury Trial, November 15, 2022 (Afternoon Session) at 8:5-25 (Totaro instruction).

In accordance with its oral ruling in open court on December 7, 2022, Ms. O'Connell will be precluded from testifying that "MPD General Orders are policy statements and not law" and any related matters. Mr. Sutton may call Ms. O'Connell, however, if she has relevant testimony to offer on other issues.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: 12/8/22