**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **Criminal No. 21-cr-598-PLF** |
| **TERENCE SUTTON and** | : | |
| **ANDREW ZABAVSKY,** | : | |
| | : | |
| **Defendants.** | : | |

<u>**GOVERNMENT'S PROPOSED CHARGE-SPECIFIC JURY INSTRUCTIONS**</u>

The Court has ordered the parties to file their final proposed charge-specific jury instructions and their final proposed jury verdict forms.  ECF No. 394.  The Government proposes the Court instruct the jury consistent with its own October 24, 2022, proposal (Conspiracy), and October 25, 2022, proposals (Second Degree Murder and Obstruction), and include the Redbook instruction for involuntary manslaughter, the lesser included offense of second degree murder.[1]

**I.      The Court Should Instruct the Jury on Second Degree Murder and Obstruction As Set Forth in Its October 25, 2022, Proposals**

The Court circulated proposed instructions for Counts One (Second Degree Murder) and Three (Obstruction) on October 25, 2022. The Government has no objection to either proposal and also requests the instruction for involuntary manslaughter, the lesser included offense of second degree murder, as discussed below.  As the Court recalls, it gave these versions of the instructions (except with the lesser included offense) to the jury in its preliminary instructions. 10/25/22 Trial Tr. at 27-33 (Morning Session).

---

[1] Attached as Exhibit A is the Court's Second Degree Murder Instruction with the Redbook Instruction for the lesser included offense added. Attached as Exhibit B is the Court's Obstruction Instruction.  Attached as Exhibit C is the Court's proposed Conspiracy Instruction – with the overt acts at issue included.

The Court's proposal for Count One appropriately follows the law in the D.C. Court of Appeals decision in *Fleming v. United States*, 224 A.3d 213 (D.C. 2020). In *Fleming*, an *en banc* D.C. Court of Appeals clarified that, "for the purposes of the District of Columbia's homicide statutes, 'kill' means 'cause death'" *Id*. at 220-21. This Court has recognized that the D.C. Court of Appeals decision in *Fleming* is authoritative for purposes of the second degree murder charge in this prosecution.  *See* Oral Ruling Denying Motion to Dismiss, Tr. 8/3/21, at 7:13-11:8 (noting that Fleming "is the most recent statement of the law on second degree murder in the District of Columbia.  The District of Columbia Court of Appeals is the highest court of a "state", quote unquote, for purposes of common law crimes, DC Code offenses.  So I rely on the majority opinion by Judge McLeese. . . .").  There is no legal or factual basis to modify the instruction.

### a.  Defendants' Proposed Second Degree Murder Instruction is Contrary to Law And Inconsistent with the Applicable Redbook Instruction

Just as it was when the Court rejected it before, the defendants' proposed second degree murder instruction, ECF No. 299 at 19, is contrary to law and inconsistent with the Redbook Instruction 4.213 (Homicide – Second Degree Murder and Criminal-Negligence Involuntary Manslaughter). First, the government objects to the defense description of the mens rea required to commit murder in the second degree.  There is no reason to deviate from the standard Redbook Instruction, 4.213, which accurately describes the mens rea to commit murder in the second degree as requiring, "conscious disregard of an extreme risk of death or serious bodily injury."

The defense proposal is also inaccurate in so far is it purports to cite to the Redbook Instruction, confusing, and misleading as a matter of law.  It describes the mens rea as "malice aforethought" and then offers three different definitions, but at the same time concedes that only one is alleged.  There is no valid reason to include the other two; they could only confuse the jury. And, it is misleading to suggest that the other two definitions should apply. The very cases the

2

defendant cites affirm that "in the District of Columbia," malice aforethought, "exists only where the perpetrator was subjectively aware that his or her conduct created an extreme risk of death or serious bodily injury, but engaged in that conduct nonetheless." *Comber v. United States*, 584 A.2d 26, 39 (D.C. 1990).  In other words – the very law the Defendant cites confirms that the Redbook Instruction should be used.  Indeed, *Logan v. United States* makes clear that "malice…cannot be equated with specific intent to kill," which is the very first way the defense proposal inaccurately defines it. *Logan v. United States*, 483 A.2d 664, 670 (D.C. 1984).

