UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>TERENCE SUTTON )<br>  and )<br>ANDREW ZABAVSKY, )<br>)<br>Defendants. )<br>) | Criminal No. 21-0598 (PLF) |

## MEMORANDUM OPINION AND ORDER

The National Fraternal Order of Police moved for leave to file an amicus curiae brief in support of Defendant Terence Sutton's post-trial motions, and attorney Larry H. James moved for leave to appear pro hac vice on behalf of the National Fraternal Order of Police. See Motion of Amicus Curiae National Fraternal Order of Police for Leave to File an Amicus Curiae Brief in Support of Defendant Terence Sutton's Post-Trial Motions ("Mot. to File Amicus Curiae Brief") [Dkt. No. 464]; Motion for Admission of Attorney Pro Hac Vice [Dkt. No. 463].

On May 1, 2023, the Court issued a Minute Order directing the parties to respond to the motion for leave to file an amicus curiae brief and motion to appear pro hac vice. Defendants Terence Sutton and Andrew Zabavsky expressed their support for these motions. See Zabavsky's Response in Support of Motion for Amicus Curiae Brief and Motion for Appearance Pro Hac Vice [Dkt. No. 469]; Terence D. Sutton, Jr.'s Notice in Response to the Court's Minute Order of May 1, 2023 Regarding Submissions to the Court on Behalf of the National Fraternal Order of Police [Dkt. No. 470].

The government apparently tried to respond to the Court's Minute Order, but its submission was not properly filed on the docket. See Notice of Filing [Dkt. No. 473]. The Court thus did not learn of the government's opposition to the above-referenced motions until after the Court had already granted the motions. See Order of May 15, 2023 [Dkt. No. 472]. Notwithstanding the arguments raised in the government's opposition, the Court will not reconsider its decision to allow the National Fraternal Order of Police to participate as amicus curiae in this case.

The government first argues that amicus curiae briefs are not contemplated in criminal cases under this Court's Local Rules. Government's Opposition to Motion of National Fraternal Order of Police for Leave to File an Amicus Curiae Brief in Support of Defendant Sutton's Post Trial Motions ("Gov't Opp.") [Dkt. No. 473-1]. Although the government is correct that there is no Local Criminal Rule that explicitly authorizes the participation of amici curiae, "[c]ourts have wide discretion in deciding whether to grant a third party leave to file an amicus brief." Matter of Search of Information Associated with [redacted]@mac.com that is Stored at Premises Controlled by Apple, Inc., 13 F. Supp. 3d 157, 167 (D.D.C. 2014); see Jin v. Ministry of State Sec., 557 F. Supp. 2d 131, 136 (D.D.C. 2008) ("District courts have inherent authority to appoint or deny amici.") (quoting Smith v. Chrysler Fin. Co., L.L.C., Civil Action No. 00-6003, 2003 WL 328719, at *8 (D.N.J. Jan. 15, 2003)). Courts in this circuit have consistently concluded that amici curiae submissions are permitted in criminal cases. See, e.g., United States v. Fokker Servs. B.V., 818 F.3d 733, 740 (D.C. Cir. 2016); In re Flynn, 973 F.3d 74, 81 (D.C. Cir. 2020) ("[P]recedent and experience have recognized the authority of courts to appoint an amicus to assist their decision-making in similar circumstances, including in criminal cases.").

The government next argues that the issues raised in the amicus curiae brief are not "relevant to the disposition of the case." Gov't Opp. at 1; see id. at 2 (arguments presented in the amicus curiae brief are "simply irrelevant"). The government reasons that the National Fraternal Order of Police objects to the second degree murder jury instructions given in this case and that the validity of the jury instructions is "not properly before the Court in connection with the pending motions." Id. at 1. Under Rule 33, the Court may "vacate any judgment and a grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). The United States Court of Appeals for the D.C. Circuit has held that "[t]rial courts enjoy broad discretion in ruling on a motion for new trial" and that "granting a new trial motion is warranted . . . where 'a serious miscarriage of justice may have occurred.'" United States v. Wheeler, 753 F.3d 200, 208-09 (D.C. Cir. 2014) (quoting United States v. Rogers, 918 F.2d 207, 213 (D.C. Cir. 1990)). Among the many arguments that counsel for Mr. Sutton has raised, he argues that the Court improperly denied his proposed jury instructions about constitutional policing and that "the jury was given no instructions as to how to determine the standard of care" for police officers. See Terence D. Sutton's Motion for a New Trial and Arrest of Judgment [Dkt. No. 449] at 19, 32. As another judge of this Court has held, "a clearly erroneous and prejudicial jury instruction could well necessitate a new trial." United States v. Adams, 150 F. Supp. 3d 32, 36 (D.D.C. 2015). The legal issues raised in the amicus curiae brief are relevant to Mr. Sutton's motion for a new trial.

The government also argues that the National Fraternal Order of Police has failed to demonstrate "why the movant's position is not adequately represented by a party," which it says amici curiae must demonstrate when filing pursuant to the Local Civil Rules. LOCAL CIV. R. 7(o)(2); Gov't Opp. at 2. But district courts have "wide discretion" in determining whether third parties can participate as amici curiae in criminal cases. See, e.g., Matter of Search of

Information Associated with [redacted]@mac.com, 13 F. Supp. 3d at 167.  Moreover, as courts in this circuit have previously stated, an amicus curiae brief "should normally be allowed . . . when the amicus has an interest in some other case that may be affected by the decision in the present case."  Jin v. Ministry of State Sec., 557 F. Supp. 2d at 137 (quoting Ryan v. Commodity Futures Trading Comm'n, 125 F.3d 1062, 1064 (7th Cir. 1997)); Hard Drive Productions, Inc. v. Does 1-1, 495, 892 F. Supp. 2d 334, 337 (D.D.C. 2012).  The National Fraternal Order of Police represents 365,000 member officers across the country, whose interests may be implicated by the Court's decision in this case.  Mot. to File Amicus Curiae Brief at 6.

    For the foregoing reasons, the Court declines to revisit its decision to grant the Motion of Amicus Curiae National Fraternal Order of Police for Leave to File an Amicus Curiae Brief in Support of Defendant Terence Sutton's Post-Trial Motions [Dkt. No. 464] and Motion for Admission of Attorney Pro Hac Vice [Dkt. No. 463].

    SO ORDERED.

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

DATE: 5/16/23