UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 21-0598 (PLF) |
| TERENCE SUTTON | ) |
| and | ) |
| ANDREW ZABAVSKY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

MEMORANDUM OPINION AND ORDER

The jury in this case returned a verdict on December 21, 2022. The parties submitted extensive post-trial briefing on motions under Rule 29, Rule 33, and Rule 34 of the Federal Rules of Criminal Procedure. The parties also submitted extensive briefing on several additional issues, including motions for Brady sanctions, to compel discovery, and to dismiss the indictment for prosecutorial misconduct.

The parties appeared for oral argument on May 17, 2023, and June 5, 2023. During the June 5, 2023 argument, the government requested that the Court set a date for sentencing. The government reiterated its request for a sentencing date in several written submissions. See Status Report [Dkt. No. 493]; Government's Response to Defendants' Objection to Setting a Sentencing Date [Dkt. No. 494]; Status Report [Dkt. No. 501]; Government's Motion for Sentencing Date [Dkt. No. 507]. The government argued that "to indefinitely delay setting a sentencing hearing date runs contrary to the public's interest in the administration of justice." Government's Response to Defendants' Objection to Setting a Sentencing Date [Dkt. No. 494] at 1.

Defendants Terence Sutton and Andrew Zabavsky objected to the government's request to schedule a sentencing date before the resolution of the post-trial motions and suggested that the government's request to schedule a sentencing date "rush[ed] the Court to overlook the significant issues now raised on post-trial motions." See Defendants' Objection to Setting a Sentencing Date [Dkt. No. 492] at 4.

The Court scheduled sentencing for January 9, 2024 and set a schedule for written submissions related to sentencing. See Memorandum Opinion and Order of September 5, 2023 [Dkt. No. 508]. The Court noted, however, that if "more time is necessary for the fair and careful resolution of the pending motions – or for the presentation of arguments related to sentencing – the Court can and will postpone future hearing dates." Id. at 1; see Order of June 30, 2023 [Dkt. No. 498] at 2.

The Court has subsequently resolved numerous post-trial motions, including two motions for Brady sanctions, two motions to compel additional discovery, and one motion to dismiss the indictment for prosecutorial misconduct. See Opinion and Order of September 8, 2023 [Dkt. No. 509]; Opinion and Order of September 26, 2023 [Dkt. No. 510]; Opinion and Order of October 3, 2023 [Dkt. No. 515]. The only post-trial motions that remain are Mr. Sutton's and Mr. Zabavsky's motions for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, and their motions for new trial and arrest of judgment under Rule 33 and Rule 34 of the Federal Rules of Criminal Procedure.

On October 26, 2023, Mr. Sutton and Mr. Zabavsky moved to stay the deadlines for filing written submissions regarding sentencing, which would necessarily result in delaying the sentencing date. See Defendants' Joint Motion to Stay Presentence Investigation Report

Defendants Terence Sutton and Andrew Zabavsky objected to the government's request to schedule a sentencing date before the resolution of the post-trial motions and suggested that the government's request to schedule a sentencing date "rush[ed] the Court to overlook the significant issues now raised on post-trial motions." See Defendants' Objection to Setting a Sentencing Date [Dkt. No. 492] at 4.

The Court scheduled sentencing for January 9, 2024 and set a schedule for written submissions related to sentencing. See Memorandum Opinion and Order of September 5, 2023 [Dkt. No. 508]. The Court noted, however, that if "more time is necessary for the fair and careful resolution of the pending motions – or for the presentation of arguments related to sentencing – the Court can and will postpone future hearing dates." Id. at 1; see Order of June 30, 2023 [Dkt. No. 498] at 2.

The Court has subsequently resolved numerous post-trial motions, including two motions for Brady sanctions, two motions to compel additional discovery, and one motion to dismiss the indictment for prosecutorial misconduct. See Opinion and Order of September 8, 2023 [Dkt. No. 509]; Opinion and Order of September 26, 2023 [Dkt. No. 510]; Opinion and Order of October 3, 2023 [Dkt. No. 515]. The only post-trial motions that remain are Mr. Sutton's and Mr. Zabavsky's motions for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, and their motions for new trial and arrest of judgment under Rule 33 and Rule 34 of the Federal Rules of Criminal Procedure.

On October 26, 2023, Mr. Sutton and Mr. Zabavsky moved to stay the deadlines for filing written submissions regarding sentencing, which would necessarily result in delaying the sentencing date. See Defendants' Joint Motion to Stay Presentence Investigation Report

Deadlines [Dkt. No. 518] at 1; Government's Opposition to Defendants' Joint Motion to Stay Presentence Investigation Report Deadlines ("Gov't Opp.") [Dkt. No. 519] at 2.

The government opposes this request. The government argues that "there is no ground for vacating the sentencing schedule." Gov't Opp." at 2. The government asserts that the "public's interest in expeditious resolution of litigation" counsels against delaying sentencing in this case. Id. at 3 (quoting Shea v. Donohoe Const. Co., 795 F.2d 1071, 1076 (D.C. Cir. 1986)). The government further suggests that proceeding with sentencing before the resolution of all outstanding post-trial motions will "comport with the routine practice in this District." Gov't Opp. at 3.

Rule 32 of the Federal Rules of Criminal Procedure provides that the Court "must impose sentence without unnecessary delay," but that the Court "may, for good cause, change any time limits prescribed by this rule." FED. R. CRIM. P. 32(b)(1), (2). The Court concludes that the breadth and seriousness of the issues presented in the Rule 29, Rule 33, and Rule 34 motions both necessitate a delay in sentencing and provide good cause for vacating the current sentencing schedule. As the Court previously explained, it will "give all the issues raised in the post-trial filings careful consideration." Order of June 30, 2023 [Dkt. No. 498] at 2. The Court has determined that "more time is necessary for the fair and careful resolution of the pending motions." Id. It is hereby

ORDERED that the sentencing date and briefing schedule set forth in the Court's Memorandum Opinion and Order of September 5, 2023 [Dkt. No. 508] are VACATED; it is

FURTHER ORDERED that the Defendants' Joint Motion to Stay Presentence Investigation Report Deadlines [Dkt. No. 518] is DENIED AS MOOT; and it is

FURTHER ORDERED that the Court shall set a sentencing hearing date and a schedule for written submissions related to sentencing after the Court resolves the outstanding Rule 29, Rule 33, and Rule 34 motions.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: 12/1/23