UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 21-0598 (PLF) |
| TERENCE SUTTON | ) | |
| and | ) | |
| ANDREW ZABAVSKY, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

The Court has before it Karen Hylton's Emergency Motion of Crime Victim to Prevent Unreasonable Delay ("Emergency Mot.") [Dkt. No. 546]; Defendant Andrew Zabavsky's Memorandum in Opposition to the Emergency Motion ("Zabavsky Opp.") [Dkt. No. 548]; Karen Hylton's Reply to Opposition of Defendant Zabavsky ("Hylton Reply") [Dkt. No. 550]; Defendant Terence Sutton's Opposition to the Emergency Motion ("Sutton Opp.") [Dkt. No. 551]; Karen Hylton's Reply to Opposition of Defendant Sutton ("Hylton Second Reply") [Dkt. No. 552]; and the Government's Response to the Emergency Motion ("Govt. Resp.") [Dkt. No. 553].

Ms. Hylton argues that the sentencing of the defendants in this case has been unreasonably delayed subject to correction under the Crime Victims' Rights Act ("CVRA"). See 18 U.S.C. § 3771(a)(7) (affording a crime victim the right to "proceedings free from unreasonable delay"). Mr. Sutton and Mr. Zabavsky oppose the motion, arguing that Ms. Hylton is not a "crime victim" under the statute. See Zabavsky Opp. at 1-2; Sutton Opp. at 8. The government asserts that Ms. Hylton is entitled to relief under the statute, and that sentencing in

this case is "long overdue." Govt. Resp. at 1. For the foregoing reasons, the Court will grant in part and deny in part Ms. Hylton's motion.

## I. BACKGROUND

In December 2022, after a nine-week trial, a jury convicted defendant Terence Sutton of the second degree murder of Karon Hylton-Brown, conspiracy to obstruct justice, and obstruction of justice, and defendant Andrew Zabavsky of conspiracy to obstruct justice and obstruction of justice. See Verdict Form [Dkt. No. 426]. Since their convictions, defendants have filed multiple post-trial motions seeking relief from the verdict and have reasonably requested the Court to delay sentencing until the motions were fully resolved. See December 1, 2023 Memorandum Opinion and Order [Dkt. No. 524] (detailing the procedural history regarding the scheduling of a sentencing hearing). On December 6, 2023, the Court issued an opinion resolving the defendants' Rule 29 motions for judgment of acquittal. See December 6, 2023 Opinion and Order [Dkt. No. 526] (denying defendants' Rule 29 motions and setting forth the facts found by the jury). On January 25, 2024, the Court issued an opinion resolving defendants' Rule 33 and Rule 34 motions. See January 25, 2024 Opinion and Order [Dkt. No. 530] (denying defendants' Rule 33 and 34 motions). It also issued an order scheduling a sentencing hearing for June 26, 2024, and set deadlines for the United States Probation Office ("Probation Office") to file its presentence investigation report and the parties to file their sentencing memoranda. See January 25, 2024 Order [Dkt. No. 531].

On May 1, 2024, the Probation Office filed draft presentence investigation reports as to both Mr. Sutton and Mr. Zabavsky. See Draft Presentence Report as to Terence Sutton ("Sutton PSR") [Dkt. No. 533]; Draft Presentence Report as to Andrew Zabavsky ("Zabavsky PSR") [Dkt. No. 534]. On May 9, 2024, Mr. Zabavsky filed a motion to extend the deadline for

the filing of his objections to the presentence investigation report by five days. Zabavsky's Motion to Modify the Sentencing Scheduling Order [Dkt. No. 535]. The same day, Mr. Sutton filed a consent motion requesting the same extension of time. Consent Motion to Modify the Sentencing Schedule Order [Dkt. No. 536]. The Court granted both motions. Minute Orders of May 9, 2024. On May 10, 2024, the government filed its objections to each presentence investigation report. Government's Objections to Sutton PSR [Dkt. No. 538]; Government's Objections to Zabavsky PSR [Dkt. No. 539]. On May 15, 2024, Mr. Sutton and Mr. Zabavsky each filed their objections. Zabavsky's Objections to Draft Presentence Report ("Zabavsky PSR Objections") [Dkt. No. 542]; Sutton's Objections to Draft Presentence Report ("Sutton PSR Objections") [Dkt. No. 543]. After reviewing the very substantial objections raised by both the defendants and the government, the Court vacated the sentencing hearing date, set new deadlines for the filing of a revised draft and final presentence investigation report and of objections from the parties. The Court then scheduled a new sentencing hearing for September 11, 2024. May 24, 2024 Order [Dkt. No. 545].

