UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
UNITED STATES OF AMERICA                      )
                                              )
        v.                                    )       Criminal No. 21-0598 (PLF)
                                              )
TERENCE SUTTON                                )
        and                                   )
ANDREW ZABAVSKY,                              )
                                              )
                Defendants.                   )
_____    )

OPINION AND ORDER

This matter is before the Court on defendant Terence Sutton's Eleventh Motion to
Compel Discovery ("Mot. to Compel") [Dkt. No. 560].  The government opposes the motion.
Government's Opposition to Terence Sutton's Eleventh Motion to Compel Discovery ("Govt.
Opp.") [Dkt. No. 562].  After carefully considering the parties' filings and the relevant case law,
the Court will deny the motion.[1]

_____

[1]    The filings reviewed in relation to this motion include:  Zabavsky's Notice to Join
Defendant Sutton's Motion to Compel Brady Materials [Dkt. No. 568]; Terence Sutton's
Redacted and Amended Reply in Support of His Eleventh Motion to Compel Discovery ("Sutton
Rep.") [Dkt. No. 590]; Terence Sutton's Motions Hearing Brief ("Sutton Brief") [Dkt. No. 605];
Proposed Order to Provide Brady Information ("Proposed Order") [Dkt. No. 606]; Government's
Response to Court's July 15, 2024, Order ("Govt. Resp.") [Dkt. No. 619]; Terence Sutton's
Supplemental Memorandum in Response to the Court's Order of July 15, 2024, and in Support
of His Eleventh Motion to Compel Discovery ("Sutton Supp.") [Dkt. No. 620]; Motion to Extend
the Time for Filing His Sentencing Memorandum ("Mot. to Extend Time") [Dkt. No. 621];
Government's Reply to Defendant Sutton's Supplemental Briefing in Response to Court's July
15, 2024, Order ("Govt. Rep.") [Dkt. No. 622]; Reply to Government's Opposition to Extending
Time for Filing Sentencing Memorandum [Dkt. No. 623]; Reply to Government Brady Response
and Notice of Filing to Correct Record that the Motion to Compel is Not Limited to Rule 16
Discovery [Dkt. No. 625].

## I.   BACKGROUND

In December 2022, a jury convicted Mr. Sutton of the second degree murder of Karon Hylton-Brown, conspiracy to obstruct justice, and obstruction of justice.  See Verdict Form [Dkt. No. 426].  Sentencing is scheduled for September 10, 2024, and September 11, 2024. See Memorandum Opinion and Order [Dkt. No. 559].  Mr. Sutton now seeks discovery of several items that he asserts are relevant to the Court's imposition of a fair sentence, including, generally, evidence obtained by the government in its prosecution of the Kennedy Street Crew ("KDY") United States v. Kenneth Ademola Olugbenga, et al., Criminal No. 23-CR-202 (BAH), as well as Instagram data and messages for an account alleged to have belonged to Mr. Hylton-Brown, and information relating to Mr. Hylton-Brown's own criminal history and alleged involvement in the KDY gang.  See Proposed Order. [2]

The Court heard oral argument on the motion to compel on July 12, 2024, and then requested that the parties provide additional briefing on several specific items requested and one question of law.  See Memorandum Opinion and Order of July 15, 2024 [Dkt. No. 609].[3]

---

[2]     The government has provided evidence casting doubt on whether the account actually belonged to Mr. Hylton-Brown, particularly because the account was accessed and used for several months after Mr. Hylton-Brown's death.  See  Govt. Resp. at 1-2.

[3]     With respect to the Court's inquiry about the admissibility of statements of the United States Attorney for the District of Columbia and his Assistants under Rule 801(d)(2) of the Federal Rules of Evidence as statements of a party opponent, the government has emphasized, and the Court concurs, that the Court need not decide the question, since the Federal Rules of Evidence do not apply to sentencing proceedings.  See Govt. Resp. at 7.  But importantly, the government will not contest the reliability of any such statements if offered by defense counsel at sentencing.  Id.

## II.  LEGAL STANDARDS

Mr. Sutton seeks the production of evidence that he claims is subject to the mandates of both Rule 16 of the Federal Rules of Criminal Procedure and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  While these mandates may cover overlapping categories of evidence, the standards for each are distinct.