### b.  Defendant's Proposed Obstruction Instruction is Contrary to Law

The October 25, 2022, proposal for Obstruction of Justice in violation of 18 U.S.C. § 1512(b)(3) correctly states, as the fourth element, that "[t]hat the information [whose communication the obstructive activity was meant to prevent] related to the commission or the possible commission of a federal offense."

Throughout these proceedings, defense counsel has repeatedly suggested that for the jury to find obstruction, Defendant Sutton must be charged with a federal offense. This is not so. Rather, as this Court has repeatedly ruled, under the plain language of the statute charged, 18 U.S.C. § 1512(b)(3), the government need only prove that the defendant acted "with intent to . . . hinder, delay or prevent the communication . . . of information relating to the commission or *possible* commission of a Federal offense."  18 U.SC. § 1512(b)(3) (emphasis added); *see* Memorandum Opinion and Order, ECF 318, at 8 ("As the Court has already stated, the obstruction of justice statute does not require that any civil rights investigation or offense actually have occurred let alone that one be pled in the indictment.  The government need only charge and prove possible existence of a federal crime and a defendant's intention to thwart an inquiry into that crime.").  Here, given the facts of the incident—a civilian death at the end of a police pursuit

undertaken under color of law—the *possible* commission of a federal offense by the defendant was a federal civil rights crime under 18 U.S.C. § 242, which, in turn was within the jurisdiction of federal agents at the U.S. Attorney's Office to investigate.  And this was specifically established by evidence in the case, including with testimony from MPD IAD Det. Della Camera and USAO-DC Investigator Ricardi. Because there is no requirement under the statute that the government prove that a federal crime occurred to convict under § 1512(b)(3), it is immaterial that no § 242 charge was ultimately brought against the defendant.  18 U.S.C. § 1512(b)(3); ECF 318, at 8.

## II.    The Court Must Include the Instruction for Involuntary Manslaughter as the Lesser Included Offense of Second Degree Murder

As discussed in the Government's prior briefing, ECF No. 388, once requested by the Government, this Court must instruct on the involuntary manslaughter, as the lesser included charge of second degree murder**.** The appropriate instruction is Redbook Instruction 4.213, which states, with the appropriate identifiers for this case:

> "The elements of involuntary manslaughter, each of which the government must prove beyond a reasonable doubt, are that:
>
> 1.   Defendant Sutton caused the death of Karon Hylton-Brown;
>
> 2.   The conduct which caused the death was a gross deviation from a reasonable standard of care; and
>
> 3.   The conduct that caused the death created an extreme risk of death or serious bodily injury.
>
> The difference between second degree murder and involuntary manslaughter is in whether the defendant is aware of the risk. To show guilt of second degree murder, the government must prove that Defendant Sutton was aware of the extreme risk of death or serious bodily injury. For involuntary manslaughter, the government must prove, not that s/he was aware of the risk, but that s/he should have been aware of it.
>
> You should consider first whether Defendant Sutton is guilty of second degree murder. If you find him guilty, do not consider manslaughter. If you find him not guilty, go on to consider involuntary manslaughter."

Exhibit A incorporates such a lesser-included component into the instruction the Court already held was proper and gave the jury.

4

### III.     The Court Should Include the Overt Acts in Its Conspiracy Instruction

This Court circulated a proposed jury instruction for Count Two, Conspiracy in violation of 18 U.S.C. § 371, on October 24, 2022, and instructed the jury pursuant to that proposal on October 25, 2022. The instruction is consistent with Redbook Instruction 7.102, and supported by the facts and law, with one exception: it did not include the specific charged overt acts. Attached as Exhibit C is the instruction, with the overt acts included.[2]  As noted in Redbook Instruction 7.102, the third element should identify the overt acts alleged in the indictment. *Id.*[3]

This instruction also appropriately addresses unanimity for the conspiracy charge. The Defendants have been charged with Conspiracy, in violation of 18 U.S.C. § 371.  Section 371 requires proof of an overt act. 18 U.S.C. § 371 ("[A]nd one or more of such persons do any act to effect the object of the conspiracy."); *United States v. Hitt*, 249 F.3d 1010, 1015 (D.C. Cir. 2001) (discussing the elements of conspiracy). Both Redbook Instruction 7.102 (Conspiracy: Basic Instruction), and the Court's October 24, 2022, proposal address how the Court should instruct the jury with regard to the overt acts, and both instructions explicitly address unanimity. *See, e.g.,* Redbook Instr. 7.102 ("One of the people involved in the conspiracy did something for the purpose