## II.  DISCUSSION

The CVRA enumerates various rights afforded to victims of crime, including the right to be reasonably heard at any public proceeding in the district court and the right to proceedings free from unreasonable delay. 18 U.S.C. § 3771(a)(4), (a)(7). Ms. Hylton asserts that the Court's decision to postpone the sentencing hearing until September 11, 2024 creates an unreasonable delay.

### A. Ms. Hylton is a victim within the meaning of the CVRA

A person may be a "crime victim" for the purposes of the CVRA if they are "directly and proximately harmed as a result of the commission of a federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e)(2)(A).[1] To determine whether an individual is a victim under the CVRA, the Court must engage in a two-step analysis: (1) identify the behavior constituting the commission of the offense, and (2) identify the direct and proximate effects of that behavior on parties other than the United States. See United States v. Giraldo-Serna, 118 F. Supp. 3d 377, 382 (D.D.C. 2015). This requires a finding that the commission of the offense was both the but-for and the proximate cause of the harm, the latter of which requires that the harm was a reasonably foreseeable consequence of the criminal conduct. Id. at 383; see also In re Fisher, 640 F.3d 645, 648 (5th Cir. 2011). For a person who was not the primary victim of the crime, "a party may qualify as a victim, even though it may not have been the target of the crime, as long as it suffers harm as a result of the crime's commission." In re Stewart, 552 F.3d 1285, 1289 (11th Cir. 2008).

In this case, the Court disagrees with the defendants and agrees with Ms. Hylton that she is a victim of both Mr. Sutton and Mr. Zabavsky's offenses. Mr. Sutton was convicted of the murder of Ms. Hylton's son, Karon Hylton-Brown, and, as the mother of the decedent, Ms. Hylton has surely suffered as a result of Mr. Sutton's conduct. The jury found that were it not for Mr. Sutton's actions, Ms. Hylton's son would be alive today. "Congress crafted the CVRA to recognize the harm and anguish suffered by victims of crime." In re de Henriquez, 2015 WL 10692637, at *2 (D.C. Cir. Oct. 16, 2015). When those victims are deceased, the harm is

---

[1] If the victim of a crime is deceased, an individual may also be entitled to the protections of the CVRA if they are a legal guardian or family member of the decedent. 18 U.S.C. § 3771(e)(2)(B).

4

primarily done to the families and communities that they leave behind. It is eminently foreseeable that the mother of a deceased child will experience significant pain and grief.

Mr. Zabavsky's actions also harmed Ms. Hylton. Mr. Zabavsky's obstruction of justice delayed the investigation and prosecution of the events leading to Mr. Hylton-Brown's death. His conduct in not ensuring the preservation of evidence at the crash scene, not promptly notifying senior Metropolitan Police Department officials, and affirmatively misleading the watch commander – all to conceal details of the crash – deprived Ms. Hylton of seeing swifter justice for her son's murder. Furthermore, as Ms. Hylton emphasizes, it was foreseeable that obstructing justice would "hinder accountability for the crime, which is precisely what the family members of the decedent seek for some measure of comfort and justice." Hylton Reply at 2. This is more than sufficient to establish her eligibility under the statute.

## B.   *The delays in sentencing are not unreasonable*

While Ms. Hylton therefore is a victim entitled to petition for relief under the CVRA, the Court finds that the delays in sentencing have not been unreasonable. To assess the reasonableness of the timeline for proceedings, the Court must balance the victim's interest in avoiding unreasonable delay against a defendant's right to file post-trial motions and the government's right to defend against them – particularly in a case like this, where the jury trial took nine long weeks and the Court issued 28 written opinions before and during trial because of significant issues raised by the parties. While a court should not permit delay for the "mere convenience" of the parties, see United States v. Turner, 367 F. Supp. 2d 319, 334 (E.D.N.Y 2005) (citing legislative history), it must be remembered that the CVRA only gives victims "a voice but not a veto." Id. at 331. The government and the defendants have rights as well. United States v. Tobin, 2005 WL 1868682 at *2 (D.N.H. 2005).

As noted, the Court reasonably agreed to delay sentencing during the pendency of the defendants' post-conviction motions for relief, but it issued a scheduling order for sentencing on the very same day that it ruled on the final outstanding motions, the defendants' motions under Rule 33 and 34.  <u>See</u> January 25, 2024 Order.  And because of the contentious nature of the case – engendering strong emotions both within Ms. Hylton's community and within the police community – the Court scheduled a date to hear arguments on sentencing and Sentencing Guidelines issues on a day separate from the date on which it will actually impose the sentences.  The Court will want a day or two to carefully deliberate before making its determination as to what are fair and just sentences under the circumstances.