### A. Rule 16

In relevant part, Rule 16 provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.

FED. R. CRIM. P. 16(a)(1)(E).  Under Rule 16, evidence is material to preparing a defense "as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal."  <u>United States v. Marshall</u>, 132 F.3d 63, 68 (D.C. Cir. 1998) (quoting <u>United States v. Lloyd</u>, 992 F.2d 348, 351 (D.C. Cir. 1993)).  Material evidence "is not limited to evidence that is favorable or helpful to the defense and does not immunize inculpatory evidence from disclosure."  <u>United States v. Safavian</u>, 233 F.R.D. 12, 15 (D.D.C. 2005).  A defendant's burden to demonstrate materiality is not a "heavy" one, <u>see</u> <u>United States v. Slough</u>, 22 F. Supp. 3d 1, 4 (D.D.C. 2014), and the government "cannot take a narrow reading of the term 'material' in making its decisions on what to disclose under Rule 16".  <u>United States v. Safavian</u>, 233 F.R.D. at 15.  Indeed, "Rule 16 is intended to provide a criminal defendant 'the widest possible

opportunity to inspect and receive such materials in the possession of the Government as may aid him in presenting his side of the case.'" Id. (quoting United States v. Poindexter, 727 F. Supp. 1470, 1473 (D.D.C. 1989)).

Nevertheless, to be material, "the evidence must bear 'more than some abstract logical relationship to the issues in the case.'" United States v. Slough, 22 F. Supp. 3d at 5 (quoting United States v. Marshall, 132 F.3d at 69). The evidence sought must "be related 'to refutation of the government's case in chief,' and not 'to establishment of an independent . . . bar to the prosecution." United States v. Apodaca, 287 F. Supp. 3d 21, 39 (D.D.C. 2017) (quoting United States v. Rashed, 234 F.3d 1280, 1285 (D.C. Cir. 2000)); see also United States v. Armstrong, 517 U.S. 456, 462 (1996). A defendant's speculation about what might possibly exist in the government's files is no substitute for the requirement that they provide sufficient justification as to the materiality of the evidence. Otherwise, the government is forced to engage in a "broad, time-consuming, and burdensome fishing expedition." United States v. Apodaca, 287 F. Supp. 3d at 39; see also United States v. Brock, 628 F. Supp. 3d 85, 101 (D.D.C. 2022).

In addition to being material, for evidence to be subject to Rule 16, it must be within the government's possession, custody, or control. See FED. R. CRIM. P. 16(a)(1)(E). This means that "the prosecution must turn over everything in its possession or custody or control, regardless of the original source of the document or other object." United States v. Safavian, 233 F.R.D. at 15. The government, however, "cannot be required to disclose evidence that it neither possesses nor controls." United States v. Marshall, 132 F.3d at 68.

### B. Brady

Under Brady, the government is required to disclose to the defense "any evidence in its possession that is favorable to the accused and material either to a defendant's guilt or

punishment." <u>United States v. Trie</u>, 21 F. Supp. 2d 7, 23 (1998).  The government has an affirmative duty to search for favorable evidence and to learn of favorable evidence known to others acting on its behalf.  <u>United States v. Safavian</u>, 233 F.R.D. at 16 (citing <u>Kyles v. Whitley</u>, 514 U.S. 419, 437 (1995)).  The government is not obligated, however, "to deliver its entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial." <u>United States v. Bagley</u>, 473 U.S. 667, 675 (1985).

"Favorable" evidence includes evidence that is either "exculpatory" or "impeaching." <u>United States v. Robinson</u>, 68 F.4th 1340, 1347 (D.C. Cir. 2023) (quoting <u>Strickler v. Greene</u>, 527 U.S. 263, 281-82 (1999)).  Evidence is only material for <u>Brady</u> purposes if the defendant can demonstrate prejudice, that is, "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." <u>United States v. Safavian</u>, 233 F.R.D. at 16 (quoting <u>Strickler v. Greene</u>, 527 U.S. at 280).  "[T]here is never a real <u>Brady</u> violation unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." <u>Strickler v. Greene</u>, 527 U.S. at 281 (cleaned up).  Thus, it follows logically that a defendant may not claim a <u>Brady</u> violation in the context of sentencing, where the outcome of the trial has already been determined.