---

[2] One of the charged overt acts is Defendant Sutton's drafting of a traffic crash report that minimized the extent of the observable injuries to Hylton-Brown. ECF No. 1 at ¶ 47 (Indictment). This is the second of three briefs the parties were ordered to file by the Court in its December 9, 2022, Order.  ECF No. 394. In the first of the Government's briefs, the Government identified the Redbook Instructions from its prior submission, ECF No. 299 that are no longer relevant. Consistent with that submission, Redbook Instruction 2.210 (False or Inconsistent Statement by Defendant) remains relevant.  The Government inadvertently failed, however, to flag for the Court that it is, in fact, applicable, given the false police report filed by Defendant Sutton.

[3] In lieu of reading the overt acts in the instruction as Redbook Instruction 7.102 requires,  the Court may, "prefer to provide, as an appendix, the list of overt acts that the jury may consider in assessing whether the third element of conspiracy has been proven beyond a reasonable doubt. The jury should be instructed that the appendix is not evidence but is provided merely as an aid to the jury." *Id.*

of carrying out the conspiracy. This something is referred to as an overt act. The charged overt act[s] [is] [are] [*describe charged overt act[s]*]. The government need not prove that all of these overt acts were taken, but in order to find the defendant guilty, *you must all agree on at least one overt act that was done*.) (emphasis added); October 24, 2022, Court Proposal, and 10/25/22 Trial Tr. at 30 (Morning Session) ("The government does not need to prove that all of the alleged overt acts were actually done or taken, but in order to find the defendants guilty, *you must unanimously agree on at least one overt act that was done*." ) (emphasis added).

The Indictment contains multiple overt acts. ECF No. 1 at ¶ 34-48.  Here, the charged overt acts are similar and interrelated: they all relate to the actions undertaken by Sutton and Zabavsky on October 23-24, 2020, to document and report the pursuit that caused Karon Hylton-Brown's death. Thus, a special unanimity instruction beyond that reflected the Court's proposal is not required. *See United States v. Hubbard*, 889 F.2d 277, 278 (D.C. Cir. 1989) (No special unanimity instruction required where the overt acts are similar and interrelated); *see also United States v. Mangieri*, 694 F.2d 1270, 1280 (D.C. Cir. 1982) ("[F]ederal courts have concluded that  a general instruction on the requirement of unanimity suffices to instruct the jury that they must be unanimous on whatever specifications they find to be the predicate of the guilty verdict.") (collecting cases).

As noted above, in cases such as this one, where there are multiple charged overt acts, in lieu of reading the overt acts in the instruction as Redbook Instr. 7.102 requires, the Court may provide the jury with an appendix identifying them.  It is not required to list the overt acts on the verdict form when, as here, only one conspiracy is charged. *See United States v. Brian Bailey and David Paitsel*, D.D.C. Case No. 19-cr-156 (CKK) at ECF No. 244 (Verdict Form) (multiple overt acts alleged); *United States v. Eddie Kahn, et.al.*, D.D.C. Case No. 8-271 (RCL) at ECF No. 328

(Verdict Form) (numerous overt acts alleged as to each conspiracy count); *c.f. United States v. Brown*, No. Case No. 07-75 (CKK), 2007 WL 2007513, at *6 (D.D.C. July 9, 2007) (verdict form may contain the overt acts to avoid unanimity concerns when multiple conspiracies are charged). Attached as Exhibit D is the Government's proposed verdict form.

### IV.    The Court Should Give the Redbook Instructions for Causation and Aiding and Abetting

In its prior submission, the Government requested that the Court give the Redbook Instructions for aiding and abetting and causation together with the charge-specific instructions. The Government maintains this is correct as a matter of law, and attaches them here as Exhibits E and F.

### V.    Conclusion

For the reasons set forth herein, the Court should instruct the jury as proposed by the Government.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:    */s/ Ahmed Baset*
AHMED BASET
IL Bar No. 6304552
RISA BERKOWER
NY Bar No. 4536538
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
601 D St., N.W.
Washington, D.C. 20532
Phone: (202) 252-7097 (Baset)
          (202) 252-6782 (Berkower)
Email: Ahmed.Baset@usdoj.gov
          risa.berkower@usdoj.gov