The Court anticipated that the parties would be prepared to present arguments at a sentencing hearing on June 26, 2024.  The Probation Office filed its draft presentence investigation reports on May 1, 2024, but both the government and defendants raised significant objections.  Normally, the next step would be for the Probation Office to consider the parties' objections and file its final presentence investigation reports, making changes and adjustments as appropriate and explaining why it had rejected other objections.  But instead, the Court asked the Probation Office to prepare a revised <u>draft</u> presentence investigation report.  In view of the substantial work already done by the Probation Office, why, Ms. Hylton asks, did the Court order "a complete reset," Hylton Reply at 5, and order a revised <u>draft</u> report, rather than proceed in the normal course.  She deserves an answer to that question.

Frankly, it is the fault of counsel for the parties—both government counsel and defense counsel.  The Probation Office did not attend the nine-week jury trial, so was able to provide only a cursory and incomplete statement of the offense conduct in the draft presentence investigation report.  <u>See</u> Sutton PSR ¶¶ 9-24; Zabavsky PSR ¶¶ 7-22.  Mr. Sutton devotes more

6

than half of his eighteen pages of objections to explaining why the Probation Office got the facts wrong. Sutton PSR Objections at 2-11; see also Zabavsky PSR Objections at 1-5. For its part, nearly all of the government's objections explain why the Probation Office got the law wrong – the statutory maximum in the case of the D.C. Code offense and the Sentencing Guidelines computations with respect to the federal offenses. See Government's Objections to Sutton PSR at 2-4; Government's Objections to Zabavsky PSR at 2-3. All of this could have been avoided if counsel for the parties had been proactive during their conversations with the Probation Office as it prepared its draft reports.

The inaccuracies in the draft presentence investigation reports could easily have been prevented had the parties provided the Probation Office with (1) a copy of the Court's 98-page Rule 29 opinion, which set out in great detail the testimony of the witnesses and other evidence at trial; (2) the most relevant portions of the final jury instructions, particularly the instructions relating to the elements of obstruction of justice, 18 U.S.C. § 1512(b)(3), especially elements (4) and (5), see Jury Instructions [Dkt. No. 435] at 30; and (3) any relevant opinions this Court issued before and during the trial. Because of the parties' lack of initiative on these matters, the Probation Office now requires time to correct the draft presentence investigation reports, both the fact section and its Guidelines calculations.

Finally, while this case is extremely important to the parties, to Ms. Hylton, and to the community, it is not the only case to which the Probation Office must devote its attention. There have been approximately 1,400 January 6 cases filed in this Court to which many Probation Office resources have been and continue to be directed. The Probation Office is overtaxed and overworked, with probably ten times its normal workload. Furthermore, it must prioritize its work for detained defendants over those of defendants who have been released on

bond. The delay in sentencing in this case by a measure of months is not unreasonable under the circumstances.

III.  CONCLUSION

The Court recognizes Ms. Hylton's right as a victim to bring a claim under the CVRA, but it does not agree with her assertion that the delay in sentencing in this case is unreasonable. Nevertheless, in order to accommodate her interests and her right to proceedings free from unreasonable delay, the Court will revise the schedule for sentencing procedures set forth in its Order of May 24, 2024. Accordingly, it is hereby

ORDERED that Ms. Hylton's motion [Dkt. No. 546] is GRANTED IN PART AND DENIED IN PART; it is

FURTHER ORDERED that the United States Probation Office shall submit a revised draft presentence investigation report on or before June 28, 2024; it is

FURTHER ORDERED that the parties shall file any objections to the revised draft presentence report on or before July 11, 2024; it is

FURTHER ORDERED that the United States Probation Office shall submit the final presentence investigation report on or before July 22, 2024; it is

FURTHER ORDERED that counsel for the government, Mr. Sutton, and Mr. Zabavsky shall each submit memoranda in support of sentencing on or before August 2, 2024; it is

FURTHER ORDERED that counsel for the government shall submit a response to Mr. Sutton and Mr. Zabavsky's sentencing memoranda on or before August 12, 2024; it is

FURTHER ORDERED that counsel for Mr. Sutton and Mr. Zabavsky shall submit responses to the government's sentencing memoranda on or before August 22, 2024; it is

8

FURTHER ORDERED that the parties shall appear in person for a sentencing hearing on August 27, 2024 at 10:00 a.m. in Courtroom 29 in the William B. Bryant Annex to the E. Barrett Prettyman Courthouse at 333 Constitution Ave, N.W., Washington, D.C. 20001; and it is

FURTHER ORDERED that the parties shall appear for sentencing itself on August 29, 2024 at 10:00 a.m. in Courtroom 29 in the William B. Bryant Annex to the E. Barrett Prettyman Courthouse at 333 Constitution Ave, N.W., Washington, D.C. 20001.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 6/5/24