III. ANALYSIS

*A. Items 3, 5, and 6*

The Court will first consider items 3, 5, and 6 listed in Mr. Sutton's Proposed Order, as further elucidated by the parties' replies to Questions 1 and 2 of the Court's Memorandum Opinion and Order of July 15, 2024.  They are the Instagram account alleged to have belonged to Mr. Hylton-Brown and its communications with other Instagram users, and the

information obtained by the government in the course of its investigation and prosecution of the KDY gang, including references to Mr. Hylton-Brown or Mr. Sutton.

With respect to the content of and communications involving the Instagram account alleged to have belonged to Mr. Hylton-Brown, the government has made clear that the requested data is not within its possession, custody, or control for the purposes of Rule 16, or in its possession with respect to the Brady analysis.  The government requested that Instagram, a third party provider, preserve the account "so that it would exist if the government later developed evidence sufficient to search that account for evidence of a criminal offense."  Govt. Resp. at 1-2.  But the government did not in fact search the account or seek a warrant to conduct such a search of the account or its contents, finding no reason to do so in the course of the KDY gang investigation and prosecution.  Id.  The government may not now sua sponte issue a search warrant for the purposes of permitting Mr. Sutton to access the account.  The government has no authority to issue search warrants; only courts do.  And the government has no obligation to seek a warrant for information which the government does not believe it needs in order to investigate or prosecute a case.  See Govt. Rep. at 1-2.

Furthermore, irrespective of the fact that the government is not in possession or control of the Instagram data, such evidence is not "material" within the meaning of Rule 16 or Brady.  The contents of an Instagram account that may or may not have belonged to Mr. Hylton-Brown, and any communications between that account and others belonging to KDY gang members, bear no more than an abstract logical relationship to Mr. Sutton's case.  See United States v. Slough, 22 F. Supp. 3d at 5.  There is no reasonable connection between the Instagram account – of which Mr. Sutton was unaware at the time of the offense – and Mr. Sutton's defense in this case, that the government failed to prove that he acted recklessly, consciously

disregarding the risk of death or bodily injury to Mr. Hylton Brown.  This precludes discovery

under Rule 16.  Furthermore, since the production of this evidence would not have resulted in a

different outcome at trial for Mr. Sutton, no <u>Brady</u> violation occurred.

As to the information obtained by the government in its investigation and

prosecution of the KDY gang, items 3 and 5 of Mr. Sutton's Proposed Order – while it is clearly

within the government's possession and/or control – there is no reason to believe that this

evidence would have been material to Mr. Sutton's defense under Rule 16, for the same reasons

just discussed.  And even if a <u>Brady</u> violation were logically feasible at this stage of the

proceedings, Mr. Sutton cannot make a reasonable claim that disclosure would have led to a

different result at trial. As the Court has already made clear:

> General investigative information about the Kennedy Street Crew is
> not relevant to determining whether Mr. Sutton acted with conscious
> disregard of a serious risk of death or serious bodily harm [during
> the chase].  The conduct of the Kennedy Street Crew is wholly
> unrelated to Mr. Sutton's subjective knowledge of whether he was
> driving dangerously on the night of the incident.  Nor do the general
> activities of the Kennedy Street Crew or investigations of it alter the
> reasonable standard of care applicable to Mr. Sutton.

<u>United States v. Sutton</u>, Crim. No. 21-0598, 2022 WL 1202741, at *10 (D.D.C. April 22, 2022).

This is true regardless of whether the KDY gang investigation file references Mr. Hylton-

Brown's conduct prior to his death, or the conduct of Mr. Hylton-Brown or Mr. Sutton on the

night of the offense, none of which would be probative of Mr. Sutton's recklessness.[4]  As to

<u>Brady</u>, there is no indication that this information would have had any bearing on the outcome at

trial for Mr. Sutton, or that it would even have been favorable to him—it is simply irrelevant.

---

[4]     This holds equally true for items 11 and 13 of Mr. Sutton's Proposed Order,
which also request information gathered in the course of the government's investigation of the
KDY gang and do not have any relationship to Mr. Sutton's own conduct on the night of the
offense.

### B.   *Additional Discovery Requests*

In his motion to compel, Mr. Sutton makes certain additional requests for discovery, as delineated in his Proposed Order.  See also Mot. to Compel.  Virtually all of Mr. Sutton's requests relate to Mr. Hylton-Brown's alleged relationship with the KDY gang, and most of them are premised on the facts that members of the KDY gang have now been indicted and that the government was aware of the KDY gang investigation during or shortly after Mr. Sutton's trial and failed to disclose it.  That being said, Mr. Sutton still must show some relevance of the information sought to his own trial for second degree murder in this case.  As the government emphasizes, there must be some evidentiary link between what Mr. Sutton was convicted of having done on October 23, 2020 – and his reckless state of mind or intent – and the conduct of other KDY gang members as alleged in their separate prosecution in the Olugbenga case before Judge Howell.  Otherwise, Mr. Sutton is simply engaging in a fishing expedition without satisfying his obligation to show materiality.  See United States v. Apodaca, 287 F. Supp. 3d at 39-40.  Furthermore, while couched as a discovery request, many of Mr. Sutton's requests appear to be an effort to obtain information this Court excluded as irrelevant at trial in an attempt to relitigate the Court's earlier evidentiary rulings.  These are matters he can raise with the court of appeals.

The requests in items 1 and 2 of Mr. Sutton's Proposed Order – for "all" discovery provided in the case before Judge Howell and "all" Instagram messages obtained by the government in its investigation of that case – are so broad as to hardly mask the fact that the defense is just fishing.  As for items 4 and 13 – all information obtained in the course of that investigation referring to Mr. Sutton and statements of KDY gang members regarding Mr. Hylton-Brown and Mr. Sutton – the government has represented that there simply was none.

Specifically, the government states that "the prosecution team reviewed the [Metropolitan Police Department] files concerning Hylton-Brown and searched the U.S. Attorney's Office for additional information linking Hylton-Brown to the KDY gang. The relevant information identified was produced to the defense. A recent review of the <u>Olugbenga</u> file found only one reference to [Mr. Hylton-Brown] [on a list of "Other Members & Associates" of the KDY gang]." Govt. Opp. at 6. Moreover, as repeatedly addressed above, the requested evidence is simply immaterial to Mr. Sutton's culpability for his actions on October 23, 2020.

As for items 7 and 8, this information was disclosed to Mr. Sutton in pre-trial discovery in this case. The requested video was produced months before trial, along with related investigative reports, as the government reported to the Court at oral argument on July 12, 2024. Item 9 is a spreadsheet (actually, two spreadsheets, according to the government) relating to Mr. Hylton-Brown being included in the so-called "Beat Book" and allegedly on a so-called "validated" list of gang members. This information was also disclosed by the government in pre-trial discovery in this case, with redactions of personally identifying information of other alleged KDY gang members. The same is true with respect to relevant criminal history reports relating to Mr. Hylton-Brown, as identified in item 12.

With respect to items 10 and 11, while the government has not confirmed whether the requested records have already been provided to defense counsel, the material – police reports for vehicular pursuits in the Fourth District which resulted in arrests or criminal prosecutions which were not reported to the Metropolitan Police Department's Internal Affairs Division and police reports and radio communications related to the pursuit of Kenneth Olugbenga – they are immaterial to Mr. Sutton's defense in this case. There are simply no

grounds upon which these records could have an evidentiary link to Mr. Sutton's state of mind during the chase, or to his ultimate conviction.

## IV. CONCLUSION

Mr. Sutton's motion fails for several reasons, primary among them that the evidence he seeks, relating to the investigation and prosecution of the KDY gang, and Mr. Hylton-Brown's alleged involvement in their criminal enterprise, has no bearing on the central issue of his guilt in this case. They were neither material to the preparation of his defense at trial in this case, nor is there any reasonable probability that their disclosure would have changed the outcome of the trial. The Court will not further delay sentencing to permit Mr. Sutton to engage in a fishing expedition.

For all of these reasons, it is hereby

ORDERED that Mr. Sutton's Eleventh Motion to Compel Discovery [Dkt. No. 560] is DENIED.

SO ORDERED.

DATE: 8/2/24

PAUL L. FRIEDMAN
United States District Judge